IN THE UNTIED STTES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
AUSTIN DIVISION



| | |
|---|---|
| LOUIS ROUSSET, § § § PLAINTIFF, § § v. § § AT&T INC, § AND § YAHOO INC, § § DEFENDANTS. § § | NO. A14CV0843 LY Jury |

PLAINTIFF'S FOURTH AMENDMENT COMPLAINT

TO THE HONORABBLE UNITED STATES DISTIRCT JUDGE:

COMES NOW LOUIS ROUSSET, the plaintiff in the above-styled and numbered cause of action, PRO-SE plaintiff and hereby complains of defendants AT&T INC, and YAHOO INC., and for cause of action would respectfully show unto the Court as follows:

I. PARTIES

1. Plaintiff Louis Rousset, an individual who resides in Texas, may be served directly as a PRO- SE counsel.
2. Defendant Randall L. Stephenson Chairman/CEO of AT&T may be served prospectively at 208 South Akard Street Dallas, TX 75202, 210-283-1260 or wherever else he may be found.
3. Defendant Marissa Mayer CEO Yahoo Corporate Office & Headquarters may be served prospectively at 701 First Ave Sunnyvale CA 94089 Yahoo (408) 731-3300, or wherever else she may be found.
4. Defendants AT&T a Texas corporation and YAHOO INC. a California corporation, are both domestic for profit corporations that are licensed to conduct business in Texas. Defendants have

1

not been served with process, and will be served upon case number provided to Plaintiff by this Honorable Court upon Plaintiffs filing.

## II. JURISDICTION

5. This Court possesses federal question jurisdiction over the instant cause of action. 28 U.S.C. 28 § 1331. This cause of action arises from the plaintiffs recent notification by the media, that the National Security Agency and or the Federal Bureau of Investigations through an NSL letter is demanding of the plaintiffs internet and phone company providers AT&T/Yahoo for personal e-mail data, without a probable cause hearing or a warrant from a Federal Judge.

6. The plaintiff has been informed that the NSA/FBI has sent 35 or more "NSL" letters to AT&T/Yahoo. Plaintiff has been an AT&T customer for 13 years, account number 102978989. With no action by these companies to protect plaintiffs privacy rights.

7. When the plaintiffs found out that his e-mail and web browsing and that of his families was being read and plaintiffs browsing history was being monitored and data collected by third parties and the NSA and AT&T/Yahoo without a probable cause hearing and/or a warrant from a federal judge, plaintiff believes that his 4TH Amendment right to privacy under the United States Constitution was violated. The plaintiffs after great trepidation sent a **Demand letter** to AT&T/Yahoo to sese and desist from violating plaintiff's 4TH Amendment right to privacy, through certified US postal mail on 06/16/2014 to AT&T. AT&Ts response was by a phone message on Tuesday June 5TH, 2014 10:37am, Manager Gwendolyn Jones office of the president indicated NSA/FBI NSL requests and AT&T data collection are: "proprietary information" and AT&T complies with all laws regarding NSL letters. Plaintiff responded by phone message numerous times with no response from Ms. Jones; indicating to Ms. Jones to please sese and desist any and all data collection from me and my family in writing or plaintiff would seek federal judicial civil action against AT&T/Yahoo. Plaintiff also request the number of times his e-mail and that of his family and web browsing data was monitored and read by third parties and AT&T/Yahoo and the NSA. To date plaintiff has had no response from AT&T. It is the plaintiffs understanding that The US Supreme Court (US v. Katz 389 US 347) has made it clear that this core privacy protection does cover government eavesdropping, and plaintiff would hope this applies to corporations. United States Code Title 50, Chapter 36, Subchapter 1 Section 1809. Criminal sanctions (a) Prohibited activities: (c) Penalties; An offense described in this section is

2

punishable by a fine of not more than $10,000 or imprisonment for not more than five years, or both.

8. The Plaintiff hereby asserts a cause of action under Texas Statutory law, which the court possess supplemental jurisdiction, 28 U.S.C. § 1367. Furthermore; there is Federal jurisdiction over an offense under this section if the person committing the offense was an officer or employee of the United States at the time the offense was committed. Plaintiffs assert AT&T/Yahoo/NSA and third parties have violated this statue, and a U.S. District Judge Susan Illston concluded in her ruling on a separate case that NSLs are in direct violation of 4TH Amendment, First Amendment and separation of powers principles.

### III. VENUE

9. Venue lies in the Austin Division of the United States District Court for the Southern District of Texas, as the Austin Division of the Southern District of Texas is the federal judicial division and district in which a substantial part of the events or omissions underlying this cause of action arose, 28 U.S.C. § 1391(e). Furthermore venue is proper in this division and district because this division and district is in the place:

(1) in which NSA/AT&T and Yahoo are alleged to have committed unlawful violation of plaintiffs 4TH Amendment right to privacy, (2) theft of customer e-mail for monetary gain from 3rd party vendors, under Theft, Section 1705 of Title 18 of the U.S. Code, (3) AT&T violated privacy act when they obtained e-mail correspondence from my doctor Jon Smedley, violated Privacy Act of 1974 (5 U.S.C. 552a.), and (4) AT&T/Yahoo obtained e-mail correspondence from Attorneys Winkler & Harvey which violated rule 501 PRIVILEGE and the Privacy Act of 1974 (5 U.S.C. 552a), (5) NSA/AT&T/Yahoo violated plaintiffs 1ST Amendment right; due to the gag order provisions of the NSL statute, which will not allow dissemination of the NSL letter. 97% of NSLs come with a nondisclosure order, violating 1st amendment right of all U.S. Citizens. (6) Plaintiff asserts that AT&T/Yahoo has read his e-mails according to the media and is in violation of 18 U.S.C. obstruction of correspondence, according to the statute: anyone who "pries into the business or secrets of another, or opens or secretes mail "is guilty of said offense. AT&T has used the excuse that they use "proprietary information" to not provide plaintiff answer to his demand letter. (7) Plaintiff asserts that AT&T has a Fiduciary duty to plaintiff as a customer to protect any and "all" Constitutional Rights and Federal Statutes; just as the customer has a

fiduciary duty to AT&T and follows AT&T guidelines. A fiduciary has engaged in a relationship with his/her client that includes a trust and obligation (duty) to act only in that client's best interests – without gain or benefit to the fiduciary. It is Plaintiffs understanding that a fiduciary is prohibited from personally benefiting from his/her fiduciary position. Furthermore, the fiduciary is obligated to keep him/her consciously free of any conflicts of interest. AT&Ts "unreasonable business practice" failed to take the government to court over NSL letters and the collection of e-mail data and web browsing data collected by third parties within the United States by NSA/AT&T and Yahoo. AT&T has sought Retroactive Immunity and essentially conspiring with the NSA. AT&Ts collection of data created a conflict of interest to its customers in regards to the United States Constitution and federal laws. AT&T was allowed it 4TH amendment right to a trial by jury in order to remove its customers rights to a trial by jury for arbitration in: AT&T v. Concepcion, the Supreme Court told corporations that they could write into the fine print of most any contract, language that takes away a person's constitutional right to trial by jury. Plaintiff asserts AT&T had a fiduciary duty to take "anyone" to Court who violated their customer's right to privacy. AT&T with its unlimited financial resources chose profits over its Fiduciary duty to protect its customer's 4th amendment rights. (8) AT&T has a fiduciary duty to protect its customers from "<u>data collection companies</u>" when its customers are online searching the web. No company should have a right to monitor my web browsing or "click stream" to collect my data history. Furthermore; any company who provides a free app should not be allowed to sneak into your computer and install tracking software to collect personal data.

## IV CONDITIONS PRECEDENT

All conditions precedent to the establishment of liability on the part of the Defendants, have been performed or have occurred.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff timely asserted his Constitutional rights violations to AT&T/Yahoo by sending a Demand letter to sese and desist from data collection and reading of e-mail to AT&T by U.S. postal mail article # 7012 2210 0000 1007 0218, received by AT&T June 6, 2014 and to Yahoo article # 7012 2210 0000 1007 0270, received by Yahoo June 26, 2014.

4

## VI. CAUSE OF ACTION

### Count 1: NSA/AT&T and Yahoo violated plaintiffs 4TH Amendment Right to privacy

11. The plaintiff is a United States Citizen and is protected by United States Constitution and his 4TH Amendment right to privacy was violated when the NSA, AT&T and Yahoo collected e-mail data from plaintiffs e-mail account without a probable cause hearing and a warrant from a federal judge. The US Supreme Court (US v. Katz 389 US 347) has made it clear that this core privacy protection does cover government eavesdropping. As a result, all electronic surveillance by the government in the United States is illegal, unless it falls under one of a small number of precise exceptions specifically carved out in the law. Web browsing is an extension of my e-mail when I am using my computer in the "sanctity" of my home. The same phone line that is protected from "wiretaps" under Federal Law is used by the computer and these rights should be reasonably extended to computer usage in the sanctity of Plaintiffs home.

### Count 2: NSA/AT&T and Yahoo committed theft of plaintiffs e-mail under Section 1705 of Title 18 of the U.S. Code

12. NSA/AT&T and Yahoo committed theft of plaintiffs e-mail when they collected data from plaintiff's computer website. Furthermore AT&T committed theft of plaintiffs e-mail through a "proprietary information computer program" for monetary gain for itself and from 3rd party vendors in order to tailor ads on e-mail website to customer. This statute requires anyone who is found guilty is punishable by two to five years in a federal prison.

### Count 3: NSA/AT&T and Yahoo violated plaintiffs privacy rights under Privacy Act of 1974 (5 U.S.C. 552a)

13. Plaintiff was corresponding through e-mail with his doctor Jon Smedley regarding his medical issues and Long Term Disability benefits.

### Count 4: Plaintiff asserts that NSA/AT&T/Yahoo violated his privilege under 501 Privacy Act

14. Plaintiff was corresponding by e-mail with Attorneys Winckler & Harvey in regard to medical complication surgeries and sent medical documents through e-mail to attorneys and

corresponded with Disability Rights Texas attorney regarding plaintiff's medical issues and medical data provided to attorneys by e-mail.

### Count 5: NSA/AT&T/Yahoo violated plaintiffs 1ST Amendment right

15. Plaintiff's first amendment right was violated when AT&T and Yahoo refused to provide plaintiff with copies of NSL letter upon plaintiff "Demand Letter" request for documents due to the gag order provisions of the NSL which will not allow dissemination of the NSL letter. Furthermore; plaintiff requests how many times his e-mail was read or collected. 97% of NSLs come with a nondisclosure order. All federal statutes lie within the jurisdiction of this court.

### Count 6: AT&T violated Plaintiffs 18 U.S.C. §1702 obstruction of correspondence by prying into the business of plaintiff's private e-mail for monetary gain

16. AT&T has read plaintiffs private e-mail and web browsing history through its "propriety information program" in order to profit for AT&T and from 3rd party vendors who want to place ads on plaintiff's website for monetary again of all parties except plaintiff.

### Count 7: AT&T failed its Fiduciary Duty to plaintiff to use all means necessary to protect plaintiffs' privacy rights

17. Plaintiff contends AT&T is a fiduciary to Plaintiff and owes a duty of loyalty to the plaintiff and their relationship regarding matters within the scope of the relationships in regards to plaintiffs e-mail and not allows other data collection companies to monitor and track plaintiff's website searches. In general, the duty of loyalty requires the Fiduciary AT&T to act solely for the benefit of the person to whom the duty is owed (plaintiff) with respect to all matters within the scope of the fiduciary relationship. In the cause of action AT&T v. Concepcion, the Supreme Court told corporations that they could write into the fine print of most any contract, language that takes away a person's constitutional right to trial by jury. This contractual right given to AT&T by the Supreme Court for arbitration should hold AT&T's Fiduciary Duty to its customers to the highest standard in protecting its customer's privacy rights just as the Supreme Court protected AT&T. Plaintiff entrusted AT&T to protect his e-mail from any violation of plaintiff's right to Constitutional privacy, theft, "privacy between doctor and patient", privilege between plaintiff and attorneys, 1st amendment right to be provided with documents plaintiff requested in order to determine how many times plaintiffs e-mail was collected and read in relation to AT&Ts

6

fiduciary duty. Plaintiff put his trust in AT&T/Yahoo to protect his e-mail from intrusion by outside parties and intrusion from the fiduciary himself. Essentially AT&T is a postman and if a postman is robed of the customer's mail he reports it to the police because a crime was committed. AT&T failed to report the crime of theft of plaintiffs e-mail by the NSA /AT&T and Yahoo. AT&T committed a crime by initiating a computer program to read plaintiffs e-mails to collect data for monetary gain and conspired with Yahoo and NSA to violate plaintiff's privacy rights. Furthermore any "terms and conditions" that plaintiff signed as an AT&T customer should not entail the giving up of any constitutional rights to privacy or federal statutes. Plaintiff would humbly request a ruling by this honorable court in regard to the acceptance of "terms and conditions" by AT&T in regard to plaintiffs belief that a Constitutional Right is absolute right and can never be signed away. Plaintiff understands AT&T desire to recuperate operating costs by placing ads on plaintiffs e-mail website; "but not at the cost of giving up a constitutional right" to privacy of one's private e-mail and website tracking. The Plaintiff should be allowed to know if anyone is reading his e-mail. The ads can be place on the website without reading a customer's e-mail. Furthermore: Plaintiff believes that the NSA has a duty to protect all Americans and should monitor "international e-mail" correspondence. However: any monitoring of "domestic" e-mail is **Arbitrary and Capricious**. When a the (NSA/FBI) makes a decision without reasonable grounds or adequate consideration of the circumstances, it is said to be arbitrary and capricious and can be invalidated by an appellate court on that ground. Just as District Judge Susan Illston concluded in her ruling on a separate case that NSLs are in direct violation of 4TH Amendment, First Amendment and separation of powers principles. In other words there should be absence of a rational connection between the facts found and the choice made. There should be a clear error of judgment; an action not based upon consideration of relevant factors and so is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law or if it was taken without observance of procedure required by law. Natural Resource Defense Counsel Inc. v. United States EPA, 966 F.2d 1292, 1297 (9th Cir. 1992).

## VII. Rule 65 Injunctions and Restraining Orders

18. Plaintiff would humbly request of this honorable court for a temporary injunction against AT&T and Yahoo using a "proprietary information program" to read plaintiffs e-mail pending the disposition of this trial. Plaintiff would also request a permanent injunction against AT&T and

Yahoo using any type of program to read plaintiffs e-mail regardless of the Juries determination in favor of plaintiff or Defendants. Plaintiff request this honorable court to have a hearing prior to trail on his request for an Injunction against AT&T and Yahoos use of a "propriety information program" that is designed to read and track plaintiffs e-mail and web browsing history and that of all AT&T and Yahoo customers that plaintiff asserts violates his 4TH Amendment Rights to Privacy.

19. Plaintiff would humbly request a permanent injunction against "ALL" data collections companies including: Epsilon, data logix, Datalum, Lotame, Acxiom, Experion who violate plaintiffs 4TH amendments rights to privacy of plaintiffs home when using his computer for web browsing. These data collection companies are collecting data about plaintiff religion, ethnicity, political affiliations, user names, income, family medical history, and medications. These data collections companies are violating the Portability and Accountability Act of 1996 and Privacy Act of 1974 (5 USC, section 552A) It grants people the following rights: 1) to find out what information was collected about them, 2) to see and have a copy of that information, 3) to correct or amend that information, 4) to exercise limited control of the disclosure of that information to other parties. AT&T provides plaintiff with MacAfee security on his computer to protect plaintiff against viruses and bugs. Isn't it "reasonable" that AT&Ts has a fiduciary duty to protect plaintiff from 4TH amendment privacy rights under the Constitution by protecting plaintiff as he is searching the web from the privacy of his home? Furthermore; if this honorable court does not honor Plaintiffs request, that this Court would "mandate" these companies to allow plaintiff to see all data collected on plaintiff and allow plaintiff to "**challenge**" any incorrect data errors as the law requires.

## VIII Finding of Facts and Conclusion of Law

20. Plaintiff would also request a finding of facts and conclusion of law on plaintiffs assertion that AT&T has a fiduciary duty to protect its clients from "ALL" violations of the U.S. Constitutions and Federal Statutes. Plaintiff requests a "Finding of Facts" and "Conclusion of Law" on his 14TH Amendment rights to Equal Protection and rules 52(A)(2)

21. Plaintiff would request a finding of fact and conclusion of law that the Federal Court has a fiduciary duty to provide "Equal Protection" under the Fifth Amendment that the government must treat "all" individuals in a similar manner this should include corporation as the Supreme

8

Court stated in Hobby Lobby vs. U.S. **"corporations are people to and have the same rights as people"**.

## VII Attorneys Fees

22. Plaintiff was forced to engage in this cause of action to protect his rights due to AT&Ts Fiduciary failure to protect plaintiff, but was unable to afford the high costs of an attorney and was force to proceed as Pro-SE counsel. Plaintiff has lost "peace of mind", "numerous nights of sleep" and has had "enormous anxiety" over the thought that any time he sends an e-mail, that it is being read and monitored by plaintiff's provider, data collection companies and the NSA. Plaintiff has stopped sending e-mail unless absolutely necessary. Plaintiff believes that this legal action is his only recourse to assert his Constitutional rights and have AT&T/Yahoo, NSA and data collection companies held accountable for violating his rights. Plaintiff would ask this honorable court for any assistance possible and forgive his lack of knowledge in this legal action. Plaintiff is entitled to an award of fees for his time, costs, and if applicable, expert fees. 29 U.S.C. §2617(a)(3);42U.S.C. §1988,2000-e5(k).

## VIII PLAINTIFF'S DEMAND FOR JURY TRAIL

23. Plaintiff hereby asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with rule 38 of the Federal Rules of Civil Procedures, a trial by jury on each and every relevant issue.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that the Defendants be summoned to answer and appear herein, and that, upon due consideration and hearing had or trial, this Honorable Court enter judgment as follows:

a. From Both Defendants immediately refrain from using "propriety information programs" to read plaintiffs and his families e-mail.
b. From both Defendants to be held criminally liable to each and every violation of plaintiffs Constitutional rights.
c. From both Defendants be held criminally liable for violating Federal Statutes and Constitutional rights to privacy in regard to opening plaintiff's e-mail.

d. Enter a permanent restraining order against AT&T/Yahoo from using propriety information programs to read plaintiff e-mails and to protect plaintiff rights.

e. From both Defendants a (1) finding of Facts: (2) conclusion of law: on each and every counts asserted by plaintiff including AT&Ts fiduciary responsibility to its customers.

f. From the NSA a permanent injunction against any retrieval of any domestic e-mail including plaintiffs e-mail. (Plaintiff understands the need for NSA in guarding U.S. Citizens, but feels he must assert his rights no matter how fearful he is about requesting this action against NSA).

g. Plaintiff believes he is completely out of his depth in any action against AT&T, Yahoo and the NSA, but believes he has no other options plaintiff also believes that the Federal Court has a fiduciary responsibility to all U.S. citizens to hold (anyone) NSA, AT&T, and Yahoo and third parties accountable for violating the constitution of the United States and any and all federal statutes. Plaintiff would humble ask the Court if the Court had a SEALED "criminal complaint" or a SEALED "Indictment" that was sent via e-mail from one prosecutor to another or to a Federal Judge and these files were read by a "proprietary information program" would this violate Federal Law or the United States Constitution?

h. The plaintiff prays also for such other and further relief, general and specific, at law and in equity, to which he is justly entitled.

Respectfully Submitted,

DATE: September 4, 2014

_____

Louis Rousset Pro_Se Counsel
11802 Hornsby ST
Austin TX: 78753, 512-833-9360

## **CERTIFICATE OF SERVICE**

I, Louis Rousset, hereby certify that on September 4, 2014, a true and correct copy of the foregoing document was served by U.S. Postal certified mail upon the CEOs on record:

Randall L. Stephenson Chairman/CEO of AT&T
208 South Akard Street Dallas, TX 75202, 210-283-1260

Marissa Mayer CEO Yahoo Corporate Office & Headquarters,
701 First Ave Sunnyvale CA 94089 Yahoo (408) 731-3300


Louis Rousset PRO-SE Counsel

*[signature]*

Louis Rousset