IN THE UNTIED STTES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |  |
|---|---|---|
| LOUIS ROUSSET, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. A14CV0843LY |
| AT&T INC, | § § | JURY |
| AND | § | |
| YAHOO, INC, | § § | |
| Defendant's | § § § | |

**REBUTTLE MOTION TO:**

*( m ► yer )*

**"DEFENDATS YAHOO INC, MOTION TO DISMISS"**

Come NOW Pro-Se Plaintiff Louis Rousset, and moves this Honorable Court to proceed with a trial by jury; where plaintiff will show subject matter jurisdiction and prove that plaintiffs cause of action gives rise to article III standing through an AT&Ts employees assertions.

Plaintiff would request of this Honorable Court to put aside Defendants request for a dismissal on 12(b)(1), Rule 12(b)(2) and rule 12(b)(6) in order to allow plaintiff to provide documents that will confirm article III standing.

Plaintiff would also amend his cause of action in order to claim Mandamus jurisdictional statue 65 for Section 1702, 501 privilege, Privacy Act of 1974 (5 U.S.C. 552a); in the hope that this honorable Court would see fit to apply these statues to AT&T/Yahoo.

Furthermore, plaintiff would request of this honorable Court a pre-trail conference. To establish plaintiffs claims in regard to adhesion contract, mandatory arbitration, breach of contract, and violations of plaintiffs due process rights, where Yahoo/AT&T have added a clause that plaintiff is barred from any "non-tangible" claims against AT&T and Yahoo. Where

1

plaintiff asserts he has suffered injury-in-fact through a non tangible Constitutional violation, by Yahoo INC, is reading, collecting, and storing plaintiffs e-mail data.

Plaintiff will submit as (Exhibit A) a PBS documentary Frontline alleging plaintiff's claims.

Plaintiff humbly apologizes for his alleged "rambling" according to Ms. Meyers for his lack knowledge in filing his cause of action and in no way meant to infer plaintiff is not hypothesizing about article III standing and injury-in-fact.

Plaintiff contends that a contract must have "***freedom of choice***" or free will to be reasonable and plaintiff was not given this choice. Plaintiff asserts he cannot get internet service by any provider unless plaintiff agrees to an adhesion contract and would be unable to have internet service from any telecommunication provider unless he signs an arbitration contract.

Plaintiff would not have filed this cause of action "IF" Yahoo INC would have answered plaintiffs DEMAND LETTER stating "NO" to his assertions.

Ms. Meyers acting in bad faith and a reckless disregard for plaintiffs rights. plaintiff had one of two choices:

1. Plaintiff can do nothing about Yahoo failure to respond to plaintiff's Demand Letter and give up plaintiff's privacy rights for failure to assert legal action in a timely manner.
2. Plaintiff can go to court in order to have Yahoo INC respond to plaintiffs assertions; "does Yahoo collect my e-mail data for themselves and 3rd party vendors for profit? And does Yahoo allow NSA to collect domestic e-mail data from AT&T facilities and Yahoo facilities without a court order or warrant?

Plaintiff asserts Yahoos/Ms. Meyers failure to responds to plaintiffs demand letter was deliberate in order to make plaintiff "***burden of proof***" extremely difficult to prove.

Yahoo/Ms. Meyers acting in bad faith and a reckless disregard for plaintiffs rights. How can plaintiff assert an adequate "injury in fact" to satisfy Article III cause of action if Yahoo refuses to respond with a yes or no answer that they are reading, storing, collecting my personal e-mail? Plaintiff asserts Yahoos failure to respond alone raises a due process claim.

If Yahoo is not collecting, reading, and providing NSA with plaintiffs e-mail all Yahoo had to do was tell plaintiff that this "Action" was/is not happening and plaintiff would have not file this cause of action.

## I.   INTRODUCTION

The defendant has claimed plaintiff does not have standing under Article III due to the fact that plaintiffs account has not been, or will be, the subject of an NSL letter. Regardless of plaintiffs claim to NSL letters, plaintiff's main concern is AT&T/Yahoo reading; collecting and storing plaintiffs e-mail in violation of his privacy rights.

In the summer of 2002 in an AT&T facility in San Francisco an AT&T Technician "Mark Klein" noticed something "peculiar" on the 6TH floor room 641A. This room had no door handles or access. Mr. Klein's investigation show AT&T internet cables were going to a "splitter " from the 7th floor where all internet data was transmitted throughout the country and directed to a private room 641A that was operated by the National Security Agency. Klein determined that the NSA was copying all AT&T/Yahoo internet traffic. Plaintiff contends that as an AT&T customer, his e-mail was copied and stored by the NSA, AT&T/Yahoo and 3rd party providers.

Defendant Yahoo has also stated that "no cause of action" is warranted against a telecommunication provider because Yahoo has "statutory immunity against any action".

Plaintiff contends that Yahoo did not have a court order in regard to the AT&T facility in San Francisco that was collecting all e-mail data from the 7TH floor and transmitting it to room 641A. Plaintiff asserts that Yahoos own "Compliance Guide for Law Enforcement" states Yahoo gives holds email data for 90 days. If law enforcement does not provide a Court Order, Yahoo is in violation of plaintiff 4TH amendment right to privacy.

Defendant Yahoo is relying solo on statutory immunity to absolve Yahoo of any wrong doing. Statutory immunity applies to Yahoo under18 U.S. Code 1709, "IF" Yahoo did not violate 18 U.S. Code § 2701. Furthermore if Yahoo complied with "Any" NSL without a court order the NSL letter have been deemed illegal SEE Doe v. Ashcroft/Gonzales/Mukasey/Holder,

# REBUTTLE TO: FACTUAL ALLIGATIONS AND PROCEDURAL BACKGROUND

### A. Factual allegations

Yahoo's failure to respond to plaintiffs demand letter caused plaintiff to file civil action and is solely responsible for plaintiff's action.

### B. Rebuttal to alleged wrong doing.

Plaintiff would humbly apologize to Yahoo for failing to provide Article III standing and will do so in an Amendment to plaintiff's cause of action with evidence to support plaintiffs claim.

### II.     Rebuttal to Argument and citation of authority

### A. Plaintiff lacks standing

Plaintiff will provide proper disclosure to Yahoo INC and this honorable court through (exhibit A) PBS Frontline documentary showing plaintiff has indeed suffered injury-in-fact and has article III standing based on Mark Klein AT&T technician firsthand knowledge. Plaintiff will provide (Exhibit B) Yahoo "compliance guide for law enforcement; but nowhere does Yahoos contract state Yahoo is reading, collecting and storing plaintiffs e-mail for Yahoos own personal gain.

## REBUTTAL TO:

### B. Plaintiff's case cannot proceed in venue

Defendants have claimed mandatory forum selection clause is warranted due to said contract. Plaintiff contends that in Bremen v. Zapata Off-Shore Company, 407 U.S. 1 (1972) to announce that forum-selection clauses should be given full effect ONLY IF there is;

- "Absent fraud, undue influence, or overwhelming bargaining power".
- Plaintiff contends that if Yahoo read, collected, and provided plaintiffs' e-mail data to Yahoo and the NSA/FBI without a court order plaintiff asserts Yahoo committed fraud and this clause is without merit.

- Plaintiff asserts his due process rights are violated, where Yahoo/AT&T has added a clause that plaintiff is barred from any "non-tangible" claims against AT&T and Yahoo.

Plaintiff contends Yahoo has overwhelming bargaining power based on the "Adhesion contract" plaintiff was mandated to sign if he wanted internet access or go without internet access.

Plaintiff contends Ms. Meyers acted in bad faith by committing fraud by failing to inform plaintiff that Yahoo contract does not stated that yahoo would read, store, collect and provide data to the NSA. Yahoo's motion alone shows undue influence on plaintiff.

**Overwhelming bargaining power/ Undue influence:**

**RESEARCH ON INTENRET PROVIDERS, AUSTIN TX;**

Plaintiff contends that he has no choice in signing Yahoo/Ms. Meyers contract because no other internet company provider omits forum selection clause or arbitration clause in order to obtain internet access:

- On 11/28/2014 plaintiff spoke with numerous agents, Grande communication (512-220-4600), Clear internet (512-366-3306), and Western broadband (512-257-1077) all of these telecommunications providers do not provide service in my area.
- Time Warner Communication (Caroline) provides service but mandates Mandatory arbitration agreement. Plaintiff confirms his research indicates no choices in this matter.

If a customer has no choice or option for internet service plaintiff contends this lack of choice indicates "overwhelming bargain power" and "undue influence" on the part of Yahoo in providing internet access.

Plaintiff further contends that plaintiff is disabled and lives on SSDI, This mandate alone will bar plaintiff from effectively vindicating his rights in the California Court forum due to the high cost of travel, hotel rooms and attorneys fees.

5

According to FCC Commissioner, Michael Copps, has stated, "Universal access to broadband needs to be seen as a civil right". Not a Mandatory Binding Arbitration Contract for internet service or proper venue.

- What ***legal authority*** gives Yahoo the legal right to collect, store, read, plaintiffs e-mail?
- I would ask Yahoo and this court where I obtain internet access that will not contain a "Binding Arbitration agreement" that will give me a choice. Where are my rights to negotiating terms under AT&T contract?
- "IF" a consumer has no choice but to sign an "adhesion contract" for internet service or be denied internet access it is "tantamount" to ***undue influence*** and ***duress*** on plaintiff by Yahoo/AT&T.

**Arbitration**

In Green Tree Fin. Corp. v. Randolph, 531 U.S. 79 (2000), the U.S. Supreme Court noted that "[i]t may well be that the existence of large arbitration costs could preclude a litigant . . . from effectively vindicating [her] rights in the arbitral forum.

- AT&T binding arbitration agreement in regards to Yahoo INC/Meyers, (**section 14 dispute resolution with Yahoo is governed by the State of California**) mandates that plaintiff must seek all causes of action in Santa Clara California. Plaintiff lives in Texas and is disabled an unable to work. Plaintiffs' income is limited based on SSDI income stipend and in no way could afford to seek a "cause of action" in California.
- This mandate alone will bar plaintiff from effectively vindicating his rights in the arbitral forum due to the high cost of travel, hotel rooms and attorneys fees. Plaintiff is also barred from traveling because he is the primary care giver of his 5 year old son and must take him to school and pick him up very day. Plaintiff asserts this is a conflict of law since plaintiff lives in Texas and plaintiff service contract is in Texas and asserted his cause of action is in Texas.
- Round trip cost on delta airlines: $737.expedia.com/Flights-Search. Granada Inn2.0 stars Map El Camino Real Santa Clara CA $102 per night. Plaintiff would assume 2 week stay; total without food $2165, total not including attorney's fee. Plaintiffs SSDI are $437 per month. Plaintiffs current cost of litigation is $400 filing fee and

gas to and from court house and cost to send certified letters. Since plaintiff is pro-se plaintiffs cost to litigation is stated above. Due to these cost the arbitral forum is not "equally" accessible to plaintiff.

AT&T/Yahoo has also required plaintiff to use American arbitration Association (AAA). According to plaintiff's research:

- In arbitration, arbitrators tend to favor "repeat players," like AT&T and the institutional parties most likely to appear in future arbitrations, over individual parties such as consumers or workers who are not likely to be back in arbitration again. This bias is predictable where arbitrators compete to be selected by corporations, work under short-term contracts, and will lose future work if corporate parties perceive their decisions as too favorable or generous to plaintiffs.
- Arbitration proceedings can also be exceedingly expensive for consumers, with filing fees of several hundred dollars and arbitrators' fees (typically $200 to $450 per hour) running into the thousands of dollars. In Sanderson Farms, Inc. v. Gatlin the farmer was billed by the American Arbitration Association (AAA) over $10,000 before there was even a hearing on his underlying claims.
- Plaintiff would request from AT&T/Yahoo quartile data for plaintiffs going to AAA arbitration against AT&T/Yahoo of outcomes favoring plaintiff verses outcomes favoring AT&T/Yahoo and time lines for arbitration trial and awards for plaintiffs.
- Plaintiff would also request trial data from AT&T/Yahoo for plaintiffs going to trial against AT&T /Yahoo and outcomes on trail and awards for plaintiffs in trial verses awards from AAA arbitrations.

This is the same arbitration company plaintiff is required to use. See: AT&T contract.

AT&T/Yahoo has used deception and fraud in its service contracts when AT&T copied, stored, and read plaintiffs e-mail. Plaintiff would ask this court to deem AT&T/Yahoo service contract between plaintiff and defendant illegal, unconscionable and unenforceable based on "material breach of contract" as did Federal Judge Zimmerman in an AT&T case which states:

- In July 2001 AT&T mailed a brochure to its long distance customers telling them they are forfeiting their constitutional rights to have their day in court as stated in their contract. Those few customers who scrutinized the fine print learned that they would have to submit major legal claims to private arbitration, that they would be prohibited from taking part in any class action against AT&T, that they would have to submit claims to arbitration within two years regardless of applicable statutes of limitations, and that they would never be able to recover consequential or punitive damages from AT&T in these arbitration proceedings."

In Ting v. AT&T, 319 F.3d 1126 (9th Cir. 2003), February 2003 the U.S. Court of Appeals for the Ninth Circuit struck down provisions in AT&T's arbitration clause that (a) stripped consumers of the right to file or participate in a class action; (b) stripped consumers of various rights and shielded AT&T from damages for willful misconduct under California's consumer protection laws; (c) required consumers to pay expensive fees for arbitration; and (d) contained a gag rule requiring consumers to keep secret any dispute they might have against AT&T. In October 2003, the Supreme Court let stand Public Justice's victory for consumers against AT&T. AT&T has also mandated against plaintiff rights to enter a class action.

Arbitration is also typically enshrouded in secrecy, with many arbitration services adopting rules that bar parties from telling anyone about cases in arbitration. Plaintiff would assert if he is unable to talk about the arbitration process that it violates plaintiff's 1ST amendment rights to freedom of speech.

Even if this honorable court would determine arbitration plaintiff asserts that AT&T does not have a write to trump federal statutes, case law and Constitutional rights to privacy, Katz v. United States, 389 U.S. 347 (1967).

Plaintiff believes he has shown the imbalance of said contract favors AT&T, Yahoo and all affiliates and their collection of plaintiffs e-mail data is a "material breach of contract" in violation of federal law. Plaintiff will amend his cause of action to include material breach of contract.

## Limitation of liability

Yahoo/AT&T is re-writing the law with this clause by stating: "all partners with AT&T are absolved from indirect, incidental, special, consequential or exemplary damages, loss of profit, goodwill, or any "*intangible loses*". I would ask this court "would" AT&T/Yahoo sign this same contract if I presented it to them as a take it or leave ultimatum "in my favor"?   For example: A constitutional right to privacy is an "*intangible lose"* when a police officer enters a home without a warrant and without probable cause.

- Since there was no damage to the home owner's property and he suffered no "*intangible lose"* does this failure of intangible loses, deny the plaintiff redress for compensation when a constitutional right to privacy is violated?

Plaintiffs research has indicated that an Intangible loss can be fear, grief, anxiety which are very real and, unfortunately, usually dismissed and unacknowledged by the Federal Courts and companies like AT&T/Yahoo as shown by defendants non-tangible clause. Intangible loss includes things like:

- Loss of sense of security
- Loss of privacy
- Loss/change in sense of self
- Grief or anxiety
- Loss of faith or hope

There are likely hundreds of others, but plaintiff asserts that these loses are a direct correlation to a constitutional right to privacy. Plaintiff has suffered lose of sleep, anxiety, loss of security of what he writes in an e-mail due to actions on AT&T/Yahoo conduct.
Plaintiffs assert AT&T/Yahoo mandated "*intangible lose*"in their adhesion contract in order to circumvent a customer's right to assert damages with regard to a violation of a right to privacy. This action alone denies "due process of law" to anyone who has suffered an "*intangible lose*"to an invasion of a person's private e-mail.

### C. Rebuttal to: Yahoo immunity from suit under stored communication act

Defendants have relied on "stored communication act" to be barred from this cause of action. Yet defendants acknowledge 18 U.S. Code § 2701 as a defense.  The stored

communication has not merit "IF" Yahoo was reading, collecting and storing plaintiff's e-mail for their own private use.

Plaintiff contends that Yahoo has violated 18 U.S. Code § 2701" Unlawful access to stored communications". Plaintiff contends Yahoo has violated federal case law Katz v. United States, 389 U.S. 347 (1967) by accessing private e-mail data that is protected under Katz.

Plaintiff would request subpoena for Mark Klein to testify in a pre-trial hearing to determine if Yahoo accessed plaintiffs e-mail illegally through AT&T facility in San Francisco, (SEEE exhibit A).

Defendant is relying on 18 U.S.C, §2707(e) as a Defense, which states;

- (e) Defense.— A good faith reliance on—
- a court warrant or order, a grand jury subpoena, a legislative authorization, or a statutory authorization (including a request of a governmental entity under section 2703 (f) of this title);
- a request of an investigative or law enforcement officer under section 2518 (7) of this title; or
- a good faith determination that section 2511 (3) of this title permitted the conduct complained of;
- Is a complete defense to any civil or criminal action brought under this chapter or any other law?

Plaintiff contends defendant has to be aware of AT&T technicians Mr. Klein's testimony on the PBS documentary "frontline", stating AT&T/Yahoo and other internet providers are collecting e-mail data without a court order or warrant. Katz v. United States, 389 U.S. 347 (1967), 18 U.S.C. § 2511 (i)(d)(e) and Doe v. Ashcroft/Gonzales/Mukasey/Holder.

The above case is a land mark decision where the first telecommunication provider Nick Merrill CEO Calyx challenged NSL letter in Federal Court and Appellate court favored Calyx that indicates NSLs where illegal. Defendants do not have standing on 18 U.S.C, §2707(e) "GOOD FAITH RELIANCE" based on Federal Court ruling and Statues.

Defendant Meyers has also stated that "no cause of action" is warranted against a telecommunication provider under 18 US.C. §2703(e).

Yahoo/Meyers claim is without merit because federal Statue 18 US,C, §2703(d) provide "Requirements for a Court Order" to obtain and store e-mail data. Plaintiff would request at the pre-trail conference for AT&T to provide a "court order" for the "splitter" install by in the AT&T facility in San Francisco. Plaintiff would request a Subpoena for CEO, Meyers to refute or deny any knowledge of room 641A Plaintiff would also request for CEO, Meyers to testify to the fact that Yahoo is not reading, storing and collecting plaintiffs e-mail for Yahoos own private gain.

Defendant contends that they have immunity based on but 18 U.S.C, §2703, 2707(e), and 2709 which all pertain to "international terrorism and international e-mail collection in "good faith". Defendants have not shown "specific" Federal statute that protects AT&T/Yahoo from prosecution under federal law for collection of private domestic e-mail.

What Federal authorization was provided to Yahoo to read, store and collect "domestic e-mail" for Yahoo.

Defendant is arguing in McCready plaintiff failed to assert NSL are phony. Plaintiff would now assert that NSL are illegal regardless of the appeal from Judge Allston's ruling. Under Doe v. Ashcroft/Gonzales/Mukasey/Holder, Federal appellate court found NSLs illegal. Therefore Yahoos 2707(e) "good faith" claim is without merit based on above case law.

Defendant has relied on another federal statute 18 U.S.C, §2709, which has no relevance or merit due to the fact that this statue deals with international terrorism and defendant fails to indicate how 18 U.S.C, §2709 is relevant to plaintiffs cause of action.

Even if AT&T entered this clause to access plaintiffs e-mail, plaintiff asserts it would violate plaintiff's right to privacy. (SEE) law Katz v. United States, 389 U.S. 347 (1967) and federal statues 18 U.S.C. § 2511 (i)(d)(e).

**Rebuttal to:**

### D. Page 12, Non of plaintiffs claims against Yahoo are meritorious

Plaintiff again apologizes for his failing to provide concrete evidence to his claim of 4TH amendment right violation in his initial cause of action and would proved PBS Frontline documentary that will show article III standing, and evidence that Yahoo is reading, storing, and collecting plaintiffs e-mail data.

## (1) Rebuttal to: plaintiff 4TH amendment claim page 13

Defendants claim plaintiff actual or justifiable privacy interests under US v. Katz 389 US 347, Katz which clearly states:

1. The US Supreme Court (US v. Katz 389 US 347) has made it clear that this core privacy protection does cover government eavesdropping, and plaintiff would hope this applies to corporations acting as government agents or in their own private interests.
2. Plaintiff asserts yahoo violated United States Code Title 50, Chapter 36, Subchapter 1 Section 1809. Criminal sanctions (a) Prohibited activities: (c) Penalties; An offense described in this section is punishable by a fine of not more than $10,000 or imprisonment for not more than five years, or both.

Defendant has erred in its claim in Katz which clearly provides that Katz covers government ease dropping or agents of the government ease dropping. Yahoo also contends they must comply with government requests. Plaintiff contends the only way Yahoo must comply to government request is the request is "legal".

If the plaintiff were to wire tap a phone line without a court order he would be breaking the law under. 18 U.S.C. § 2511 (i)(d)(e) States:

"such device is affixed to, or otherwise transmits a signal through, a wire, cable, or other like connection used in wire communication;(d) intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection; or (e) intentionally discloses, or

endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, intercepted by means authorized by sections 2511 (2)(a)(ii), 2511 (2)(b)(c), 2511(2)(e), 2516, and 2518 of this chapter.

Plaintiffs phone line is the "same wire, cable" as stated above that is used by plaintiffs e-mail and plaintiff asserts his e-mail should carry the same protections of this federal statute and should be protected by the law.

Plaintiff is of the belief that the data line provided by AT&T/Yahoo when it crosses his property line of his homestead is protected by his 4TH amendment right to privacy under 18 U.S.C, § 2511 (i)(d).

Is my e-mail data connection line a "cable or wire communication, I believe so. If defendant is collecting my e-mail for Yahoo and the NSA for direct advertising to my web page yahoo is in violation of 18 U.S. Code § 2511(i)(d) and should be prosecuted to the full extent of the law.

**Rebuttal to:**

**(2) Thief of mail (18. U.S.C, 1705 )claim page 14**

Plaintiff would humbly apologize to Yahoo for his error in his claim based on 18 U.S.C, 1705, this was a "mistake" and plaintiffs apologize for his error. Plaintiff contends that 18 U.S.C, 1702 has merit and yahoo violated this federal statue through plaintiffs claim.

Plaintiff reason for this cause of action is solely to have his e-mail private and yahoo has violated his privacy rights.

In the unanimous ruling in U.S. v. Warshack, the Court, led by Judge Boyce Martin, stated that "It goes without saying that like the telephone earlier in our history, e-mail is an ever-increasing mode of private communication, and protecting shared communications through this medium is as important to Fourth Amendment principles today as protecting telephone conversations has been in past." On December 14, 2010, the Sixth Circuit held that a search warrant is required before the government can engage in search and seizure of emails stored by an internet service provider (ISP).

- Clearly the Courts response to e-mail privacy should bar Yahoo or anyone collecting a person's private e-mail, regardless of what any contract "mandates".

Plaintiff contends that Yahoo is using it Adhesion contract to evade criminal and civil liability which is clearly stated in U.S. v. Warshack, that e-mail is protected under the 4TH amendment.

What search warrant did Yahoo have to read, collect and store my e-mail for their own private gain? This action by Yahoo is theft of mail, even though this statue is stated for government officials under 18 U.S.C. §1702.

It is unfortunate that the law has not kept up with technology and plaintiff believes Congress never thought that they would need to apply this statue to a private company. Plaintiff is certain Yahoo will rebut this claim.

Plaintiff will amend his cause of action under Mandamus jurisdictional statue 65 in the hope this Honorable Court would see fit to hold Yahoo accountable if they are found to have violated plaintiff assertion for above federal statute.

### (3) Privacy act 1974 claim

Plaintiff has asserts Yahoo has violated this privacy act 1974 clause if Yahoo is reading, storing and collecting plaintiffs e-mail which entails correspondence with his doctor. . (SEE exhibit A).

### (4) Rebuttal to: Claim of privilege under 501 privacy

Plaintiff apologizes for having to repeat his claim. Plaintiff is corresponding with numerous attorneys by e-mail regarding medical issues. If Yahoo is reading, storing, collecting plaintiffs e-mail for their own personnel gain they have violated above statue and should be held accountable for their actions. (SEE exhibit A).

### (5) First amendment claim

Plaintiff and Yahoo have contended there is a contract between them. If plaintiff asserts a demand letter Yahoo only had to respond and clarify they are not reading, collecting plaintiffs e-mail. Yet they failed to do so, now they insult me do to my lack of knowledge

concerning federal law. Plaintiff simply asked if Yahoo was reading my personnel e-mail in his demand letter. If I was mistaken about first amendment I apologize? My understanding was Yahoo is not providing answers to my query due to NSL nondisclosure requirements and Yahoo was just fine with not responding (SEE exhibit A).

Plaintiff believes that based on doe V. Ashcroft/Gonzalez that the NSL nondisclosure allows Yahoo to not respond to plaintiffs request and plaintiff wanted to point out to Yahoo this is not a legal assertion and Yahoo is not barred from 1st amendment to answer plaintiff's demands.

### Rebuttal to: Page 10 section B.1 plaintiff does not have viable cause of action

Plaintiff apologizes for repeating his claim but Yahoo keeps contending the same issues. Plaintiff has shown through federal Judge's ruling and case law that AT&T/Yahoo is not abiding by federal law when AT&T/Yahoo is reading and obtaining domestic private e-mail for them to profit and for the NSA for spying, See: Doe v. Ashcroft/Gonzales/Mukasey/Holder, Katz v. United States, 389 U.S. 347 (1967)). The U.S. District Judge Susan Ilston in her ruling stated that NSLs are in direct violation of the first amendment. (SEE exhibit B).

### Page 11, section 2: rebuttal to: plaintiff does not have cause of action under federal law (count 2 and 6).

### PRIVATE RIGHT OF ACTION page 11,

Defendants assert plaintiff does not have a private right of action on counts 2 and 6 against AT&T sighting section 1702 18 and; Dennis v. Unites State post office. Plaintiff has not brought his cause of action under tort claim act (FTCA) 28 U.S.C, § 1346(b)(1) as did Dennis in the above case.

- Plaintiff assert since the federal courts have interpreted e-mail to have the same rights as postal mail under Katz v. United States, 389 U.S. 347 (1967) and federal statues 18 U.S.C. § 2511 (i)(d)(e) that AT&T/Yahoo should be held accountable under these statues. AT&T is not a government agency and cannot be protected by Dennis v. Unites State post office.

Court's ruling on Mandamus jurisdictional statute65 for "private right of action" which states:

- However, the district court declined to dismiss the claims brought under the mandamus statute, relying on Chamber of Commerce v. Reich and principles of so-called "non-statutory" judicial review. It ruled that "the mandamus statute may provide an avenue to remedy violations of statutory duties even when the statute that creates the duty does not contain a private right of action." The district court concluded that FACA creates non-discretionary duties on the part of at least one of the federal defendants, and, therefore, that the plaintiffs properly stated a claim upon which relief could be granted.

Since defendants have pointed out discrepancies in plaintiff complaint he has no "private right of action" plaintiff will amend his cause of action under Mandamus jurisdictional statute 65; which allows for a private right of action when Congress did not provide a private right of action for a Company or individual who violates Federal Statues and count 6 18 U.S.C. §1702. Plaintiff will amend his cause of action to include 42 U.S. Code § 1983 - Civil action for deprivation of rights

Defendants rely on U.S. v. Jacobsen to refute plaintiff's 4TH amendment right to privacy claim of his private e-mail correspondence. Defendants have "erred" due to the fact that there was "probable cause" to open said package due to damage to package where "white powder" was leaking form package. Defendants contend first amendment does not apply to the conduct of private entities, Llyod v. Tanner. The only first amendment claim plaintiff is arguing is that AT&T is refusing to answer plaintiff demand letter, hiding behind NSL letters illegal mandate to not abide by 1ST amendment.

Plaintiff asserts Yahoo was acting as an agent for the government illegally and albeit unconstitutionally. According to Amos v. United States,255 U. S. 313, 255 U. S. 317 (1921) and United States v. Classic,313 U. S. 299, 313 U. S. 326 (1941). An Agent/Yahoo working for the United States government possesses a far greater capacity for harm that Yahoo WAS NOT acting as a government agent when AT&T/Yahoo collected, stored and read plaintiff e-mail.

Plaintiff will be amending his motion and request $3000 damages per each access of plaintiffs' e-mail for violating his rights in order to comply with federal statues Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed, 939 (1946), that petitioner's claim for damages did '(arise) under the Constitution' within the meaning of 28 U.S.C. 1331(a).

- Plaintiff's main concern is was not about damages but in order to satisfy federal law plaintiff will seeks damages. In order to determine damages plaintiff needs to know "how many times Yahoo has accessed his e-mail for their own use or government use.
- Each violation should be weighed as an individual count and plaintiff would rely on a jury to determine "damages" since Congress, federal law, or the Supreme Court in Bivens have failed to provide "guideline" for 4TH amendment right to privacy damages that are not tangible.
- Congress has provided numerous guidelines to protect pharmaceutical corporations from law suits under "Vaccine Compensation Program, and for criminals under "federal sentencing guidelines" to have "equality" for convicts from all Federal Judges not to be allowed to use their personal bias. Plaintiff contends that this failure of congress and the Supreme Court to provide "guidelines" for violations of constitutional rights where there is no tangible lose violates plaintiff 14TH amendment rights to equal protection.

**Page 12 section 3 & 4 privacy act and 501**

1967 in Katz v. United States, the Supreme Court extended Fourth Amendment protections to include some types of electronic communications and therefore informational privacy. Plaintiff asserts if this statute does not apply to private individuals like AT&T/Yahoo that this court would allow mandamus jurisdictional statute65.

**Page 13, section 5: Ordinary commercial contract/Material Breach of contract by AT&T/YAHOO**

1. Plaintiff contends Ms. Meyers/Yahoo may not have a fiduciary duty, but plaintiff will amend his cause of action to change "Fiduciary duty" to "contractual duty" in the same meaning of protections under contract law. Plaintiff asserts "ALL" terms and conditions in the contract deny plaintiff redress for:
- Trial by jury
- Damages under contract law
- Mandate to use arbitration and mandate to use American Arbitration Association.

- All of these "clauses" are one sided. AT&T/Yahoo has shown it has "substantial unequal bargaining position" and that enforcement of this contract would be manifestly unfair and oppressive to plaintiff's rights.

- Plaintiff contends based on prior AAA cases that a trial by jury in plaintiffs case is much more cost effective due to the high cost of arbitration verses a jury trial. My cost for a jury trial is currently $450.

- Can AT&T/Yahoo give me costs and time frame for current cost of arbitration verses my cost to go to trial?

- Can Yahoo categorically claim that arbitration is substantially lower in cost than trail and fair and impartial through prior AAA cases?

- Can AT&T/Yahoo claim that AAA does not have a secrecy clause that would deny plaintiff from talking about arbitration that would violate plaintiff's first amendment rights?

- Again plaintiff would humbly ask this honorable court where in the constitution or federal or state law allows AT&T/Yahoo the "***legal authority***" to re-write Contract law and eliminate "basic" contract law redress for "non performance" and "breach of contract" in yahoos favor.

- Plaintiff request from AT&T/Yahoo percentages from AAA of individual citizens that have gone to arbitration and won against AT&T/yahoo verses individual citizens who have lost and the average cost of arbitration for said citizens.

    2. Plaintiff contends that AT&T/yahoo breached its contract with plaintiff when AT&T/yahoo provided plaintiffs e-mail data to NSA and AT&T/yahoo collected and stored plaintiffs e-mail for AT&T/Yahoo in order to profit through "specified" ads on plaintiff web pages.

Plaintiff has found no clauses in AT&T/Yahoos terms and conditions that indicate plaintiff is giving up his right to privacy of his e-mail. Yet AT&T technician Mark Klein has stated the opposite of what AT&T/Yahoo is stating in their privacy policy. Even if AT&T/Yahoo did say they read plaintiffs e-mail; plaintiff contends it is in violation of Katz v. United States, 389 U.S. 347 (1967)). A material breach of contract is nonperformance of a contractual duty. A material breach of contract is nonperformance of a contractual duty.

AT&T/Yahoo had a contractual duty to protect plaintiff's e-mail from being collected and read, stored and have acted in bad faith and shown a reckless disregard for plaintiffs demand request.

## CONCLUSION

For the forgoing reasons, plaintiff asserts that he has meet Article III standing injury-in-fact after this honorable court see PBS frontline documentary that show AT&T/Yahoo is violating plaintiffs right to privacy.

Plaintiff asserts that AT&T/Yahoo violated their own privacy policy and plaintiffs 4TH amendment right to privacy and is in "Material Breach of contract".

Therefore, plaintiff believes that mandatory arbitration is not warranted based on AT&T conduct and plaintiffs assertions. Plaintiff would hope this honorable court would allow plaintiff time to prove his case in a pre-trial hearing.

Congress has failed to provide guidelines for violations of constitutional rights for *intangible loses* and the Supreme Court post Bivens case is resistant to said damages. Yet the Supreme Court indicated that general damages would be recoverable without proof of individualized injury, such as pecuniary loss or mental distress. Therefore plaintiff would ask this court in the alternative to consider these types of damages if they are warranted if Yahoo showed bad faith and a reckless disregard for plaintiff's rights.

Plaintiff humbly prays that this Honorable Court would see fit to allow plaintiff to have a jury trial in order to determine the issue of telecommunication providers reading, storing and copying domestic e-mail of their customers without legal authority for their own monetary gain.

Dated: December 2, 2014                                      BY: _____

Sent certified postal mail:                                  Louis Rousset

Article #7014 1820 0002 1034 1646                            Pro SE Counsel

Marissa Mayer CEO Yahoo                                      11802 Hornsby St
701 First Ave Sunnyvale CA 94089                             Austin Texas 78753
(408) 731-3300                                               512-833-9360

## CERTIFICATE OF SERVICE

I, Louis Rousset, hereby certify that on December 2, 2014, a true and correct copy of the foregoing **REBUTTLE MOTION AGAINST/ MOTION TO DISMISS FOR LACK OF SUBJCET JURISDICTION OR TO DISMISS IN FAVOR OF MANDATORY ARBITRATION** was served by U.S. Postal certified mail upon AT&T CEO Randal L. Stephenson on record:

Attorney of record Wittliff /Cutter PLLC

1803 West Avenue

Austin Texas 78701

Sent certified postal mail: Article # 7014 1820 0002 1034 1646


Marissa Mayer CEO Yahoo
701 First Ave Sunnyvale CA 94089
 (408) 731-3300

Louis Rousset PRO-SE Counsel

EXHIBIT-A-CD

*Ex hibiT B*



COMPLIANCE GUIDE FOR
LAW ENFORCEMENT

Yahoo! Inc. Compliance Team
Phone: 408-349-3687
Fax:  408-349-7941

# TABLE OF CONTENTS

Page

I.    YAHOO! LEGAL CONTACT INFORMATION....................................................................6

II.   GENERAL INFORMATION.............................................................................................6

III.  YAHOO! PROPERTIES AND SERVICES .........................................................................6

General Information about Yahoo! and Yahoo! IDs.............................................................................7

Yahoo! Mail ....................................................................................................................................7

Yahoo! Chat/Messenger....................................................................................................................8

Flickr ............................................................................................................................................8

Yahoo! Groups ................................................................................................................................9

Yahoo! GeoCities, Domains, Web-Hosting, and Stores .......................................................................10

Yahoo! Answers..............................................................................................................................10

Yahoo! Profiles ..............................................................................................................................10

Yahoo! Partnerships ........................................................................................................................10

IV.   PRESERVATIONS.......................................................................................................11

V.    SERVICE OF PROCESS ..............................................................................................11

VI.   NCMEC REPORTING PROCEDURES............................................................................12

VII.  COST REIMBURSEMENT POLICY................................................................................12

VIII. EMERGENCY DISCLOSURES......................................................................................12

IX.   CONSENT..................................................................................................................13

APPENDIX A ...................................................................................................................................14

Sample Preservation Request Letter ...................................................................................................14

APPENDIX B ...................................................................................................................................15

Sample Language for Subpoenas, Court Orders, and Search Warrants ....................................................15
    Sample Subpoena Wording for Identification of a Yahoo! User .....................................................15
    Sample Subpoena Wording for Information About a Yahoo! Group and its Moderators........................15
    Sample Search Warrant Wording for Information Related to a Yahoo ID .........................................15
    Sample Search Warrant Wording for Information about a Group and its contents................................15

## I.   YAHOO! LEGAL CONTACT INFORMATION

Compliance Team
Yahoo! Inc.
701 First Avenue
Sunnyvale, California 94089
Phone: 408-349-3687
Fax: 408-349-7941

Please address all subpoenas and other legal process to the Custodian of Records at the above address.

If you need to speak to someone at Yahoo!, the phone number listed above will allow you to leave a message in the voicemail for the Compliance Team.  Yahoo! will use its best efforts to return all calls during the same business day, or within 24 hours, depending on call volume.

## II.   GENERAL INFORMATION

This compliance guide is designed to assist law enforcement in understanding Yahoo!'s policies and practices with regard to retention and disclosure of electronic information and to provide answers to frequently asked questions related to subpoenas and other legal process.  The policies and procedures in this guide are subject to change without notice, and **this document is not meant to be distributed to individuals or organizations that are not law enforcement entities**, including Yahoo! customers, consumers, or civil litigants.  Nothing in this guide is intended to create any enforceable rights against Yahoo!.  Yahoo! will make reasonable efforts to advise law enforcement of significant changes in policies or procedures through updates to this guide.

Law enforcement should be aware that Yahoo! provides its users with a variety of different products and services, many of which are free and some of which require separate log-ins or subscriptions and generate separate electronic records.  In Yahoo!'s experience, the majority of law enforcement requests seek general information about a Yahoo! user or information specific to a particular Yahoo! service.  Accordingly, in crafting a subpoena, court order, or search warrant for such information, law enforcement should be as specific as possible.  Narrowly tailored requests yield significantly faster results, create fewer opportunities for misinterpretation, and generate lower reimbursable costs under the Electronic Communications Privacy Act, 18 U.S.C. § 2701, et seq. ("ECPA") and other federal statutes.

Law enforcement also should be aware that a great deal of the information that is subpoenaed from Yahoo! each year is publicly available information that can be viewed without any assistance from Yahoo!.  For example, many Yahoo! Groups can be found through a search at groups.yahoo.com.  Similarly, websites hosted on Yahoo!'s servers can be accessed by members of the public.

Yahoo! recommends that you visit Yahoo!'s help pages before you seek to obtain information from Yahoo!.  Help pages also provide valuable information on how services work, their features and options, and what information may be available publicly or through legal process.

> **A menu to all of Yahoo!'s help pages can be found at**
> http://help.yahoo.com.

## III.   YAHOO! PROPERTIES AND SERVICES

Yahoo! Inc. is a global Internet business and consumer services company that offers a comprehensive branded network of properties and services, many of which are free, to more than 500 million unique users worldwide. Currently, Yahoo! has about 230 million registered users.

Due to the differences among the many properties and services offered by Yahoo!, the amount of information, if any, maintained by Yahoo! about its customers and subscribers varies.  Moreover, as a public provider of electronic communications services and remote computing services, the disclosure of information maintained by Yahoo! is governed in large part by the ECPA, among other federal and state statutes.  A detailed application of these laws to

Exhibit C







# Judge rules that FBI 'National Security Letter' requests are illegal

By Jeb Jurism on March 17, 2013 8:12 pm



The U.S. Justice Department just had their biggest blow in regards to obtaining Internet and telephone surveillance data. A U.S. judge just ruled that National Security Letters (NSLs) are illegal under the U.S. Constitution.

The FBI, DEA and other federal police agencies use what is referred to as "National Security Letters", which are known simply as NSLs, in order to conduct surveillance on people or businesses without the need of a search warrant. That has all changed now when a U.S. Federal court ruled NSLs to be illegal.

The history of NSLs dates back nearly 4 decades to the 1970s when the Justice Department claimed that getting a search warrant for every incident was time consuming and detrimental to any particularly important cases. When the U.S. was under terrorist attacks in September 2001 (9/11), many new laws and statues were rushed through such as the U.S. Patriot Act that only amplified the Justice Department's ability to issue NSLs, which includes data on American citizen's Internet E-mails.

Just recently Google disclosed publicly just how many NSL requests they have received, but only listed the numbers without any particular specifics or which people were investigated. When a company gets an NSL request the law forbids them from disclosing the request to anyone else unless it is a company adviser or attorney for the corporation or ISP. Nevertheless, Google said their latest policy of NSL and other national governments requests and warrants needed to be public information.

U.S. District Judge Susan Illiston concluded in the ruling that NSLs are in direct violation of the First Amendment and separation of powers principles. However, the ruling has a stay pending appeal or 90 days if no appeal due to what judge Illiston referred to as "national security issues at stake."



Jun 3:
Obama Waives Credit Score Requirement

PICK YOUR AGE

| 18-25 | 26-35 | 36-45 |
| 46-55 | 56-65 | 66-75 |
| | Over 75 | |

Calculate New House Payment

LATEST HEADLINES



## HTC One (E8) announced with flagship specs, polycarbonate body

The HTC One (E8) brings hardware similar to the HTC One M8 but packs it all in a less premium plastic body. The HTC One M8 Ace has made numerous appearances...


Fight summer with JAXA's awesome space tech cooling vest


Samsung Gear 3 tipped for intro alongside Note 4, 'Gear Solo' production to be limited


Apple officially announces iOS 8 with lots of new features


Take a look a ADATA's Computex 2014 booth