FILED

2014 DEC -4 AM 10: 21

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
          DEPUTY

IN THE UNTIED STTES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LOUIS ROUSSET, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| AT&T INC | § | |
| AND | § | Civil Action No. A14CV0843LY |
| Mr. Randall L. Stephenson | § | |
| AND | § | JURY |
| Ms. Marissa Mayer | § | |
| AND | § | |
| YAHOO, INC, | § | |
| Defendant' | § | |



**PLAINTIFF'S** Supplement **TO** ........ **COMPLAINT**

TO THE HONORABBLE UNITED STATES DISTIRCT JUDGE:

COMES NOW LOUIS ROUSSET, the plaintiff in the above-styled and numbered cause of action, PRO-SE plaintiff and hereby complains of defendants AT&T INC, and YAHOO INC., and for cause of action would respectfully show unto the Court as follows:

## I. PARTIES

1. Plaintiff Louis Rousset, an individual who resides in Texas, may be served directly as a PRO- SE counsel.

2. Defendant Randall L. Stephenson Chairman/CEO of AT&T may be served prospectively at 208 South Akard Street Dallas, TX 75202, 210-283-1260 or wherever else he may be found.

3. Defendant Marissa Mayer CEO Yahoo Corporate Office & Headquarters may be served prospectively at 701 First Ave Sunnyvale CA 94089 Yahoo (408) 731-3300, or wherever else she may be found.

4. Defendants AT&T a Texas corporation may be served prospectively at 208 South Akard Street Dallas, TX 75202, 210-283-1260 or wherever else he may be found.

1

5. Defendants Yahoo INC may be served prospectively at 701 First Ave Sunnyvale CA 94089 Yahoo (408) 731-3300, or wherever else she may be found.

## VI. CAUSE OF ACTION

6. **Plaintiff is amending count 7 "fiduciary duty" TO BE replaced with "Contractual duty"**

### Count 8: AT&T has violated a "Material Breach of Contract"

According to AT&Ts own privacy policy and AT&Ts Mr. Brophys declaration by AT&T page 13, paragraph 2, AT&T states; "AT&T employees must follow the laws, regulations, court and administrative orders that apply to AT&T" Mark Klein AT&T(24:42 minutes into exhibit A) technician will "*corroborate*" plaintiffs cause of action and prove Article III standing and subject matter jurisdiction that plaintiff has suffered injury–in-fact .

According to Mark Klein, an AT&T technician in San Francisco discovered a private room 641A operated by the NSA in an AT&T facility. This room had a communication cable running from the 7TH floor to a splitter to room 641A. Mr. Klein categorically states that AT&T is providing domestic e-mail data to NSA and itself.

- Plaintiff asserts that he has suffered injury-in-fact and his 4TH amendment right to privacy under the U.S. Constitution through Mr. Klein's testimony. AT&T has violated plaintiff's privacy right in accordance with AT&Ts adhesion contract that does not indicate that AT&T will, read, collect, store or provide any government agency with plaintiff's e-mail without a "court Order" in compliance with federal law.

7. **COUNT 9: MANDAMUS JURISDICTIONAL STATUE 65 FOR ALL 6 COUNTS OF PLAITNIFFS CAUSE OF ACTION and   42 U.S. CODE § 1983**

Plaintiff is amending his cause of action for Mandamus jurisdictional Statue 65 to be applied to all counts of plaintiff's cause of action if deemed necessary.

Defendants have claimed that plaintiff does not have a "private right of action" against AT&T for violating federal statue when Congress has not provided a private right of action for a Company or individual who violates Federal Statue count 6 18 U.S.C.

2

§1702. Plaintiff would hope this honorable Court would apply mandamus on this count and 42. U.S. 1983 since Congress has failed to provide guidelines when a company violates constitutional rights.

Plaintiff would request this honorable court to disregard count 2, 1705 which was plaintiff's error and apologizes.

If so, Plaintiff will assert that under mandamus jurisdictional statue 65 this honorable court has jurisdiction when a plaintiff is asserting his rights under said statue to hold AT&T accountable if they are found guilty of count 6 and are considered agents for government acting in bad faith. Or defendants were not acting as agents of the government.

## 8. COUNT 10: 42 U.S. CODE § 1983 - CIVIL ACTION FOR DEPRIVATION OF RIGHTS
## GENERAL DAMAGES

Plaintiff is asserting his right under 42 U.S. Code § 1983 for deprivation of his constitutional right to privacy by AT&T which states:

Every person or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. Plaintiff asserts AT&T was acting as an agent of the government in bad faith.

Plaintiff asserts that according to AT&T/Yahoo, Mr. Stephenson and Ms. Mayer's were acting as *"government agents"* and are protected under 18 U.S.C, §2703, 2707(e), and 2709. If so then it must be determined "IF" defendants were acting in accordance with federal law OR were violating federal law if no warrant or subpoena was provided for the collection for domestic e-mail.

Furthermore; if defendants were acting as government agents, were they acting in bad faith and a reckless disregard for plaintiff's rights? Defendants should be held accountable for this bad faith conduct and any and "ALL" binding contract requirements should be disallowed in the

interest of justice. Plaintiffs contend under § 1983 Defendants can be held finically liable for their conduct.

If defendants' were not acting as agents for the government plaintiff would request since defendants have claim protection 18 U.S.C, §2703(e), 2707(e), and 2709, that mandamus jurisdictional statue 65 could be applied to this statue if this Honorable court so deems fit to do so.

## 9. COUNT 11: 28 U.S. CODE § 1332(A) - DIVERSITY OF CITIZENSHIP

Plaintiff is amending his cause of action in order to comply with certain federal courts that have dismissed a cause of action due to plaintiff not seeking specified damages. In accordance with above statue plaintiff is asking for $75000 for each constitutional right to privacy violation proving that Yahoo read, stored, and transmitted plaintiffs e-mail for profit bad faith as government agents or in bad faith not as government agents.

## 10. COUNT 12: RULE 9(G) PLEADING SPECIAL MATTERS

Plaintiff is seeking emotional distress damages for AT&T violating plaintiff 4TH amendment right to privacy: plaintiff is fearful of using his e-mail to contact anyone. Plaintiff repeatedly has stress and anxiety cannot stop talking about AT&T and Yahoo reading and disseminating his e-mail. Plaintiff has stopped using his e-mail unless it is of an urgent matter and is constantly worrying about what he will say in his e-mail knowing that someone is reading his personnel correspondence. Family members repeatedly ask plaintiff to stop talking about his e-mail being read and losing sleep over this issue. Plaintiff constantly worries about AT&T ability to read and access his e-mail.

(SEE) Rights Acts, 42 U.S.C. " 1981 and 1983: Patterson v. McLean Credit Union, 491 U.S. 164, 182 n. 4 (1989) (Section 1981); Hafer v. Melo, 502 U.S. 21, 31 (1991) (Section 1983). The U.S. Supreme Court has noted with respect to emotional distress damages that a genuine injury in this respect may be evidenced by ones conduct and observed by others, Carey v. Piphus, 435 U.S. 247, 264 n. 20 (1978).

## DAMAGES:

Plaintiff research of case federal case law indicates if plaintiff does not ask for "specified" damages Court will dismiss cause of action based on plaintiff's failure. Defendants refusal to

inform plaintiff for a YES or NO answer to reading, storing and disseminating plaintiffs e-mail has left plaintiffs ***burden of proof*"** extremely difficult to prove.

Plaintiff would ask for minimum required standard of $3000 for each (access into plaintiff e-mails) 4TH amendment violation of plaintiff's right to privacy as determined by a jury by AT&T:

- Plaintiff will seek damages based on each count proved, where AT&T accessed plaintiffs e-mail.
- Plaintiff will seek damages for each count proved, that AT&T providing plaintiffs e-mail data that allowed 3RD party providers to read plaintiffs e-mail.
- Plaintiff will seek damages for each count proved, that AT&T provided the NSA with plaintiffs e-mail data.
- Plaintiff would ask this court to allow a Jury or consider above amount to determine the amount of monetary and punitive damages to "punish and deter" any further wrong doing by AT&T for each count proven.

Plaintiffs research has indicated that an Intangible loss can be fear, grief, anxiety which are very real and, unfortunately, usually dismissed and unacknowledged by the Federal Courts and companies like AT&T/Yahoo. Intangible loss includes things like:

- Loss of sense of security
- Loss of privacy
- Loss/of sleep

- Grief or anxiety
- Loss of faith or hope

## BAD FAITH CONDUCT ON THE PART OF YAHOO

According to Yahoo (exhibit B) Yahoo compliance guide for law enforcement page 6 sections II, General Information:

1. Yahoo mentions a court order or subpoena in obtaining information from Yahoo. Nowhere does it Compliance Guide state NSL statutory authorizations or "certification" to obtain domestic e-mail data. Now Yahoo/Ms. Mayer wants protection under stored communications act. Under Exhibit a PBS frontline documentary (19:00 minutes into exhibit A) documentary clearly points out a program by the NSA *"Prism"* is collecting domestic e-mail from Yahoo renting data lines to NSA. Furthermore, another NSA program *"Muscular"* (21:00 minutes into exhibit A) originally intended for "foreign e-mail data collection gave NSA a backdoor into Yahoo domestic e-mail data.

2. Clearly plaintiff contends Yahoo was aware of the NSAs conduct and should be held accountable. Plaintiff assumes based on reading this document that Yahoo would require "ALL" law enforcement to follow a subpoena or court order, which is not the case.

## PERMANENT INJUCTION AGAINST AT&T/YAHOO FOR "INTANGABLE LOSES

Plaintiff would request a permanent injunction against both defendants for the clause no liability to defendants against for violating any type of *"intangible loses"*. Plaintiff contends that defendants willfully and in bad faith and a reckless disregard for any type of violations against their customers constitutional rights. This clause is a deliberate attempt by defendants to *"circumvent"* liability for procedural due process, due process, substantive due process(18 U.S.C, §2703(e), 2707(e), and 2709 allow no recourse against defendants) 4TH amendment right to privacy when no monetary lose has occurred.

## CONCLUSION

For the forgoing reasons, plaintiff asserts that he has meet Article III standing injury-in-fact after this honorable court sees (Exhibit A) PBS frontline documentary that show AT&T technicians testimony that AT&T is violating plaintiffs right to privacy.

Plaintiff asserts that AT&T violated their own privacy policy and plaintiffs 4TH amendment right to privacy and is in "Material Breach of contract". Therefore, plaintiff believes that mandatory arbitration is not warranted based on AT&T conduct and plaintiffs assertions.

Congress has failed to provide guidelines for violations of constitutional rights for *intangible loses* and the Supreme Court post Bivens case is resistant to said damages. Yet the Supreme Court indicated that general damages would be recoverable without proof of individualized injury, such as pecuniary loss or mental distress. Therefore plaintiff would ask this court in the alternative to consider these types of damages if they are warranted to deter further mischief.

Plaintiff humbly prays that this Honorable Court would see fit to allow plaintiff to have a jury trial in order to determine the issue of telecommunication providers reading, storing and copying domestic e-mail of their customers without legal authority for their own monetary gain.

BY: _____

Dated: December 3, 2014
Sent by U.S. Certified mail
#7014 2120 0002 1807 2928

Louis Rousset
Pro SE Counsel
11802 Hornsby St      512-833-9360

6

## CERTIFICATE OF SERVICE

I, Louis Rousset, hereby certify that on December 3, 2014, a true and correct copy of the foregoing **AMENDMENT TO PLAINTIFF'S FOURTH AMENDMENT COMPLAINT** was served by U.S. Postal certified mail upon the AT&T CEO Randall L. Stephenson on record or attorneys of record:

TO: Attorney of record Wittliff /Cutter PLLC

1803 West Avenue

Austin Texas 78701

Sent certified postal mail: Article #7014 2120 0002 1807 2928

TO: Yahoo INC,
701 First Ave Sunnyvale CA 94089
(408) 731-3300

TO: Marissa Mayer CEO Yahoo
701 First Ave Sunnyvale CA 94089
(408) 731-3300

TO: Randall L. Stephenson Chairman/CEO of AT&T
208 South Akard Street Dallas, TX 75202, 210-283-1260
Sent certified postal mail: Article # 7014 1820 0002 1034 1622

TO: AT&T INC,
208 South Akard Street Dallas, TX 75202, 210-283-1260
Sent certified postal mail: Article # 7014 1820 0002 1034 1622

Louis Rousset PRO-SE Counsel