IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LOUIS ROUSSET, | § § § § | |
| Plaintiff, | | |
| V. | § § § | A-14-CV-843  LY |
| AT & T INC.; YAHOO, INC.; RANDALL L. STEPHENSON; AND MARISSA MAYER, | § § § § | |
| Defendants. | § | |

### ORDER

Before the Court are the Motion to Dismiss For Lack of Subject-Matter Jurisdiction or, Alternatively, to Dismiss in Favor of Mandatory Arbitration, filed November 12, 2014 (Clerk's Dkt. #2), as well as Defendant Yahoo, Inc.'s Motion to Dismiss, filed November 12, 2014 (Clerk's Dkt. #7). Plaintiff filed his original complaint in this action on September 4, 2014. He filed responsive pleadings to the two pending motions to dismiss on December 3, 2014. One day later, on December 4, 2014, Plaintiff filed a document entitled "Plaintiff's Supplement to Complaint" ("Supplement) (Clerk's Dkt. #17). In the Supplement, Plaintiff indicates variously that he is amending his prior claims, requests the court to "disregard" a portion of one claim, and also appears to assert additional claims against some or all of the defendants.

Although Plaintiff labels his pleading as a supplement, it is not clear whether he is intending to amend his original complaint or provide supplementation to his original complaint. However, a supplemental pleading is properly filed "[o]n motion and reasonable notice" with permission from the court. FED. R. CIV. P. 15(d). A supplemental pleading is limited to one "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." *Id*. Filing an amended pleading also requires leave of court, or consent of the opposing parties. FED. R. CIV. P. 15(a). "Amending" a pleading involves entirely replacing the earlier pleading with a new pleading containing matters that occurred before the filing of the original pleading, while

"supplementing" a pleading involves merely adding to the original pleading events occurring after the earlier pleading. *Francis ex rel. Estate of Francis v. Northumberland Cnty*, 636 F. Supp. 2d 368, 383 n.26 (M.D. Pa. 2009) (citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1504 (3d ed. 2004).

The undersigned notes Plaintiff is proceeding pro se in this action. He is, therefore, afforded some extra consideration from the court. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972) (pro se pleadings properly afforded liberal construction). Nonetheless, Plaintiff is still bound by the same responsibilities and rules as other litigants in federal court. *See Douglass v. United Services Auto. Ass'n*, 65 F.3d 452, 455 n.4 (5th Cir. 1995) (appellate court will liberally construe briefs filed by *pro se* litigants, but still requires compliance with Federal Rules of Procedure).

In light of the above identified deficiencies in Plaintiff's Supplement, Plaintiff is hereby ORDERED to file a written pleading **on or before December 22, 2014** stating whether he is seeking to amend or supplement his current complaint. The written pleading should be accompanied by a proposed amended complaint or a proposed supplement. Plaintiff is reminded a supplement to his complaint must be limited to matters occurring after the original filing of his complaint. Should Plaintiff choose to submit an amended complaint, he is reminded the amended complaint would completely replace his original pleading and should therefore include all parties he is naming as defendants, all factual allegations he is asserting against the defendants and all legal claims for relief he is asserting against the defendants.

**SIGNED** on December 9, 2014.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE