FILED

2014 DEC 16  AM 10: 32

IN THE UNTIED STTES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LOUIS ROUSSET, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | NO: A14CV0843LY |
| v. | § | Jury |
| | § | |
| AT&T INC, | § | |
| AND | § | |
| YAHOO INC, | § | |
| | § | |
| DEFENDANTS. | § | |

"AMENDED COMPLAINT"

PLAINTIFF'S FOURTH AMENDMENT COMPLAINT

TO THE HONORABBLE UNITED STATES DISTIRCT JUDGE:

COMES NOW LOUIS ROUSSET, the plaintiff in the above-styled and numbered cause of action, PRO-SE plaintiff and hereby complains of defendants AT&T INC, and YAHOO INC., and for cause of action would respectfully show unto the Court as follows:

I. PARTIES

1. Plaintiff Louis Rousset, an individual who resides in Texas, may be served directly as a PRO- SE counsel.

2. Defendant Randall L. Stephenson Chairman/CEO of AT&T may be served prospectively at 208 South Akard Street Dallas, TX 75202, 210-283-1260 or wherever else he may be found.

3. Defendant Marissa Mayer CEO Yahoo Corporate Office & Headquarters may be served prospectively at 701 First Ave Sunnyvale CA 94089 Yahoo (408) 731-3300, or wherever else she may be found.

4. Defendants AT&T a Texas corporation may be served prospectively at 208 South Akard Street Dallas, TX 75202, 210-283-1260 or wherever else he may be found.

5. Defendants Yahoo INC may be served prospectively at 701 First Ave Sunnyvale CA 94089 Yahoo (408) 731-3300, or wherever else she may be found.

6. Defendants AT&T a Texas corporation and YAHOO INC. a California corporation, are both domestic for profit corporations that are licensed to conduct business in Texas. Defendants have not been served with process, and will be served upon case number provided to Plaintiff by this Honorable Court upon Plaintiffs filing.

## II. JURISDICTION

7. This Court possesses federal question jurisdiction over the instant cause of action. 28 U.S.C. 28 § 1331. This cause of action arises from the plaintiffs recent notification by A PBS Frontline documentary were an AT&T employee categorically states that AT&T is providing the NSA access to all of AT&Ts customers domestic e-mail. Plaintiff asserts that this documentary clearly show plaintiff has suffered injury-in-fact and will show Article III standing. Furthermore this documentary will also show that Yahoo either knowingly or unknowingly provided the NSA with access to Yahoos domestic e-mail through yahoos renting the NSA data access lines to foreign data lines.

8. Plaintiff asserts that AT&T/Yahoo are also collecting plaintiffs personal e-mail data, and all other AT&T customers personal e-mail for private monetary gain without a probable cause hearing or a warrant from a Federal Judge.

9. When the plaintiffs found out that his e-mail and web browsing and that of his families was being read and plaintiffs browsing history was being monitored and data collected by third parties and the NSA and AT&T/Yahoo without a probable cause hearing and/or a warrant from a federal judge, plaintiff believes that his 4TH Amendment right to privacy under the United States Constitution was violated. The plaintiffs after great trepidation sent a Demand letter to AT&T/Yahoo to sese and desist from violating plaintiff's 4TH Amendment right to privacy, through certified US postal mail on 06/16/2014 to AT&T. AT&Ts response was by a phone message on Tuesday June 5TH, 2014 10:37am, Manager Gwendolyn Jones office of the president indicated NSA/FBI NSL requests and AT&T data collection are: "proprietary information" and AT&T complies with all laws regarding NSL letters. Plaintiff responded by phone message

numerous times with no response from Ms. Jones; indicating to Ms. Jones to please sese and desist any and all data collection from me and my family in writing or plaintiff would seek federal judicial civil action against AT&T/Yahoo. Plaintiff also request the number of times his e-mail and that of his family and web browsing data was monitored and read by third parties and AT&T/Yahoo and the NSA. To date plaintiff has had no response from defendants.

10. It is the plaintiffs understanding that The US Supreme Court (US v. Katz 389 US 347) has made it clear that this core privacy protection does cover government eavesdropping, and plaintiff would hope this applies to corporations. United States Code Title 50, Chapter 36, Subchapter 1 Section 1809. Criminal sanctions (a) Prohibited activities: (c) Penalties; An offense described in this section is punishable by a fine of not more than $10,000 or imprisonment for not more than five years, or both.

    a. Plaintiff would humbly ask the court if a corporation is in violation of the above statue how does a corporation be held accountable for said violation if there is no private right of action against entities that are not government agents.

11. Plaintiff assert due to AT&T and Yahoos claim of immunity under sections §2703(d), §2703(d) and§2709 defendants are assert they are acting in the capacity as government agents and there is Federal jurisdiction over an offense under this section if the person committing the offense was an officer or employee of the United States at the time the offense was committed.

### III. VENUE

12. Venue lies in the Austin Division of the United States District Court for the Southern District of Texas, as the Austin Division of the Southern District of Texas is the federal judicial division and district in which a substantial part of the events or omissions underlying this cause of action arose, 28 U.S.C. § 1391(e). Furthermore venue is proper in this division and district because this division and district is in the place:

    (1) In which NSA/AT&T and Yahoo are alleged to have committed unlawful violation of plaintiffs 4TH Amendment right to privacy by unlawfully accessing plaintiffs e-mail as government agents.

    (2) Furthermore plaintiffs alleges, AT&T and Yahoo have committed unlawful violation of plaintiffs 4TH Amendment right to privacy by unlawfully accessing plaintiffs e-mail as a private corporations and have no immunity from prosecution and should be held fully

accountable for their "bad faith" conduct in reading, collecting and storing plaintiffs e-mail for private monetary gain.

(3) Plaintiff's research has indicated that there are no judicial remedies for a private cause of action against a private corporation AT&T and Yahoo for violating plaintiffs 4TH amendment right to privacy and illegally accessing domestic e-mail without a warrant.

    a. Plaintiffs will assert special remedies for holding defendants accountable as government agents and as private corporations under FRCP 28a U.S. Code Rule Writ of Mandamus and Prohibition, in the hope that this honorable Court would see fit to provide plaintiff Due Process under this extraordinary statue.

## IV CONDITIONS PRECEDENT

All conditions precedent to the establishment of liability on the part of the Defendants, have been performed or have occurred.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. Plaintiff timely asserted his Constitutional rights violations to AT&T/Yahoo by sending a Demand letter to sese and desist from data collection and reading of e-mail to AT&T by U.S. postal mail article # 7012 2210 0000 1007 0218, received by AT&T June 6, 2014 and to Yahoo article # 7012 2210 0000 1007 0270, received by Yahoo June 26, 2014.

## INTRODUCTION

14. When plaintiff saw a PBS documentary (SEE exhibit A) that should AT&T employee Mark Klein categorically stating that AT&T was providing e-mail data to the NSA and itself for monetary gain, plaintiff became so distraught that he needs to take some kind of action. Plaintiff sent a demand letter to AT&T and Yahoo to stop reading plaintiffs private e-mail. Yahoo failed to respond and AT&T called stating proprietary information system.

15. Plaintiff would not have filed this cause of action if AT&T secretary to the President Gwendolyn Jones on June 10, 2014 would have indicated to plaintiff that AT&T does not read OR store Plaintiffs e-mail for itself or NSA.

16. AT&T/Yahoo acted in bad faith and a reckless disregard for plaintiff's rights. When defendants refused to respond to plaintiffs demand letter, plaintiff had one of two choices:

a) Plaintiff can do nothing about AT&Ts failure to respond to plaintiff's Demand Letter and give up plaintiff's privacy rights for failure to assert legal action in a timely manner.

b) Plaintiff can go to court in order to have AT&T/Yahoo respond to plaintiffs assertions; "does AT&T/Yahoo collect my e-mail data for themselves and 3[rd] party vendors for profit? And does AT&T allow NSA to collect domestic e-mail data from AT&T facilities in San Francisco from room 641A (SEE Exhibit A, CD documentary).

17. Plaintiff asserts AT&Ts and Yahoos failure to responds to plaintiffs demand letter was deliberate in order to make plaintiff "*burden of proof*" extremely difficult to prove. How can plaintiff assert an adequate "injury in fact" to satisfy Article III cause of action if AT&T/Yahoo refuses to respond with a yes or no answer that they are reading, storing, collecting my personal e-mail? Plaintiff asserts defendant's failure to respond alone raises a due process claim. If defendants are not collecting, reading, and storing plaintiffs e-mail for itself, all defendants had to do was tell plaintiff "NO" this is not happening and plaintiff would have not file this cause of action.

## VI. CAUSE OF ACTION

18. Plaintiff cause of action is against all four defendants for defendants violating plaintiffs 4TH amendment right to privacy of his communication line that provides plaintiff with phone service and e-mail.

19. Plaintiff would like to point out to this Honorable Court separate "*differences*" in regard to defendants, some of which are *prejudicial* to plaintiff:

a. [1]Plaintiff is seeking to stop defendants as government agents who violated the law by allowing the government access to plaintiff domestic e-mail and are not protected under§2703(d), §2703(d) and§2709 for bad faith and a reckless disregard for plaintiffs rights and plaintiff would seek relief pursuant to federal tort claims act FRPC 28 U.S. CODE § 2679, 28 U.S.C. § 2671.

b. [2]Plaintiff is seeking to stop defendants as private corporations from accessing plaintiff's private e-mail and hold defendants accountable for violating plaintiff's rights to privacy. Plaintiff is seeking relief pursuant to FRCP 28a U.S. Code Rule Writ of Mandamus and Prohibition, and Other Extraordinary writs for defendants conduct. Due to the fact that Congress and the Courts failed to provide a private right of action against entities who are not government agents who violate federal law and Constitutional intangible losses claims.

c. [3]Plaintiff has encountered a great "inequality" by Congress and the Supreme Court and the District Courts to provide "Punitive damages" or any type of monetary damage for violation of a plaintiff's non-tangible constitution right violation claim.

d. [4]YET in this case at hand the defendants as private citizens and as agents of the government are allowed to profit exponentially by violating an intangible right to privacy of plaintiff through accessing his private e-mail for enormous monetary gain.

e. [5]WHY are the defendants allowed to profit for violation from an intangible privacy right of the plaintiff. While the plaintiff is not allowed to seek any type of monetary damages for these intangible loss rights violations.

f. Furthermore; the defendants have inserted in their adhesion contract that plaintiff cannot seek damages for defendants violating any type of "intangible loss"?

g. Plaintiff was unable to find concrete data to show how much defendants are profiting from accessing e-mail and web browsing. Exhibit A (36:10Min into CD) Mr. Larry Page and. Serge Brin from Goggle made billions of dollars from this access their client e-mail and web browsing data and plaintiff can only infer is it not reasonable that defendants are not profiting through this same conduct?

h. Plaintiff would point out that damages are supposed to be a "reasonable" form of compensation when a wrong is committed against a plaintiff seeking redress, yet the Supreme Courts "inconsistent" ruling on post Bevin's claims for non-tangible rights violations have left the process for compensation "Arbitrary and Capricious".

i. Plaintiff contends that plaintiff 14TH amendment rights or plaintiff believes his 5TH amendment right to "equal protection" under the United States Constitution have been violated by the government by not allowing plaintiff a [1]cause of action against defendants for federal statue violations and [2] not allowed the plaintiff to seek monetary damages that would deter future bad faith conduct on the part of the defendants for a violation of plaintiffs non-tangible privacy rights violations.

20. Article III standing: (SEE exhibit A, CD)

In the summer of 2002 in an AT&T facility in San Francisco an AT&T Technician "Mark Klein" noticed something "peculiar" on the 6TH floor room 641A. This room had no door handles or access. Mr. Klein found all internet cables going from the 6TH floor to the 7TH floor were all AT&T internet communications are transmitted to all parts of the country.  Klein's investigation

show AT&T internet cables were going to a "splitter "directed to a private room 641A that was operated by the National Security Agency. Klein determined that the NSA was copying all AT&T internet traffic. Plaintiff contends that as an AT&T customer, his e-mail was copied and stored by the NSA, AT&T and 3rd party providers.

21. Plaintiff would request a "pre-trial" conference and subpoena Mr. Klein to testify at the conference in order to determine plaintiffs claim. Defendant Stephenson and AT&T have also stated that "no cause of action" is warranted against a telecommunication provider under 18 US.C. §2703(e) which states:

> "No Cause of Action against a Provider Disclosing Information under This Chapter. — No cause of action shall lie in any court against any provider of wire or electronic communication service, its officers, employees, agents, or other specified persons for providing information, facilities, or assistance in accordance with the terms of a court order, warrant, subpoena, statutory authorization, or certification under this chapter".

22. Defendant AT&T /Yahoo is relying solo on "certification" letter from FBI/NSA to absolve AT&T/Yahoo of any wrong doing.  Yet defendants have not responded to plaintiff's claim that defendants are not reading, storing and collection plaintiff's e-mail.

Defendant Stephenson and AT&T claim plaintiffs claim is without merit because federal Statue 18 US.C, §2703(d) provide "Requirements for a Court Order" to obtain and store e-mail data.

23. Plaintiff would request a Subpoena for CEO, Stephenson to refute or deny any knowledge of room 641A and determine if this data collection is still ongoing and the purpose for the splitter and data collection by AT&T and the NSA as stated by Mr. Klein.

24. What steps have AT&T taken to remove room 641A an stop NSA from using AT&T facilities to collect domestic e-mail?

Defendant is relying on 18 U.S.C, §2707(e) as a Defense, which states;

> (e) Defense, A good faith reliance on
> "A court warrant or order, a grand jury subpoena, a legislative authorization, or a statutory authorization (including a request of a governmental entity under section 2703 (f) of this title);

a request of an investigative or law enforcement officer under section 2518 (7) of this title; or

a good faith determination that section 2511 (3) of this title permitted the conduct complained of;

Is a complete defense to any civil or criminal action brought under this chapter or any other law".

25. Plaintiff asserts the defendant has to be aware of AT&T technicians Mr. Klein's testimony on the PBS documentary "frontline",  and Katz v. United States, 389 U.S. 347 (1967),  federal statues 18 U.S.C. § 2511 (i)(d)(e) and Doe v. Ashcroft/Gonzales/Mukasey/Holder.

The above case is a land mark decision where the first telecommunication provider Nick Merrill CEO Calyx challenged NSL letter in Federal Court and Appellate court favored Calyx that indicates NSLs where illegal. Defendants do not have standing on 18 U.S.C, §2707(e) "GOOD FAITH RELIANCE" based on Federal Court ruling and Statues.

26. Defendant contends under 12 U.S.C, § 3414 that FBI has authorization to obtain data in certain counter intelligence cases.  This argument has no merit, due to the fact that plaintiff is only concerned with "domestic" e-mail data collection without a warrant and this statute is for international e-mail. Furthermore defendant lists 15 U.S.C, §1681(u) U.S.C, §1681 v, the collection of data for "intelligence or counter intelligence matter or international terrorism. What merit does this statue pertain to plaintiff for the collection of plaintiffs domestic e-mail?

27. If the NSA used any of these statutes domestically without a court order from a Federal Judge plaintiff contends that the NSA is violating the law and defendants are conspiring with the NSA knowingly or unknowingly by failing to challenge any NSL letter demanding domestic e-mail (SEE) Doe v. Ashcroft/Gonzales/Mukasey/Holder.

28. How many times has AT&T/Yahoo question an NSL?

29. Defendant has relied on another federal statute 18 U.S.C, §2709, which has no relevance or merit due to the fact that this statue deals with international terrorism and defendant fails to indicate how 18 U.S.C, §2709 is relevant to plaintiffs cause of action for domestic e-mail.

30. Plaintiff would also request at a pretrial conference that Mr. Brophys testimony to plaintiffs acceptance of contract that in said contract there is "NO" provision that allows AT&T to read, collect and store plaintiffs e-mail. Even if contract contained this access would it not violate

plaintiff's rights? SEE Katz v. United States, 389 U.S. 347 (1967) and federal statues 18 U.S.C. § 2511 (i)(d)(e). Plaintiff contends that his claim is not hypothetical.

## COUNT 1: NSA/AT&T AND YAHOO VIOLATED PLAINTIFFS 4TH AMENDMENT RIGHT TO PRIVACY

31. The plaintiff is a United States Citizen and is protected by United States Constitution and his 4TH Amendment right to privacy was violated when the NSA, AT&T and Yahoo collected e-mail data from plaintiffs e-mail account without a probable cause hearing and a warrant from a federal judge.

32. The US Supreme Court (US v. Katz 389 US 347) has made it clear that this core privacy protection does cover government eavesdropping. As a result, all electronic surveillance by the government in the United States is illegal, unless it falls under one of a small number of precise exceptions specifically carved out in the law.

   a. The same phone line that is protected from "wiretaps" under Federal Law is used by plaintiff's computer and these rights should be reasonably extended to computer usage in the sanctity of Plaintiffs home, where his "ultimate" right to privacy should cover any actions in his home i.e. sending private correspondence "e-mail" which is a letter in electronic form.

   b. Therefore plaintiff will assert that federal statutes that government "tangible" mail should cover "intangible" mail. Plaintiff will assert that it is not his fault that Congress and the Court have failed to keep up with technology and plaintiff can only try to assert his privacy rights with the federal statues currently available.

## COUNT 2: 18 U.S.C. §1702 OBSTRUCTION OF CORRESPONDENCE BY PRYING INTO THE BUSINESS OF PLAINTIFF'S PRIVATE E-MAIL FOR MONETARY GAIN

1. AT&T has read plaintiffs private e-mail and web browsing history through its "propriety information program" in order to profit for AT&T and from 3rd party vendors who want to place ads on plaintiff's website for monetary again of all parties except plaintiff above statue state:

   a. "Whoever takes any letter, postal card, or package out of any post office or any authorized depository for mail matter, or from any letter or mail carrier, or which has been in any post office or authorized depository, or in the custody of any letter or mail carrier, before it has been delivered to the person to whom it was directed, with design to

obstruct the correspondence, or to pry into the business or secrets of another, or opens, secretes, embezzles, or destroys the same, shall be fined under this title or imprisoned not more than five years, or both".

b. If AT&T and Yahoo are reading, collecting and storing plaintiffs e-mail can this court *"reasonably infer"* that this illegal action on the part of defendants is identical to violating18 U.S.C. §1702. The US Supreme Court (US v. Katz 389 US 347) has made it clear that this core privacy protection does cover government eavesdropping Katz states:

   i. "The Government stresses the fact that the telephone booth from which the petitioner made his calls was constructed partly of glass, so that he was as visible after he entered it as he would have been if he had remained outside. But what he sought to exclude when he entered the booth was not the intruding eye -- it was the uninvited ear. He did not shed his right to do so simply because he made his calls from a place where he might be seen. No less than an individual in a business office, [Footnote 10] in a friend's apartment, [Footnote 11] or in a taxicab, [Footnote 12] a person in a telephone booth may rely upon the protection of the Fourth Amendment. One, who occupies it, shuts the door behind him, and pays the toll that permits him to place a call is surely entitled to assume that the words he utters into the mouthpiece will not be broadcast to the world. To read the Constitution more narrowly is to ignore the vital role that the public telephone has come to play in private communication".

2. If a person has a right to privacy in a "public" phone booth then shouldn't a person in the privacy of their own home enjoy those same rights? The e-mail is an extension of a phone line and should hold the same protections when a person is sending his private, thoughts, feeling and emotions to a father, mothers, sister brother or best friend.

   o Plaintiff contends that Congress and the Courts and Federal Statues have not kept up with technology. Plaintiff contends the current laws fail to provide guidelines and penalties to hold companies accountable for violating people rights to have their private, thoughts, feeling and emotions in private e-mail read, stored for personal monetary gain by defendants.

   o IF a person's word on a phone line are protected in a phone booth under the Fourth amendment; is it not reasonable to extend this protection to the same "words" on the same "phone line" to a person's e-mail, when the words in e-mail are the same words a person would be speaking on a phone line.

3. Plaintiff contends if the Government/Congress has failed to protect this basic right of privacy that the Courts would step in to uphold this constitutional right and hold anyone accountable government agent, private companies, or citizen.

   c. " according to Katz: "It is the Court's opinions in this case and Berger which, for the first time since 1791, when the Fourth Amendment was adopted, has declared that eavesdropping is subject to Fourth Amendment restrictions and those conversations can be "seized". "I must align myself with all those judges who up to this year have never been able to impute such a meaning to the words of the Amendment" and stated "The Fourth Amendment protects privacy only to the extent that it prohibits unreasonable searches and seizures of "persons, houses, papers, and effects." Is my e-mail in my home not an electronic paper? The defendants reading my e-mail in plaintiffs opinion is "ease dropping".

## COUNT 3: NSA/AT&T AND YAHOO VIOLATED PLAINTIFFS PRIVACY RIGHTS UNDER PRIVACY ACT OF 1974 (5 U.S.C. 552A)

2. Plaintiff was corresponding through e-mail with his doctor Jon Smedley regarding his medical issues and Long Term Disability benefits.

   a. At issue is Section 552a (g)(4) of the Privacy Act of 1974. This section authorizes individuals to sue federal agencies for "actual damages" resulting from unlawful disclosures of confidential information. See 5 U.S.C. § 552a(g)(4). The United States Court of Appeals for the Ninth Circuit held that the term "actual damages" encompasses any mental or emotional harm suffered.

   b. Plaintiff would also contend that defendants reading plaintiffs e-mail to and from his doctor through a computer program violates the plaintiff's privacy rights.

   c. Plaintiff contends as private corporation's defendants have violated this privacy law BUT there are no private rights of action for private companies violating this statute, therefore plaintiff is seeking relief pursuant to FRCP 28a U.S. Code Rule Writ of Mandamus and Prohibition.

## COUNT 4: PLAINTIFF ASSERTS THAT NSA/AT&T/YAHOO VIOLATED HIS ATTORNEY CLIENT PRIVILEGE UNDER 501 PRIVACY ACT

3. Plaintiff was corresponding by e-mail with Attorneys Winckler & Harvey in regard to medical complication surgeries and sent medical documents through e-mail to attorneys and corresponded with Disability Rights Texas attorney regarding plaintiff's medical issues and medical data provided to attorneys by e-mail. The privacy right between a client and his attorney

by corresponding through e-mail should be considered private, if a computer program reads that e-mail would this not construe a violation of a attorney client privilege which state:

   a. "Information exchanged between two people who (1) have a relationship in which private communications are protected by law, and (2) intend that the information be kept in confidence. The law recognizes certain parties whose communications will be considered confidential and protected, including spouses, doctor and patient, attorney and client, and priest and confessor. Communications between these individuals cannot be disclosed in court unless the protected party waives that protection. The intention that the communication be confidential is critical. For example, if an attorney and his client are discussing a matter in the presence of an unnecessary third party -- for example, in an elevator with other people present -- the discussion will not be considered confidential and may be admitted at trial".

   b. There are no federal statutes that have covered this first time claim by plaintiff in regard to a private company reading an e-mail from a client to an attorney; therefore plaintiff will ask this honorable court for relief pursuant to FRCP 28a U.S. Code Rule Writ of Mandamus and Prohibition to be applied to this claim.

## COUNT 5: AT&T AND YAHOO FAILED ITS CONTRACTUAL DUTY TO PLAINTIFF TO USE ALL MEANS NECESSARY TO PROTECT PLAINTIFFS' E-MAIL PRIVACY RIGHTS

4.  Plaintiff contends AT&T has a contractual duty to protect plaintiffs e-mail from any access by anyone, defendants, the NSA, third parties without a Court Order, Subpoena that specifically demands this data. Exhibit B yahoo Compliance Manual

5.  Essentially AT&T is a postman and if a postman is robed of the customer's mail he reports it to the police because a crime was committed. AT&T failed to report the crime of theft of plaintiffs e-mail by the NSA /AT&T and Yahoo. AT&T committed a crime by initiating a computer program to read plaintiffs e-mails to collect data for monetary gain and conspired with Yahoo and NSA to violate plaintiff's privacy rights.

6.  Furthermore any "terms and conditions" that plaintiff signed as an AT&T customer should not entail the giving up of any constitutional rights to privacy or federal statutes. Plaintiff would humbly request a ruling by this honorable court in regard to the acceptance of "terms and

conditions" by AT&T in regard to plaintiffs belief that a Constitutional Right is absolute right and can never be signed away. Plaintiff understands AT&T desire to recuperate operating costs by placing ads on plaintiffs e-mail website; "but not at the cost of giving up a constitutional right" to privacy of one's private e-mail and website tracking. The Plaintiff should be allowed to know if anyone is reading his e-mail.

7.  Furthermore: Plaintiff believes that the NSA has a duty to protect all Americans and should monitor "international e-mail" correspondence. However: any monitoring of "domestic" e-mail is <u>Arbitrary and Capricious</u>; when the (NSA/FBI) makes a decision without reasonable grounds or adequate consideration of the circumstances, it is said to be arbitrary and capricious and can be invalidated by an appellate court on that ground. In other words there should be absence of a rational connection between the facts found and the choice made. There should be a clear error of judgment; an action not based upon consideration of relevant factors and so is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law or if it was taken without observance of procedure required by law. Natural Resource Defense Counsel Inc. v. United States EPA, 966 F.2d 1292, 1297 (9th Cir. 1992).

8.  Plaintiff asserts that as private corporations AT&T and Yahoo are not government agents and are not protected by §2703(e), §2704, §2707(e) good faith reliance and §2709.

9.  Plaintiff contends that AT&T and Yahoo are trying to hide behind above statues in order to be "immune" from prosecution for 4TH amendment privacy violations.

10. Plaintiff contends that he must request for "relief" under different statues based on federal law against defendants as "private corporations".

11. Plaintiff asserts that the reading, collecting and storing of plaintiffs e-mail for defendants own monetary gain violated the "adhesion contract" between plaintiff and defendants and plaintiff should not be bound by any arbitration agreement and would hope a jury trial would be the correct remedy for plaintiff's cause of action.


## COUNT 6: 18 U.S. CODE § 2511 - INTERCEPTION AND DISCLOSURE OF WIRE, ORAL, OR ELECTRONIC COMMUNICATIONS PROHIBITED

12. Plaintiff asserts that defendants violated above statue in reading, collecting and storing plaintiffs e-mail and should be held accountable for their actions. Unfortunately plaintiff is again unable to hold defendants accountable due to their being no private right of action against a corporation who violates the above law, plaintiff would seek Mandamus writ for private right of action.

## COUNT 7: FEDERAL TORT CLAIMS ACT TITLE 28 U.S. CODE § 2679

13. Plaintiff is seeking damages in equity pursuant to FRPC 28 U.S.C. § 2671 against the defendants in their "official capacity" as agents of the government and "unofficial capacity" as private corporations. Plaintiff contends that defendants willfully and in bad faith and showed a reckless disregard for plaintiff's e-mail privacy rights, by reading coping and storing plaintiff's private correspondence for their own monetary gain. The statue states:

o   " As used in this chapter and sections 1346(b) and 2401(b) of this title, the term "Federal agency" includes the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and *corporations primarily acting as instrumentalities or agencies of the United States,* but does not include any contractor with the United States.

o   Plaintiff contends that defendants have deprived plaintiff of his right to privacy secured by the Constitution in his own home when sending his private thoughts, feeling and emotions through his e-mail by access this data without a warrant or subpoena.

o   If the defendants are allowed to profit exponentially from violating their customer's privacy rights then defendants should be held to the same monetary compensation to their customers who try to assert their right to privacy.

o   Plaintiff would seek a reasonable one half (1/2) of one percent (1%) based on the size of said companies of their net income of each defendant as private corporations entities for violating the plaintiffs privacy rights.

## COUNT 8: RULE 9(G) PLEADING SPECIAL MATTERS

14. Plaintiff is seeking relief pursuant to FRPC Rule 9(G) emotional distress damages for AT&T/Yahoo violating plaintiff 4TH amendment right to privacy as government agents and private corporations pursuant to 28 U.S. CODE § 2679,& § 2671 and as private corporations pursuant to FRCP 28a U.S. Code Rule Writ of Mandamus and Prohibition, and Other Extraordinary writs . Plaintiff is fearful of using his e-mail to contact anyone. Plaintiff repeatedly has stress and anxiety cannot stop over defendant's actions. Plaintiff has stopped using his e-mail unless it is of an urgent matter and is constantly worrying about what he will say in his e-mail knowing that someone is reading his personnel correspondence. Family members repeatedly ask plaintiff to stop talking about his e-mail being read and losing sleep over this issue. Plaintiff constantly worries about defendant's ability to read and access his e-mail.  Plaintiff would address to this court that due to his disability sending e-mail was one of his only resources to contact friends and family member around the country.  Plaintiffs does not family keep in contact with family members in New York, Washington state and other areas to numerous to list.

a. Furthermore; plaintiff refuses to join face book or any other social media cite for fear of being tracked and these sites from accessing his private thoughts, feeling and emotions when talking to friends on line.

b. Pleading special matters usually entails doctors and experts to support plaintiff's claim, which plaintiff is unable to afford. Plaintiff would contend who in his right frame of mind without any type of legal understanding and experience and with numerous medical problems that do not allow plaintiff to work would attempt to file suit against two of the largest internet providers in the country with unlimited resources and the best attorneys in the country?

(SEE) Rights Acts, 42 U.S.C. " 1981 and 1983: Patterson v. McLean Credit Union, 491 U.S. 164, 182 n. 4 (1989) (Section 1981); Hafer v. Melo, 502 U.S. 21, 31 (1991) (Section 1983). The U.S. Supreme Court has noted with respect to emotional distress damages that a genuine injury in this respect may be evidenced by ones conduct and observed by others, Carey v. Piphus, 435 U.S. 247, 264 n. 20 (1978).

## COUNT 9: VIOLATION OF FIFTH AMENDMENT RIGHT TO EQUAL PROTECTION

16. Plaintiff contends Congress has failed to provide guidelines and specified monetary damages for the government and corporations who violate person intangible constitutional rights violations when no actual monetary loss has occurred. The Supreme Courts post Bivens rulings have varied widely and sway to not providing monetary compensation for said violations.

17. The inconsistent rulings by the Supreme Court has made plaintiffs claim of obtaining punitive damages or any type of monetary damages impossible for a violation of a non-tangible right.

18. Where no tangible loss has occurred to plaintiff. This has created an "arbitrary and capricious" standard where one case law allows damages and was another case law does not allow damages.

19. Plaintiff is therefore denies his Fifth amendment right to right to equal protection of the Constitution, were Congress and the Court side with any opposing party who violates non-tangible rights violations of any citizens with the exception of Bevins.

20. Furthermore; the defendants are allowed to profit exponentially through violating plaintiff's non-tangible rights exacerbate arbitrary and capricious standard against plaintiff. These failures by Congress and the Courts deny plaintiff due process of law and fair and equitable compensation for redress of said rights violations.

21. Congress has provided numerous guidelines to protect pharmaceutical corporations from law suits under "*Vaccine Compensation Program*, protecting Corporations from law suit and providing a compensation remedy for any plaintiff to satisfy due process. The Government has also provided for criminals under "*federal sentencing guidelines*" to have "equality" for convicts from all Federal Judges not to be allowed to use their personal bias. Plaintiff contends that this failure of congress and the Supreme Court to provide "guidelines" for violations of constitutional rights where there is no tangible loss violates plaintiff 14TH amendment rights to equal protection.

22. In Bivens As stated by Chief Judge Lumbard's assent:

   a. "For the reasons set forth below, I am of the opinion that federal courts do have the power to award damages for violation of 'constitutionally protected interests' and I agree with the Court that a traditional judicial remedy such as damages is appropriate to the vindication of the personal interests protected by the Fourth Amendment".

   b. Plaintiff therefore contends that the Court have a fiduciary duty to all citizens to provide reasonable monetary compensation to its citizens if corporations like AT&T/Yahoo can profit from violating a non-tangible constitutional rights of plaintiff.

## COUNT 10: CURCUMVENTION OF PLAINTIFF INTAGIBLE CONSTITUTIONAL RIGHTS

23. Plaintiff contends that defendant's insertion of the "*intangible loses*" clause in the adhesion contract between plaintiff and defendants is a deliberate action on the part of defendants. This willful action on the part of defendants constitutes, a separate and intentional wrong, which results from a breach of duty imposed as a consequence of the relationship established by the contract between parties. Plaintiff contends this "clause "breaches the contract between plaintiff and defendants and contract should be deemed null and void.

24. The defendants "***intangible loses***" clause is a deliberate attempt to circumvent the U.S. Constitution in regard to "due process", procedural due process, and 4TH amendment right to privacy. Plaintiff contends that defendants tried to "hide" the true meaning of this clause due to the fact that this clause is in direct correlation to a non-tangible monetary loss by plaintiff; when his constitutional rights are violated by defendants so plaintiff cannot claim a non-tangible constitutional violation against defendants.

AT&T Service Contact page 19. <u>Limitation of liability</u>

1. AT&T/Yahoos are re-writing the law with this clause by stating: "all partners with AT&T are absolved from indirect, incidental, special, consequential or exemplary damages, loss of profit, goodwill, or any "*intangible loses*". I would ask this court "would" AT&T/Yahoo sign this same contract if I presented it to them as a take it or leave ultimatum "in my favor?

<u>EXCLUSION OF COUNT 2 OF PLAINTIFF'S ORIGINAL COMPLAINT SECTION 1705 OF TITLE 18 OF THE U.S. CODE AND COUNTS 7 AND COUNTS 5 FIRST AMENDMENT RIGHT</u>

25. Plaintiff would humbly apologize to this honorable court and the defendants for his mistake in claiming this count which has nothing to do with plaintiff's cause of action. Plaintiff would request this count to be removed from plaintiff's original complaint. Plaintiff would also apologize for his choice of words in count 7 were plaintiff meant to say "breach of contractual duty" and is amending his complaint.

Mandatory Arbitration agreement

26. Defendants assert that plaintiff must abide by AT&T/Yahoo customer agreement. Plaintiff asserts that this agreement is an "Adhesion Contract" and defendants are in a "material breach of contract" due to defendants collecting, reading, storing plaintiffs e-mail for themselves for profit and NSA.

27. Every internet provider has an arbitration clause when subscribing to their service OR plaintiff would not be allowed "internet access. According to FCC Commissioner, Michael Copps, has stated, "Universal access to broadband needs to be seen as a civil right". Not a Mandatory Binding Arbitration Contract for internet service.

28. What *legal authority* gives defendants the legal right to collect, store, read, plaintiffs e-mail?

- I would ask AT&T/Yahoo and this court where I obtain internet access that will not contain a "Binding Arbitration agreement" that will allow me "free will"?
- Where are my rights to negotiating terms under AT&T/Yahoo contract?
- "IF" a consumer has no "free will" to choose to sign an "adhesion contract" for internet service or be denied internet access is it not "tantamount" to *undue influence* and *duress* on plaintiff by defendants, because a customer's "free will" is denied in order to access the internet.

RESEARCH ON INTENRET PROVIDERS, AUSTIN TX;

29. On 11/28/2014 I spoke with numerous agents, Grande communication (512-220-4600), Clear internet (512-366-3306), and Western broadband (512-257-1077) all of these telecommunications providers do not provide service in my area.

30. Time Warner Communication (Caroline) provides service but mandates Mandatory arbitration agreement. Plaintiff confirms his research indicates no choices in this matter.

Arbitration costs:

31. In Green Tree Fin. Corp. v. Randolph, 531 U.S. 79 (2000), the U.S. Supreme Court noted that "[i]t may well be that the existence of large arbitration costs could preclude a litigant . . . from effectively vindicating [her] rights in the arbitral forum.

• AT&T binding arbitration agreement in regards to Yahoo INC, (section 14 dispute resolution with Yahoo is governed by the State of California) mandates that plaintiff must seek all cause of action in Santa Clara California. Plaintiff lives in Texas and is disabled an unable to work. Plaintiffs' income is limited based on SSDI income stipend and in no way could afford to seek a "cause of action" in California.

• This mandate alone will bar plaintiff from effectively vindicating his rights in the arbitral forum due to the high cost of travel, hotel rooms and attorneys fees.  Plaintiff is also barred from traveling because he is the primary care giver of his 5 year old son and must take him to school and pick him up very day. Plaintiff asserts this is a conflict of law since plaintiff lives in Texas and plaintiff service contract is in Texas and asserted his cause of action is in Texas.

• Round trip cost on delta airlines: $737.expedia.com/Flights-Search. Granada Inn2.0 stars Map El Camino Real Santa Clara CA  $102 per night. Plaintiff would assume 2 week stay; total without food $2165, total not including attorney's fee. Plaintiffs SSDI are $437 per month. Plaintiffs current cost of litigation is $400 filing fee and gas to and from court house and cost to send certified letters. Since plaintiff is pro-se plaintiffs cost to litigation is stated above.  Due to these cost the arbitral forum is not "equally" accessible to plaintiff.

## AT&T IS WAGING A CAMPAIGN TO PRIVATIZE JUSTICE AND REWRITE CONSUMER PROTECTION LAW IN THEIR FAVOR

Arbitration agreement number 13 section C.

32. Defendants contract states; "if customer's complaint is deemed frivolous or brought under improper purpose as measure by Federal rules of civil procedures 11(b)" then fees are governed by AAA. WHY is AT&T/Yahoo allowed to use federal rules of civil procedures when it deems necessary to accomplish its goals, yet plaintiff is barred from any Federal litigation action against defendants because of arbitration contract agreement?

33. Defendant has relied on AT&T mobility v. Concepcion, stating (1) valid agreement:

- BUT if plaintiff s has no "free will" to choose between binding arbitration agreement and no binding arbitration agreement to access the internet does this not rise to a "due process" violation, *undue influence* and *duress* to plaintiff by defendants.

34. In Engalla v. Permanente Medical Group, Inc. is a clear example that arbitration is not quicker or more efficient that a jury trial as requested by plaintiff.

- In March 1986, a radiologist working with Kaiser noted an abnormality on Wilfredo Engalla's lung and recommended a follow-up medical examination. For five years, Engalla was denied permission to see a doctor about the abnormality. In 1991, he was diagnosed with advanced lung cancer, which, by then, was inoperable.

- Engalla's attorney dogged a foot-dragging opponent to appoint arbitrators and to have the case heard before Engalla died. It took 144 days to schedule the arbitration hearing. The day after it was scheduled, Engalla passed away. His survivors shifted the claim to court and were initially given 90 days to conduct discovery on issues related to arbitration and to try to defeat the arbitration clause. That time eventually stretched to five months, during which 13 motions were filed and a dozen depositions were taken. During this time, the plaintiffs' counsel garnered facts that allowed the court to find that only 1 percent of Kaiser's cases had a neutral arbitrator appointed within the contractually required 60 days and that only 3 percent had one appointed within 180 days. On average, it took 674 days to appoint an arbitrator and 863 days to go to hearing. Going to trial in the court in which the case was filed took, on average, only about half to two-thirds as long. Plaintiffs' counsel provided evidence of delay in scheduling the arbitration, and Kaiser's former general counsel admitted during his deposition that Kaiser was

responsible. The lawyers presented evidence that Kaiser kept extensive records about arbitrators it had used; indicating that the health plan might have delayed the process to seek a favorable decision maker.

35. Plaintiff asserts that a mandatory arbitration is lengthier and more costly to plaintiff in this circumstance as a pro-se counsel than a trial. Plaintiff asserts bias is shown against single plaintiffs leading to disenfranchisement of the poor and low socio economic status individuals like myself who have limited income, resources and are unable to afford counsel.

36. AT&T has also required plaintiff to use American arbitration Association (AAA). According to plaintiff's research:

   o In arbitration, arbitrators tend to favor "repeat players," like AT&T and the institutional parties most likely to appear in future arbitrations, over individual parties such as consumers or workers who are not likely to be back in arbitration again. This bias is predictable where arbitrators compete to be selected by corporations, work under short-term contracts, and will lose future work if corporate parties perceive their decisions as too favorable or generous to plaintiffs.

   o Arbitration proceedings can also be exceedingly expensive for consumers, with filing fees of several hundred dollars and arbitrators' fees (typically $200 to $450 per hour) running into the thousands of dollars. In Sanderson Farms, Inc. v. Gatlin the farmer was billed by the American Arbitration Association (AAA) over $10,000 before there was even a hearing on his underlying claims.

   o Plaintiff would request from AT&T quartile data for plaintiffs going to AAA arbitration against AT&T of outcomes favoring plaintiff verses outcomes favoring AT&T and time lines for arbitration trial and awards for plaintiffs.

   o Plaintiff would also request arbitration and trial data from AT&T to compare outcomes on trail and awards for plaintiffs in trial verses awards from AAA arbitrations.

37. This is the same arbitration company plaintiff is required to use. See: AT&T contract paragraph 3Section c.

38. According to a San Francisco Federal Judge Bernard Zimmerman, she found that AT&T tried to eliminate its long distance customers' rights by inserting a broad new mandatory arbitration provision in a one-sided contract. AT&T's own research showed the majority of its customers would not read the entire contract. In fact the AT&T study concluded that after reading the bold

text in the cover letter, which states "[p]lease be assured that your AT&T service or billing will not change under the AT&T Consumer Services Agreement; there's nothing you need to do," "[a]t this point most would stop reading and discard the letter."

- o AT&T/Yahoo has used deception and fraud in their service contracts "IF" AT&T/Yahoo copied, stored, read plaintiffs e-mail. Plaintiff would ask this court to deem AT&T/Yahoo binding arbitration contract between plaintiff and defendant illegal, unconscionable and unenforceable based on "material breach of contract" as did Federal Judge Zimmerman.

- o In July 2001 AT&T mailed a brochure to its long distance customers telling them they are forfeiting their constitutional rights to have their day in court as stated in their contract. Those few customers who scrutinized the fine print learned that they would have to submit major legal claims to private arbitration, that they would be prohibited from taking part in any class action against AT&T, that they would have to submit claims to arbitration within two years regardless of applicable statutes of limitations, and that they would never be able to recover consequential or punitive damages from AT&T in these arbitration proceedings."

39. Plaintiff asserts AT&T has implemented a "*selective campaign*" to rewrite the law in their favor and is tantamount to violating the equal protection clause of the 14TH amendment and the due process clause. The Supreme Court in Hobby Lobby vs. U.S. has stated "corporations are people to". What person has the power to mandate arbitration against a conglomerate like AT&T? What individual person could require another person to sign a contract that would deny that person their constitutional rights to a trial by jury, OR NOT seek damages if they were hurt by an opposing party through "consequential and punitive damages". Is it "reasonable" that a person would sign a document like this if they had a choice to sign another document without these clauses?

40. In Ting v. AT&T, 319 F.3d 1126 (9th Cir. 2003), February 2003 the U.S. Court of Appeals for the Ninth Circuit struck down provisions in AT&T's arbitration clause that (a) stripped consumers of the right to file or participate in a class action; (b) stripped consumers of various rights and shielded AT&T from damages for willful misconduct under California's consumer protection laws; (c) required consumers to pay expensive fees for arbitration; and (d) contained a gag rule requiring consumers to keep secret any dispute they might have against AT&T. In

October 2003, the Supreme Court let stand Public Justice's victory for consumers against AT&T. AT&T has also mandated against plaintiff rights to enter a class action.

41. Arbitration is also typically enshrouded in secrecy, with many arbitration services adopting rules that bar parties from telling anyone about cases in arbitration. Plaintiff would assert if he is unable to talk about the arbitration process that it violates plaintiff's 1ST amendment rights to freedom of speech.

42. Plaintiff believes he has shown the imbalance of said contract favors AT&T, Yahoo and all affiliates and their collection of plaintiffs e-mail data is a "material breach of contract" in violation of federal law.

Service contract section 21, e. Survival

43. AT&T has stated in this section that these denials of liability are "*indefinite*" beyond the ending of said contract.

44. Would a reasonable person agree to this type of contract if they have a "free will", I demand to know from AT&T where do I obtain internet service from a telecommunication provider that do not contain these types of "*one sided conditions and terms*".

45. Plaintiff asserts he is disabled and lives on limited income and could no way afford these excess arbitration fees. Even if AT&T waived the fees the AAA favors AT&T over individual plaintiffs according to my research.

46. Mandatory arbitration to plaintiff is disenfranchisement to plaintiff because he is disabled and poor and unable to meet these high costs of arbitration. How is AT&T Arbitration not disenfranchisement for a disabled person like me, who is unable to work and lives on SSDI.

## VII. Rule 65 Injunctions and Restraining Orders

47. Plaintiff would humbly request a permanent injunction against "ALL" data collections companies including: Epsilon, data logix, Datalum, Lotame, Acxiom, Experion who violate plaintiffs 4TH amendments rights to privacy of plaintiffs home when using his computer for web browsing. These data collection companies are collecting data about plaintiff religion, ethnicity, political affiliations, user names, income, family medical history, and medications. These data collections companies are violating the Portability and Accountability Act of 1996 and Privacy Act of 1974 (5 USC, section 552A) It grants people the following rights: 1) to find out what

information was collected about them, 2) to see and have a copy of that information, 3) to correct or amend that information, 4) to exercise limited control of the disclosure of that information to other parties. AT&T provides plaintiff with MacAfee security on his computer to protect plaintiff against viruses and bugs. Isn't it "reasonable" that   AT&T/Yahoo has a contractual duty to protect plaintiff from 4TH amendment privacy is searching the web from the privacy of his home? Furthermore; if this honorable court does not honor Plaintiffs request, that this Court would "mandate" these companies to allow plaintiff to see all data collected on plaintiff and allow plaintiff to "challenge" any incorrect data errors as the law requires.

## IMMUNITY FROM PROECUTION UNDER§2703(E), §2704, §2707(E) GOOD FAITH RELIANCE AND §2709.

48. There are two different sets of issues plaintiff is dealing with when defendants are government agents and when defendants are acting as private corporations in trying to determine accountability and relief.

- o Plaintiff contends that as private corporations AT&T and Yahoo are not government agents and are not protected by §2703(e), §2704, §2707(e) good faith reliance and §2709.
- o Plaintiff contends that AT&T and Yahoo are trying to hide behind above statues in order to be "immune" from prosecution for 4TH amendment privacy violations.
- o Plaintiff contends that he tried to find "relief" under 1983 statue, but this was for state officials based on federal law against defendants as "private corporations" but was unsuccessful.
- o Plaintiff research has failed to find adequate case law, federal statutes or any other type of legal relief to hold defendants account for their actions as government agents and for their action as private corporations violating the constitution.
- o Defendants as "government agents" do have immunity from prosecution only "IF" they were acting in "good faith" under §2707(e). Plaintiff contends that Exhibit A, CD Documentary clearly shows that AT&T was acting in bad faith and should not be protected under §2707(e) and should be held accountable financially in accordance with federal civil actions rules.
- o Plaintiff contends that Yahoo leased communication line to the NSA and the NSA used a computer program "*PRISM*" and "*MUSCULAR*" to access "domestic e-mail from Yahoo and AT&T clients. (SEE Exhibit A provided to Court in earlier documents)
- o Plaintiff contends as government agents, defendants have shown "bad faith" conduct and should not be protected by the above statues.

## BAD FAITH CONDUCT

49. A qualified immunity is a conditional defense that protects public officials who have acted with a-reasonable belief that they have not violated the plaintiff's constitutional rights.  Its scope varies according to the "discretion and responsibilities of the office and all the circumstances as they reasonably appeared at the time of the action on which liability is sought to be based, Which state:

   o   ""A qualified immunity cannot be invoked by officials who knew that they were violating the Constitution (subjective bad faith), or who should have known that they *were transgressing a clearly established constitutional rule*,(objective bad faith)".

   o   Plaintiff contends that all defendants were aware of their violating the privacy rights of their customers and clearly showed bad faith and a reckless disregard for plaintiff's right.

   o   Furthermore; defendants are able to deny customers due process of law or any monetary relief because there is no private right of action to hold defendants accountable for violating federal law.

   o   An entirely different set of criteria governs the liability of the United States for the unconstitutional conduct of a federal agent. As a general proposition, the United States enjoys sovereign immunity. The Federal Tort Claims Act,  however, waives governmental immunity in actions for money damages "caused **by** the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."

50. Plaintiff contends that AT&T/Yahoo was acting as government agents when for the NSA in providing them domestic e-mail data and therefore is subject to damages.

51. Furthermore; AT&T/Yahoo were not acting as government agent and as private corporations seeking profits by violating customers privacy rights and should be held accountable for "money damages' to deter future bad faith conduct.

## IN-RE LOUIS ROUSSET SEEKING MANDAMUS WRIT

52. Plaintiff is seeking Mandamus relief pursuant to FRCP 28a U.S. Code Rule Writ of Mandamus and Prohibition, and Other Extraordinary writs. Plaintiff is seeking relief from this honorable court and prays that this Court may consider plaintiffs request. Relief requested;

   o   Defendants to stop reading collecting and storing plaintiffs e-mail for their own monetary gain.

- o Defendants to be held accountable for violating plaintiffs privacy rights under 4TH amendment search and seizure, due to the fact that there is no private right of action as stated in United States v. Jacobsen 466, U.S. 109, Minneci v. Pollard 132,S. Ct. 617(2012), to hold private individuals accountable for their alleged illegal conduct.

- o Plaintiff is seeking punitive damages one half (1/2%) of one percent(1%) of defendants annual net income for the year 2013 from each defendant if defendants are found guilty of "bad faith conduct" for violating plaintiff's 4TH amendment privacy rights OR in the alternative plaintiff would request a jury to determine damages that would be equitable.

- o Plaintiff contends that this writ is a proper recourse of relief for citizens who seek to enforce a public right and to compel the performance of a public duty, most especially when the public right involved is mandated by the Constitution.

## VIII FINDING OF FACTS AND CONCLUSION OF LAW

53. Plaintiff would also request a finding of facts and conclusion of law on plaintiffs assertion that AT&T/Yahoo has a *contractual duty* to protect its clients from "ALL" violations of the U.S. Constitutions and Federal Statutes.

54. Plaintiff requests a "Finding of Facts" and "Conclusion of Law" on his 14TH Amendment rights to Equal Protection were the Supreme Court has Stated in Hobby Lobby v. U.S that corporations are people to, therefore if a corporations has a right to sue for religious beliefs not to provide contraceptives should an individual like plaintiff have right to sue a violations of his privacies.

55. Plaintiff would also request a finding of fact and conclusion of law on all counts and claims.

## VII ATTORNEYS FEES

56. Plaintiff was forced to engage in this cause of action to protect his rights due to AT&Ts contractual failure to protect plaintiff, but was unable to afford the high costs of an attorney and was force to proceed as Pro-SE counsel. Plaintiff has lost "peace of mind", "numerous nights of sleep" and has had "enormous anxiety" over the thought that any time he sends an e-mail, that it is being read and monitored by plaintiff's provider, data collection companies and the NSA. Plaintiff has stopped sending e-mail unless absolutely necessary. Plaintiff believes that this legal action is his only recourse to assert his Constitutional rights and have AT&T/Yahoo, NSA and

data collection companies held accountable for violating his rights.   Plaintiff would ask this honorable court for any assistance possible and forgive his lack of knowledge in this legal action. Plaintiff is entitled to an award of fees for his time, costs, and if applicable, expert fees. 29 U.S.C. §2617(a)(3);42U.S.C. §1988,2000-e5(k).

## VIII PLAINTIFF'S DEMAND FOR JURY TRAIL

57. Plaintiff hereby asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with rule 38 of the Federal Rules of Civil Procedures, a trial by jury on each and every relevant issue.

    PARAGRAPH 2, PAGE 13 sections 5:

58. Defendant AT&T and Mr. Stephenson categorically state that AT&T takes privacy seriously (page 13, paragraph 2). Stating that; "all employees must follow the law, rules, regulations, "privacy of communications" and court that apply to AT&T. SEE AT&Ts exhibit D Brophy Declaration". Nowhere in the privacy policy or declaration does it state that AT&T reads, stores, and disseminates plaintiffs e-mail.

59. Clearly AT&T has stated "privacy of communications" which is a direct correlation to, Katz v. United States, 389 U.S. 347 (1967)

60. Plaintiff has found no clauses in AT&T/Yahoo terms and conditions that indicate plaintiff is giving up his right to privacy of his e-mail. Yet AT&T technician Mark Klein has stated the opposite of what AT&T is stating in their privacy policy and Mr. Brophy declaration. Even if AT&T/Yahoo did say they read plaintiffs e-mail, plaintiff contends it is in violation of Katz v. United States, 389 U.S. 347 (1967). A material breach of contract is nonperformance of a contractual duty. No indication in the contract divulged any exclusion of constitutional rights. This action by AT&T/Yahoo constitutes a material breach of contract.  Where Mr. Stephenson indicated AT&T takes customers right to privacy "Seriously" and does not violate the law, as stated in paragraph 2, page 13.

Section C, page 14: Claims against Mr. Stephenson/Ms. Mayer never responded

61. If plaintiff has made a mistake in filing his claim against Mr. Stephenson or Ms. Mayer, plaintiff would most humbly apologize to this honorable court and Mr. Stephenson. Plaintiff believes that he needed to serve Mr. Stephenson in order to be in compliance with this cause of action.

## FAILURE OF CONGRESS AND FEDERAL COURT TO PROVIDE PRIVATE RIGHT OF ACTION AGAINST CORPORATIONS WHO VIOLATE FEDERAL STATUES AND

### FOR INTANGABLE CONSTITUTIONAL VIOALTIONS

62. Congress has failed to provide any type of due process claim or adequate liability when a corporation violates a federal statue or an intangible constitutional right against a private citizen.

63. The court have provided "*nominal damages*" of one dollar which is an insult to a person's constitutional right to privacy when a corporation is profiting enormously from accessing plaintiffs e-mail data.

64. If the corporation is allowed to profit financially why is a private citizen not allowed to seek damages that would be as equitable as the profits made by a corporation when they access private e-mail?

65. Plaintiff would like to know how much AT&T/Yahoo is profiting from accessing private e-mail from their customers.

66. Plaintiff would affirm that this honorable court should take into consideration of how much AT&T/Yahoo are profiting from accessing plaintiffs e-mail and determine a punitive damage that would be in relation to said profits by AT&T/Yahoo.

   o Punitive Damages: Punitive damages are awarded in addition to compensatory or nominal damages. Proof of a highly culpable state of mind is necessary to support an award of punitive damages and the amount of the award is dependent upon the defendant's financial circumstances. Punitive damages primarily serve penal and deterrent functions. In addition, when punitive damages are awarded in conjunction with general compensatory or nominal damages, they also perform a *vindicatory function*.

   o Finally, insofar as punitive damages provide an incentive for an aggrieved citizen to act as a private attorney general, they perform law enforcement or "bounty" functions.

   o Plaintiff contends that he is trying to assert his privacy rights but the Supreme Court along with the District court refused to provide equitable recourse to a non-tangible violation of a constitutional right to privacy.

   o The failure of the Courts to allow punitive damages and redress to violations of federal statues by private individual denies plaintiff his right to "*due process of law*". Plaintiff is again left without recourse to assert his rights and defend himself.

67. The Court has only allowed this type of damages in Bevens. In CAREY v PIPHUS the court address procedural due process without regard to privacy rights. In Davis v. Passman the Court recognized an implied cause of action and damages remedy for a violation of the equal protection component of the Fifth Amendment's due process clause. The *Davis* Court identified several relevant considerations in determining whether to imply a damages remedy for a violation of the Constitution, including whether (1) an explicit congressional declaration barring the plaintiff's recovery of money damages from the defendant is extant; (2) "special factors counseling hesitation" are apparent; and (3) a damages remedy is appropriate. Thus, although the question of whether *Bivens* extends to particular constitutional violations remains unresolved, *Davis* indicates that *Bivens* may be read expansively.

Response to Yahoo assertions:

A.  Plaintiff's case cannot proceed in venue

Defendants have claimed mandatory forum selection clause is warranted due to said contract. Plaintiff contends that in Bremen v. Zapata Off-Shore Company, 407 U.S. 1 (1972) to announce that forum-selection clauses should be given full effect ONLY IF there is;

- "Absent fraud, undue influence, or overwhelming bargaining power".
- Plaintiff contends that if Yahoo read, collected, and provided plaintiffs' e-mail data to Yahoo and the NSA/FBI without a court order plaintiff asserts Yahoo committed fraud and this clause is without merit.
- Plaintiff asserts his due process rights are violated, where Yahoo/AT&T has added a clause that plaintiff is barred from any "non-tangible" claims against AT&T and Yahoo.

Plaintiff contends Yahoo has overwhelming bargaining power based on the "Adhesion contract" plaintiff was mandated to sign if he wanted internet access or go without internet access.

Plaintiff contends Ms. Meyers acted in bad faith by committing fraud by failing to inform plaintiff that Yahoo contract does not stated that yahoo would read, store, collect and provide data to the NSA.  Yahoo's motion alone shows undue influence on plaintiff.

## CONCLUSION

For the forgoing reasons, plaintiff asserts that he has meet Article III standing injury-in-fact after this honorable court sees PBS frontline documentary that show AT&T technicians Mark Klein's testimony that AT&T/Yahoo are violating plaintiffs right to privacy.

Plaintiff asserts that AT&T/Yahoo violated their own privacy policy and plaintiffs 4TH amendment right to privacy and is in "Material Breach of contract".

Therefore, plaintiff believes that mandatory arbitration is not warranted based on defendant's bad faith conduct in inserting contract clause that : "customers cannot seek damages for non-tangible loss" based on plaintiff's assertions.

Congress has failed to provide guidelines for violations of constitutional rights for *intangible loses* and the Supreme Court post Bivens case is resistant to said damages. Yet the Supreme Court indicated that general damages would be recoverable without proof of individualized injury, such as pecuniary loss or mental distress. Therefore plaintiff would ask this court in the alternative to consider these types of damages if they are warranted to deter further disobedience.

Plaintiff is seeking relief pursuant to FRCP rule 9(G) pleading special matters based on his assertions. Plaintiffs research has indicated that an Intangible loss can be fear, grief, anxiety which are very real and, unfortunately, usually dismissed and unacknowledged by the Federal Courts and companies like AT&T/Yahoo Plaintiff would seek a .5% of defendants net income which plaintiff believes is reasonable based on the size of said companies.

Plaintiff would humbly submit to this honorable Court for relief pursuant to FRCP 28a U.S. Code Rule Writ of Mandamus and Prohibition, and Other Extraordinary writs, for his federal statute claims, and Federal Tort Claims Act Title 28 U.S. Code § 2679, 28 U.S.C. § 2671, due to the fact that there is no private right of action against defendants for violating federal statutes in regard to plaintiff like myself seeking relief.

Plaintiff humbly prays that this Honorable Court would see fit to allow plaintiff to have a jury trial in order to determine the issue of telecommunication providers tracking customers on their webpage surfing and reading, storing and copying domestic e-mail without legal authority for their own monetary gain.

BY: _[signature]_

Dated: December 16, 2014
Sent certified postal mail:
Article #7014 2120 0002 1807 2911
To: AT&T INC,
Yahoo Inc,
Mr. Stephenson and Ms. Mayer

Louis Rousset
Pro SE Counsel
11802 Hornsby St
Austin Texas 78753
512-833-936

State of Texas County of <u>TRAVIS</u>  Subscribed and sworn before me ( _Juan Vergara_ ), on this day personally appeared (<u>December 15, 2014</u>) to be the person whose name is subscribed to the foregoing  instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

_[signature]_
Louis Rousset

Given under my hand and seal of office this ____15th____ day of ___December,___ (2014)

(Personalized Seal) Notary Public's Signature _[signature]_

JUAN CARLOS VERGARA
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 10/01/17

## CERTIFICATE OF SERVICE

I, Louis Rousset, hereby certify that on December 16, 2014, a true and correct copy of the foregoing document was served by U.S. Postal certified mail upon the attorney of record for defendants:

Attorney of record Wittliff /Cutter PLLC
1803 West Avenue
Austin Texas 78701
Sent certified postal mail: Article #7014 2120 0002 1807 2911


TO:  Randall L. Stephenson Chairman/CEO of AT&T
208 South Akard Street Dallas, TX 75202, 210-283-1260

TO: Marissa Mayer CEO Yahoo Corporate Office & Headquarters,
701 First Ave Sunnyvale CA 94089 Yahoo (408) 731-3300
TO: AT&T INC,
208 South Akard Street Dallas, TX 75202, 210-283-1260

TO:  Yahoo INC,
701 First Ave Sunnyvale CA 94089 Yahoo (408) 731-3300



Louis Rousset PRO-SE Counsel

Louis Rousset