IN THE UNTIED STTES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2015 JAN -5 AM 9:50

| LOUIS ROUSSET, | § | |
|---|---|---|
| PLAINTIFF, | § | NO: A14CV0843LY |
| | § | Jury |
| v. | § | |
| MARISSA MAYER, | § | |
| DEFENDANTS | § | |

**RESPONSE TO:**

## MOTION TO SET ASIDE DEFAULT

COMES NOW LOUIS ROUSSET, the plaintiff in the above-styled and numbered cause of action, PRO-SE plaintiff and hereby moves this Courts to NOT set aside Default, pursuant to Federal Rule 4(d)(1) allows a plaintiff to send by first class mail or other reliable means of delivery of the complaint or 4(e)(2)(c) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Plaintiff further contends that defend Mayers responded to summons through her Texas Attorneys Wittliff/Cutter.

Furthermore; Under federal rules of civil procedures 7004(b), process, service of summons and complaint may be served at work: "Upon an individual other than an infant or incompetent, by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the *individual regularly conducts a business or profession*".

This federal summons statue allows for delivery of a summons at work and plaintiff is seeking to serve defendant Mayers as her official capacity as CEO of Yahoo Inc, not as her individual capacity as a private citizen.

1

Plaintiff further contends that defendant Mayers did respond to plaintiffs summons through her Texas attorneys Wittliff/Cutter. Failure of defendants Mayers Texas attorneys to respond to said summons should not be held against plaintiff for his due diligence and any technical error that may have occurred.

Furthermore there are special circumstances that plaintiff asserts his default claim has merit and should be enforced. In further support of plaintiff's motion, plaintiff states as follows:

Defendant Mayers states docket entry No. 18 with the name Perez accepted delivery. According to defendant after a diligent search defendant categorically deny any record of having received such a delivery. Plaintiff will submit the summons certified mail receipt that a "Mr. Perez" signed for on behalf of Yahoo INC, the same person who signed for defendant Mayers summons. Why did Wittliff/Cutter attorneys of record respond with certified mail parcels 1) 7014 2120 0004 4319 2712 "Defendants Yahoos Motion to Dismiss" and 2) 7014 2120 0004 4319 3764 "Defendants Yahoos Motion to Dismiss"? Additionally the complaint and summons where signed by Mr. Perez and the same signature for defendants Mayers is allegedly not on record for both defendants? Plaintiff will assert Special circumstances due to these inconsistencies:

1. According to defendants attorneys documents submitted by plaintiff must include a specific notice and acknowledgment of receipt and defendant claims that plaintiff failed to show documents in support of his request that defendants Mayers received or acknowledged receipt of the summons and complaint. Plaintiff asserts that defendant Mayers did receive acknowledgement and receipt through a Yahoo agent (pursuant to federal Rule 4(e)(2)(c)) a Mr. Perez who signed for Yahoo Inc, and Ms. Mayers.
2. Both Yahoo Inc and defendant Mayers responded through their attorneys of record Wittliff/Cutter and proper service was delivered based on the certified mail response to plaintiffs 4TH amendment complaint from Wittliff/Cutter listed as "Yahoo motions to Dismiss" and default must be enforced.
3. Plaintiff submitted summons to defendants Mayers and Yahoo Inc, at 701 First Ave Sunnyvale CA 94089 as her official capacity as CEO of Yahoo Inc, and defendants Stephenson and AT&T INC, at 208 South Akard ST Dallas Texas 75202.

4. All four defendants responded to plaintiffs original 4TH Amendment complaint through their attorneys Wittliff/Cutter PLLC 1803 West Avenue Austin Texas, 78701; with a certified parcels 1)#7014 2120 0004 4319 2712 "Defendants Yahoos Motion to Dismiss" and 2)# 7014 2120 0004 4319 3764 "Defendants Yahoos Motion to Dismiss" Plaintiff received two identical motions to dismiss from AT&T certified mail parcel 3) #7014 2120 0004 4319 3733 and Mr. Stephenson certified parcel 4) # 7014 2120 0004 4319 3740, where defendant Stephenson argued to be removed from the law suit and had no argument to the type of summons service plaintiff used.
   a. Plaintiff received two identical motions to dismiss from Yahoo INCs, Attorneys Wittliff/Cutter with no response from defendant Mayers on "not receiving a summons" OR "not properly being served a summons". Know that defendant has asked for default judgment defendant Mayers is calling foul.
   b. Failure of defendant Mayers Attorneys to respond accordingly should not allow defendant Mayers a second bit at the apple.
   c. When plaintiff received two motions to dismiss from Yahoo, plaintiff assumed that one was for Ms. Mayers and one was for Yahoo INC, and plaintiff responded according by submitting one response to defendant Mayers through Wittliff/Cutter and one to Yahoo INC, through Wittliff/Cutter. (See plaintiff Rebuttal motion to defendants motion to dismiss).
   d. Only after plaintiff responded to above motions by defendants did plaintiff realize that defendant Mayers did not respond properly and filed a motion for default.
   e. Plaintiff contends that Yahoo is mandating plaintiff to abide by a stringent rule of mandatory arbitration through their contract that plaintiff contends is in "breach of contract" and mandate plaintiff to seek adjudication in California. Here defendant wants the Court to honor their contract in regard to plaintiff, yet defendant does not want to follow federal rules of civil procedures when they do not favor defendant.
5. Plaintiff would request a hearing on this matter and would hope not to make copies of all four motions to dismiss from defendants with this default motion request, that would contain roughly 80 documents per dismissal times 3 copies for court and 1 copy for defendant would be 960 documents. Plaintiff would hope the Court would review the two "Yahoo Motion to dismiss" from Wittliff/Cutter November 12, 2014 in order to eliminate redundancies?

3

6. Plaintiff will submit the 3 other summons certified mail article number cards to Yahoo INC, Mr. Stephenson and AT&T Inc, for the Courts inspection.
7. Plaintiff served defendant Mayers at her place of business because plaintiff was seeking to file suit against defendant as her official capacity as CEO of Yahoo Inc. Therefore Mr. Perez signing the certified mail summons was acting as defendants Mayer's agent at her official capacity as CEO of Yahoo INC. pursuant to federal rules of civil procedures Rule 4(e)(2)(C).
    a. Mr. Perez signed certified mail summons, Unites States postal article numbers 7014 1820 0002 1034 1578 dated 10/22/2014 on behalf of Yahoo Inc, and Mr. Perez signed United States postal article number 7014 1820 0002 1034 1592 on behalf of Ms. Mayers on 10/22/2014 on the same day as the Yahoo Inc, summons.

8. In U.S. District Court Southern District NY, Deluca v. Access It Group Inc., No. 1:2008cv01699 - Document 15 (S.D.N.Y 2010) Judge Leisure noted that technical errors in a summons generally do not render service invalid unless the error actually results in prejudice to the defendant or demonstrates a flagrant disregard of Rule 4.
    a. Plaintiff contends that no prejudice is warranted because defendant Mayers responded to plaintiffs summons through her attorneys of record and plaintiff contends he did not demonstrate any type of flagrant disregard pursuant to rule 4.
9. Plaintiff sent four summons and plaintiff received four responses from defendants Yahoo Inc, Ms. Mayers, AT&T Inc, and Mr. Stephenson. Failure of defendant Mayers to respond to her summons in a timely manner/through her attorneys of record Wittliff/Cutter PLLC should not allow defendant another bit of the apple regardless of any technical errors, especially when plaintiff asserts defendant Mayers did respond to plaintiff summons.
Defendant Mayers through her attorneys of record Wittliff/Cutter failed to argue on her behalf and only argued on Yahoos behalf and plaintiff should not be held accountable for these failures.
Plaintiff asserts this honorable Court can use its discretion pursuant to federal rules of civil procedure under Rule 4(m), and due to the special circumstances and failure of defendant Mayers to properly answer summons should not be allow a second bit of the apple.

There is something deeply disturbing when CEO defendant Mayers with all of her unlimited financial resources and power makes a claim through a "legal director of commercial litigation"

representative "R. Turner Declaration" that Yahoo Inc and CEO Mayers have no record of being served with a summons and copy of the complaint by certified mail or personnel service according to Robert Turners declaration.

YET, Yahoo Inc, and Defendant Mayers responded to plaintiffs summons and 4TH amendment complaint with "Defendants Yahoos Motion to dismiss" on November 12, 2014 through their attorneys of record Wittliff/Cutter PLLC.

Plaintiff would assert with all due respect to this Honorable Court and Defendants Mayers and Yahoo Inc, that there is some sort of untruthfulness to their actions. Defendants Mayers and Yahoo Inc have used their California attorney Robert Turner, their Texas attorneys, Wittliff/Cutter PLLC and know their New York attorneys ZwillGen PLLC.

"IF" Wittliff/Cutter PLLC responded on behalf of Yahoo Inc, and plaintiff contends Ms. Mayer "THEN" plaintiff asserts Robert Turner has committed perjury through his "Declaration of Robert Turner" motion. Plaintiff would ask this honorable Court for "special" sanctions and charges against Ms. Mayer and Mr. Turner for their actions.

Robert Turner has indicated that Yahoo Inc, and Ms. Mayers address are located at 701 first avenue Sunnyvale CA 94989. This is the same address plaintiff sent the his 4TH amendment complaint and summons to defendants Yahoo Inc, and Defendant Mayers CEO of Yahoo in her official capacity, where plaintiff asserts he was mandated to provide the name of the CEO who is officially in charge of said company who he is suing.

Plaintiff asserts; would it be reasonable to sue a person in their individual capacity at their place of work OR sue a person in their official capacity as the CEO of a corporation at their home? How would plaintiff attempt to obtain said address for a CEO Mayers which plaintiff would assert has more than one home address just as she has multiple lawyers?

Plaintiff would request to subpoena Ms. Mayers to determine how many homes she owns and the listing of the address of said home that are on public record for anyone to obtain.

Plaintiff is requesting of this Honorable Court due to the fact that defendant Mayers Texas attorneys Wittliff/Cutter PLLC responded to plaintiffs 4TH amendment complaint with two separate certified mail parcels 1) 7014 2120 0004 4319 2712 "Defendants Yahoos Motion to

5

Dismiss" and 2) 7014 2120 0004 4319 3764 "Defendants Yahoos Motion to Dismiss" on November 12, 2014; that one of these certified mail parcels was for defendant Marissa Mayers and she responded through her attorneys and failed to argue for herself therefore the default motion should be enforced to its full extend an all penalties should apply.

## CONCLUSION

Plaintiff asserts this honorable Court can use its discretion pursuant to federal rules of civil procedure under Rule 4(m), and would request "default" to be enforced and if this Court determines misconduct on the part of Mr. Turner that some sort of sanction be applied to deter any further misrepresentation or untruthful acts.

Executed this 4TH day of January 2015:

*[signature]*

Louis Rousset Pro SE Counsel
11802 Hornsby St
Austin TX 78753

Sent Certified Mail # 7014 2120 0002 1807 2904

## CERTIFICATE OF SERVICE

I, Louis Rousset, hereby certify that on January 5TH 2015, a true and correct copy of the foregoing document was served by U.S. Postal certified mail upon the attorney of record for defendants:

Plaintiff would submit to this Honorable Court that the letter plaintiff received from defendants NEW attorney list an address from New York 232 Madison Avenue Suit 500 New York NY 10016 and a Chicago address listed below this is very confusing for plaintiff? See Exhibit A

Robert F. Huff
ZwillGen PLLC
300 N. LaSalle Street Suite 4925
Chicago Illinois 60654
Sent certified postal mail: Article #7014 2120 0002 1807 2904


TO: Marissa Mayer CEO Yahoo Corporate Office & Headquarters,
701 First Ave Sunnyvale CA 94089 Yahoo (408) 731-3300


Louis Rousset PRO-SE Counsel

_(signature)_

Louis Rousset

# Exhibit A

Zwillgen PLLC
232 Madison Avenue, Suite 500, New York, NY 10016

Louis Rousset
11802 Hornsby Street
Austin, TX 78753