FILED
2015 FEB 18  AM 8:29

IN THE UNTIED STTES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LOUIS ROUSSET, | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | |
| | § | NO: A14CV0843LY |
| AT&T INC, | § | Jury |
| AND | § | |
| YAHOO INC, | § | |
| | § | |
| DEFENDANTS | § | |

## RESPONSE TO:
## YAHOO INC, REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS AMENDED COMPLAINT

Plaintiff contends he never received a motion to dismiss January 16, 2015 ECF No. 39, from Yahoo Inc.  Plaintiff would request of defendants to provide "proof of service" for plaintiffs signature stating plaintiff received said motion.

Plaintiff did receive a motion to dismiss from AT&T and Randall L. Stephenson on January 16, 2015 and plaintiff replied to this motion to dismiss as promptly as he could.

Plaintiff contends that Witlliff and Cutter PLLC attorneys for AT&T and Mr. Stephenson where first Yahoo INC, s attorneys.  Then Yahoo changed attorneys to Robert F. Huff and know plaintiff asserts Yahoo wants to be part of AT&Ts motion to dismiss for Witliff and Cutter.

Plaintiff has run into this same "issue" in regard to Yahoo INC, Marissa Mayers summons. Plaintiff spent innumerable hours responding to Wittliff and Cutter two "*separate copies*" for defendants Yahoo INC.s' motion to dismiss" on November 12, 2014.  Plaintiff assumed one copy was for Mayers and one copy was for Yahoo.

Furthermore Plaintiff spent numerous hours on Mayer "motion to dismiss" only to find out when defendant failed to respond in said motion above, defendant responded with "Improper Service of Summons" motion which this Court granted.

1

Plaintiff responded to "both" of these motions to dismiss in a timely manner where plaintiff sent certified mail Article # 7014 2120 0002 1807 2805 for Yahoo INC and # 7014 1820 0002 1034 1646 for Marissa Mayers to Attorneys Witlliff and Cutter 1803 West avenue, Austin TX: 78753, certified mail receipt SEE exhibit A.

Plaintiff Yahoo and Mayers changing attorneys should not be plaintiffs fault for defendant's negligence. Attorney Huff never contacted plaintiff by phone to inform plaintiff he was attorney for Mayers and Yahoo INC as did Witlliff and Cutter, through phone calls and Motion pleadings.

Plaintiff was in contact with Attorney Witlliff and Cutter, who contacted plaintiff by phone repeatedly to inform plaintiff of agreed upon extension time for filing motion and to remove plaintiff default against defendant Mayers. Plaintiff responded to Witlliff and Cutter Yahoo motion to dismiss as their attorney s of record.

Attorney Huff was on the "agreed motion to stay briefing schedule" certificate of service and then he was removed. There were no specific details or pleadings to respond to "motion to dismiss" to be addressed to defendants new attorney, Mr. Huff.

Plaintiff would have responded to said motion if it would have received a motion to dismiss from Yahoo INC or Yahoo to "clarified" that Witlliff and Cutter were "no longer" acting attorneys for Yahoo INC. Plaintiff contends that attorney Huff failed to correspond with Attorneys' Witlliff and Cutter when plaintiff responded to Mayers and Yahoos motion to dismiss that had a return address of Wittliff and Cutter. Plaintiff categorically states he never received a "motion to dismiss" from Yahoo INC on January 16, 2015, ECF Nol. 39 only from Mr. Stephenson and AT&T INC.

Therefore plaintiff contends it is untimely and meritless for defendants to request a dismissal motion with prejudice pursuant to CV-7, where their dispositive motion was not unopposed. Plaintiff never received any motion to dismiss from Yahoo INC, and Attorney Huff for Yahoo INC is not listed on the certificate of service on AT&Ts, motion to dismiss January 16, 2015.

BY: _____

Dated: February 18, 2015
Sent certified postal mail:
Article #7014 2120 0002 1807 2898
701 First Ave Sunnyvale CA 94089
TO: Yahoo INC,
701 First Ave Sunnyvale CA 94089

Louis Rousset
Pro SE Counsel
11802 Hornsby St
Austin Texas 78753
512-833-936

Article #7014 2120 0002 1807 2898 is for plaintiffs response to "Defendants Yahoo INCs, "reply brief in support of its motion to dismiss" and for "default judgment motion".

## CERTIFICATE OF SERVICE

I, Louis Rousset, hereby certify that on February 18, 2015 a true and correct copy of the foregoing document was served by U.S. Postal certified mail upon the attorney of record for defendants:

Attorney of record Robert F. Huff, for Yahoo Inc, Ms. Mayers
ZWILLGEWN PPLC
300 N. LaSalle Street, Suite 4925
Chicago Ill, 60654
Sent certified postal mail: Article #7014 2120 0002 1807 2898

TO:  Yahoo INC,
701 First Ave Sunnyvale CA 94089


Louis Rousset PRO-SE Counsel

*/s/ Louis Rousset*

Louis Rousset

Article #7014 2120 0002 1807 2898 is for plaintiffs response to "Defendants Yahoo INCs, "reply brief in support of its motion to dismiss" and for "default judgment motion".

# Exhibit A

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   C/O of: Yahoo Inc.
   Wittliff Cutter PLLC
   1803 West Avenue
   Austin TX 78701

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _[signature]_  ☐ Agent  ☐ Addressee
B. Received by (Printed Name)
C. Date of Delivery: 11-3-14
D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☐ Certified Mail®   ☐ Priority Mail Express™
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ Collect on Delivery
4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label): 7014 2120 0002 1807 2805

PS Form 3811, July 2013    Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Ms. Mayer Yahoo
   Wittliff Cutter PLLC
   1803 West Avenue
   Austin TX. 78753

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _[signature]_  ☐ Agent  ☐ Addressee
B. Received by (Printed Name)
C. Date of Delivery: 11-3-14
D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☐ Certified Mail®   ☐ Priority Mail Express™
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ Collect on Delivery
4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label): 7014 1820 0002 1034 1646

PS Form 3811, July 2013    Domestic Return Receipt

---

**U.S. Postal Service™ CERTIFIED MAIL® RECEIPT**
Domestic Mail Only
For delivery information, visit our website at www.usps.com®

AUSTIN TX 78701

| | | |
|---|---|---|
| Postage | $2.03 | 0153 |
| Certified Fee | $3.30 | 02 Postmark Here |
| Return Receipt Fee (Endorsement Required) | $2.70 | |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $8.03 | 12/02/2014 |

Sent To: Yahoo Inc, c/o of: Wittliff Cutter PLLC
Street & Apt. No., or PO Box No.: 1803 West Avenue
City, State, ZIP+4: Austin TX 78701

7014 2120 0002 1807 2805

PS Form 3800, July 2014   See Reverse for Instructions

---

**U.S. Postal Service™ CERTIFIED MAIL® RECEIPT**
Domestic Mail Only
For delivery information, visit our website at www.usps.com®

AUSTIN TX 78701

| | | |
|---|---|---|
| Postage | $2.03 | 0153 |
| Certified Fee | $3.30 | 02 Postmark Here |
| Return Receipt Fee (Endorsement Required) | $2.70 | |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $8.03 | 12/02/2014 |

Sent To: Ms. Mayer / Wittliff Cutter PLLC
Street & Apt. No., or PO Box No.: 1803 West Avenue
City, State, ZIP+4: Austin TX. 78701

7014 1820 0002 1034 1646

FILED

IN THE UNTIED STTES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

2014 DEC -3  AM 8:49

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____

| | | |
|---|---|---|
| LOUIS ROUSSET, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. A14CV0843LY |
| | § | |
| AT&T INC, | § | JURY |
| AND | § | |
| YAHOO, INC, | § | |
| | § | |
| Defendant's | § | |

**REBUTTLE MOTION TO:**

**"DEFENDATS YAHOOO (Mayer) INC, MOTION TO DISMISS"**

    Come NOW Pro-Se Plaintiff Louis Rousset, and moves this Honorable Court to proceed with a trial by jury; where plaintiff will show subject matter jurisdiction and prove that plaintiffs cause of action gives rise to article III standing through an AT&Ts employees assertions.

    Plaintiff would request of this Honorable Court to put aside Defendants request for a dismissal on 12(b)(1), Rule 12(b)(2) and rule 12(b)(6) in order to allow plaintiff to provide documents that will confirm article III standing.

    Plaintiff would also amend his cause of action in order to claim Mandamus jurisdictional statue 65 for Section 1702, 501 privilege, Privacy Act of 1974 (5 U.S.C. 552a); in the hope that this honorable Court would see fit to apply these statues to AT&T/Yahoo.

    Furthermore, plaintiff would request of this honorable Court a pre-trail conference. To establish plaintiffs claims in regard to adhesion contract, mandatory arbitration, breach of contract, and violations of plaintiffs due process rights, where Yahoo/AT&T have added a clause that plaintiff is barred from any "non-tangible" claims against AT&T and Yahoo. Where

1

FILED
2014 DEC -3  AM 8: 48

IN THE UNTIED STTES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LOUIS ROUSSET, §§§§§ Plaintiff, § vs. § AT&T INC, § AND § YAHOO, INC, § Defendant's §§§ | Civil Action No. A14CV0843LY<br><br>JURY |

**REBUTTLE MOTION TO:**

**"DEFENDATS YAHOOO INC, MOTION TO DISMISS"**

Come NOW Pro-Se Plaintiff Louis Rousset, and moves this Honorable Court to proceed with a trial by jury; where plaintiff will show subject matter jurisdiction and prove that plaintiffs cause of action gives rise to article III standing through an AT&Ts employees assertions.

Plaintiff would request of this Honorable Court to put aside Defendants request for a dismissal on 12(b)(1), Rule 12(b)(2) and rule 12(b)(6) in order to allow plaintiff to provide documents that will confirm article III standing.

Plaintiff would also amend his cause of action in order to claim Mandamus jurisdictional statue 65 for Section 1702, 501 privilege, Privacy Act of 1974 (5 U.S.C. 552a); in the hope that this honorable Court would see fit to apply these statues to AT&T/Yahoo.

Furthermore, plaintiff would request of this honorable Court a pre-trail conference. To establish plaintiffs claims in regard to adhesion contract, mandatory arbitration, breach of contract, and violations of plaintiffs due process rights, where Yahoo/AT&T have added a clause that plaintiff is barred from any "non-tangible" claims against AT&T and Yahoo. Where