FILED

MAR 05 2015

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ________ DEPUTY

No. A14CV0843LY

IN THE
UNITED DISTRICT COURT
FOR
THE WESTERN DISTRICT
OF
TEXAS
UNITED STATES OF AMERICA,

Louis Rousset -PLAINTIFF,
v.
DEFENDANTS,
AT&T INC, Randall L. Stephenson

Yahoo INC, Marissa Mayers

United States District Court

For the (Western District of Texas)

---

BRIEF FOR PLAINTIFF
PURSUANT TO RULE 78(a)

---

Louis Rousset Pro Se Counsel

i. CERTIFICATE OF INTERESTED PERSONS

| | | |
|---|---|---|
| Louis Rousset<br>Appellee,<br>v.<br><br>AT&T INC, Randall L. Stephenson<br>Yahoo INC, Marissa Mayers<br>Appellant, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No: A14CV0843LY<br>Jury |

The undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. Louis Rousset 11802, Hornsby ST, Austin Texas, 78753
2. Yahoo INC,
   701 First Ave Sunnyvale CA 94089 Yahoo (408) 731-3300
3. Marissa Mayer CEO Yahoo Corporate Office & Headquarters,
   701 First Ave Sunnyvale CA 94089 Yahoo (408) 731-3300
4. AT&T INC,
   208 South Akard Street Dallas, TX 75202, 210-283-1260,
5. Randall l. Stephenson
   208 South Akard Street Dallas, TX 75202, 210-283-1260

Louis Rousset

Pro-Se Counsel

11802 Hornsby ST

Austin Texas, 78753

512-833-9360

## ii. QUESTIONS PRESENTED

1. Plaintiff understanding is that Only Congress Can Nullify Previously-Enacted Statutes as provided by U.S. Constitution, article VI, clause 2 "shall be the supreme law of the land", where all federal and state courts must abide by the law of the land in acted by Congress and based on our Constitution.
2. Nowhere in Article VI cl. 2 does it provide for a Corporation AT&T/Yahoo to circumvent Federal statues, and/or Causes of Action based on contract law that erodes these laws. A corporation who inserts clause in their contracts to circumvent the right to privacy under ECPA and the fourth amendment are unconstitutional even if Stare Decisis states otherwise based on Article VI Clause 2.
3. In the case of a federal statutory claim can an adhesion contract circumvent, Plaintiff s' inalienable right to privacy of e-mail data content pursuant to ECPA statues.
4. In the case of precedence based on Stare Decisis case law, can an adhesion contract circumvent precedence?
5. In the case of the Constitution of the United States based on the 4TH amendment right to privacy of plaintiffs' e-mail data content, can an adhesion contract circumvent United States Constitution?
6. In the case of controversial contract-law Stare Decisis precedence that directly challenges privacy rights case-law Stare Decisis precedence, how do the Courts determine precedence?
   a. Plaintiff contends controversial Stare Decisis precedence, is Arbitrary and Capricious and Article VI clause 2 mandates that federal statues and

Constitutional law should trump contract case-law "clauses" that circumvents Constitutional law and federal Statutes pursuant to ECPA.

7. In the case of State- law claim, Texas House Bill 2268 Email Privacy Bill, can an adhesion contract circumvent Texas statues?

8. Plaintiff contends AT&T INC and Yahoo INC, contracts are unlawful and unconstitutional based on article VI clause 2, and plaintiff would hope the Court would deem both of these contracts unenforceable, with regard to clauses, 1) Yahoo, "scanning and analyzing" e-mail data content, 2) AT&T, "customers cannot claim intangible loses", where plaintiff contends this clause directly correlate to circumventing intangible Constitutional rights violations of privacy, in regard to plaintiffs seeking accountability and redressability for said violations.

9. Plaintiff contends he has an Inalienable right to privacy of his e-mail data content based on fourth amendment Constitutional law, federal statutes pursuant to ECPA, precedence based on Stare Decisis and Texas law, House Bill 2268 Email Privacy Bill.

## iii. TABLE OF CONTENTS

Page

CERTIFICATE OF INTERESTED PERSONS ........................................i

QUESTIONS PRESENTED ........................................ ii

TABLE OF CONTENTS ........................................ iii

TABLE OF CITATIONS ........................................ iv

CONSTITUTIONAL PROVISONS ........................................v

STATEMENT OF JURISDICTION ........................................1

STATUTORY PROVISONS INVOLVED ........................................2

STATEMENT OF THE ISSUE ........................................ 3

STATEMENT OF THE CASE ........................................4

STATEMENT OF THE FACTS ........................................5

ARGUMENT ........................................6

REASON WHY BRIEF SHOULD BE CONSIDERED ........................................7

CONCLUSION ........................................8

CERTIFICATE OF SERVICE ........................................9

## iv. TABLE OF CITATIONS

CASES pages

Hepting v. AT&T Corp., 439 F. Supp. 2d 974(N.D. Cal. 2006) ........................................9, 11

City of Boerne v. Flores, 521 U.S. 507 (1997) ........................................12

Clinton v. City of New York, 524 U.S. 417(1998) ........................................12

Printz v. United States, 521 U.S. 898 (1997) ........................................12

## v. CONSTITUTIONAL PROVISIONS

Pages

CONSTITUTIONAL PROVISIONS

U.S. Constitution, article VI, clause 2....................3, 12, 13

U.S. Const. Amend. IV ....................8, 10

## vi. STATUTES

Pages

18 U.S.C. § 2511(1)(a) ....................7

18 U.S.C. § 2511(5)(a)(B)(ii)(b) ....................7

18 U.S.C. § 2520(b)(1) ....................7

18 U.S.C. § 2522(c)....................7

18 U.S.C. 2701(a)(1),....................7

18 U.S.C. 2701(b)(1),....................8

18 U.S.C. § 2702(A)(1)(2)(a)(b) ....................8

18 U.S.C. 2707(a)....................8

18 U.S.C. 2707(a)(b)(2)(3)....................8

18 U.S.C. 2707(c)....................8

## 1. STATEMENT OF JURISDICTION

This Court possesses federal question jurisdiction over the instant cause of action, 28 U.S.C. 28 § 1331. Plaintiff is submitting this Brief pursuant to rule 78(a)

## 2. STATUTORY PROVISION INVOLVED

The Electronic Communications Privacy Act (ECPA) 18 U.S. Code § 2701, and the Wire tap Act provides as follows in these subsections:

18 U.S.C. § 2511(1)(a) AT&T/Yahoo intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication of plaintiffs ' email data content through false pretences of terms and conditions clauses that circumvent federal statutes pursuant to ECPA.

18 U.S.C. § 2511(5)(a)(B)(ii)(b), plaintiff is seeking injunctive relief pursuant to statute, to stop AT&T/Yahoo from accessing plaintiffs' email data content.

18 U.S.C. § 2520(b)(1), Recovery of civil damages, such preliminary and other equitable or declaratory relief as may be appropriate. Plaintiff is seeking equitable damages for each individual access to plaintiffs' e-mail data content and that of his families.

18 U.S.C. § 2522(c), civil penalties for defendants acting as agents of the government. Plaintiff is seeking said penalties against defendants for wrongfully misrepresenting the terms and conditions clauses that plaintiff contends are illegal and unconstitutional.

18 U.S. Code § 2701(a)(1), intentional access without authorization. Plaintiff contends AT&T illegally accessed plaintiffs' e-mail data content, through the expansion of facilities around the Country as stated in Hepting v. AT&T.

18 U.S. Code § 2701(b)(1), intentional access for commercial advantage, private commercial gain. Plaintiff contends Yahoos' insertion of the terms and conditions contract "scanning and analyzing" e-mail data content for "advertising purposes" infer that this illegal access is providing Yahoo with commercial advantage at the expense of plaintiff's legal rights.

18 U.S.C. § 2702(A)(1)(2)(a)(b),(Storage of e-mail data content), where plaintiff contends defendants Yahoo violated said provision by inserting in their contract a circumvention clause in order to overcome federal statue, precedence and Constitutional law. This action was not in good faith as stated by the provisions "exceptions".

18 U.S. Code § 2707(a), Cause of action, plaintiff contends AT&T/Yahoo had an intentional state of mind and plaintiff should be allowed to recuperate from the person or entity, which engaged in that violation such relief as may be appropriate.

18 U.S. Code § 2707(a)(b)(2)(3), civil action damages for violations of statues and attorneys fees. Plaintiff is seeking equitable civil damages for the alleged conduct.

18 U.S. Code § 2707(c), plaintiff contends the violations are willful and intentional and the court may assess punitive damages. Plaintiff is seeking punitive damages.

## 3. STATEMENT OF THE ISSUES

The central issue of this cause of action is whether a corporation AT&T/Yahoo can circumvent U.S. Constitution, article VI, clause 2 that mandates federal and state courts to abide by federal statues pursuant to ECPA, Stare Decisis case-law (in accordance with article VI, clause 2) and

the fourth amendment Constitutional right to privacy of plaintiffs' e-mail data content when in storage or being transmitted.

## 4. STATEMENT OF THE CASE

When plaintiff started this cause of action, he had no relevant knowledge of the requirements for a "case in controversy" for a federal claims cause of action. Plaintiff is humbly thankful to this Court for their compassionate understanding in allowing plaintiff to try and provide an effective cause of action through numerous filings that plaintiff hopes are providing injury-in-fact and case-in-controversy requirements for plaintiff's cause of action claim.

Plaintiff viewing the PBS documentary on how telecommunications providers are violating plaintiffs privacy rights, caused plaintiff to start this cause of action for AT&T and Yahoo refusing to answer plaintiffs demand letter to sese and desist accessing plaintiffs e-mail data content illegally.

## 5. STATEMENT OF THE FACTS

Plaintiff has shown that AT&T and Yahoo have inserted clauses that circumvent article VI clause 2 of the Constitution, in order to deny plaintiff a cause of action for defendants violating ECPA statues, plaintiffs'' fourth amendment right to privacy and Stare Decisis case-law by illegally accessing e-mail data content of plaintiff. Furthermore plaintiff has shown that AT&T has initiated a program through SG-3 splitters that indiscriminately access all domestic e-mail data content for their own personal use and gain. In Hepting v. AT&T evidence is provided that this program is being expanded throughout the United States, inferring that plaintiffs' e-mail data content has been accessed illegally.

# 6. ARGUEMENT

Plaintiff understanding is that Only Congress Can Nullify Previously-Enacted Statutes that can circumvent Federal statues, and/or Causes of Action based on U.S. Constitution, article VI, clause 2. A corporation who inserts clause in their contracts to circumvent the right to privacy under ECPA and the fourth amendment are unconstitutional even if Stare Decisis states otherwise.

Plaintiffs' had limited understanding of the terms conditions of the Yahoo section 2(g) ATOS "scanning and analyzing data" and AT&T terms and conditions contract "AT&T Service Contact page 19". Limitation of liability indicates customers are "Barred" from an "intangible loses" claim against AT&T/Yahoo and any third party provider.

Plaintiff had to read these clauses numerous times in order to understand the concepts of "intangible loses" and scanning and analyzing data content.

Plaintiff has begun to understood how and intangible right or lose is related to plaintiffs rights under federal statues, stare decisis and the fourth amendment right of privacy of plaintiffs e-mail data content, under article VI, clause 2.

The only conclusion plaintiff has come to is these corporations are deliberately with malice, circumventing article VI, clause 2, that mandates all federal and State Courts to abide by these rules. AT&T and Yahoo are illegally violating federal statues, case-law precedence and the fourth amendment right to privacy, at the expense of the plaintiff's right to privacy for their own personal use and economic gain.

Plaintiff believes he has met the case-in-controversy requirements in his second amendment complaint and supplement of amended complaint intended for AT&T and Randall Stephenson.

This case is about contract-law provision that circumvent federal statues pursuant to ECPA, contract-law Stare decisis case-law that is in direct opposition to Article VI clause 2 and Stare Decisis precedence case-law that makes available e-mail data content protections against invasions of privacy, of plaintiff's e-mail data content.

This case is about contract-law that Circumvents the fourth amendment right to privacy of plaintiff's e-mail data content protected by precedence case-law.

Petitioners' claims center on the unlawful activities by the respondent telecommunications carriers circumventing state and federal laws.

Where these providers are indiscriminately intercepting and diverting e-mail data content of millions of ordinary Americans for their own use and those communications transit respondents' domestic telecommunications facilities.ER 483-84; Hepting v. AT&T Corp., 439 F. Supp. 2d.

## 7. REASONS WHY THE BREIF SHOULD BE CONSIDERED

Plaintiff understanding is that Only Congress Can Nullify Previously-Enacted Statutes based on article VI, clause 2, that can circumvent Federal Causes of Action and any corporation who inserts clause in their contracts to circumvent the right to privacy under ECPA and the fourth amendment are unconstitutional even if Stare Decisis states otherwise.

A corporation who violates these statues through contract clauses, plaintiff contends is unconstitutional and illegal.

The Courts have ruled inconsistently in providing straightforward guidance in regard to the issue of contract law verses precedence case-law under ECPA right to privacy statues.

Plaintiffs' limited understanding indicates that when a state or federal court provides Stare Decisis decisions that allow clauses ((section 2(g) ATOS "scanning and analyzing data" and AT&T terms and conditions contract "AT&T Service Contact page 19". Limitation of liability indicates customers are "Barred" from an "intangible loses" claim)) to stand against a plaintiffs right to a cause of action based on plaintiffs privacy rights, said corporations the courts are in violation of article VI, clause 2.

The Constitution requires that any change to the legal force and effect of previously enacted statutes must be chosen by Congress in accordance with Article I, section 7's mandatory procedures for the enactment, amendment, and repeal of statutes, which include bicameral passage and presentment, Clinton v. City of New York, 524 U.S. 417, 437-41, 444-45 (1998).

Only Congress May alter federal statues or state laws, corporations who insert clauses that circumvent petitioners' federal and state statutory provision, and federal and states common-law causes of action are unconstitutional because it, too, occurs without bicameral passage and presentment. Petitioners' federal constitutional claims for equitable relief arise directly under the Constitution. Free Enterprise Fund, 130 S. Ct. at 3151 n.2. They are not created by Congress and cannot be abolished by Congress. City of Boerne v. Flores, 521 U.S. 507, 519, 529 (1997).

The Supremacy Clause provides that state and federal law is preempted only by "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof." U.S. Const., art. VI, cl. 2; Printz v. United States, 521 U.S. 898, 924 (1997).

Any corporation circumventing these laws is doing so without legal authority, in the guise of contract-law clauses that are trying to preempt federal and state laws.

The Court should grant plaintiff a jury trial because of the national importance of the subject matter of this litigation. The question must be resolved whether contract-law can circumvent article VI, clause 2, and case-law that directly opposes Stare Decisis case-law that protects plaintiff's rights to privacy.

Article VI, clause 2 states the Constitution shall be the supreme law of the land, nowhere does plaintiff read in VI that a contract clause can circumvent a cause of action, the ECPA statutes , and the fourth amendment right to privacy.

Plaintiff contends that these conflicting issues leave the Stare Decisis precedence standards, Arbitrary and Capricious.

## 8. CONCLUSION

For the forgoing reasons plaintiff contends this cause of action necessitates a jury trial should be granted.

Dated: March 4, 2015

BY: [signature]

Louis Rousset

Pro-Se Counsel

11802 Hornsby St

Austin Texas 78753

512-833-9360

Sent certified postal mail to U.S. District Court

Article # 7014 2120 0002 1807 2836

U.S. District Clerk's Office

501 West Fifth Street, Suite 1100

Austin, Texas 78701

Sent by regular U.S. postal mail

TO: Yahoo INC, 701 First Ave Sunnyvale CA 94089,

TO: AT&T INC,

208 South Akard Street Dallas, TX 75202

TO: Randall L. Stephenson

208 South Akard Street Dallas, TX 75202

TO: Marissa Mayer CEO Yahoo Corporate Office & Headquarters,
701 First Ave Sunnyvale CA 94089 Yahoo (408) 731-3300

## 9. CERTIFICATE OF SERVICE

I, Louis Rousset, hereby certify that on March 4, 2015 a true and correct copy of the foregoing Second "amended complaint" was served by U.S. Postal certified mail upon the attorney of record for defendants:

Sent by certified postal mail to:
U.S. District Clerk's Office
501 West Fifth Street, Suite 1100
Austin, Texas 78701
Article # 7014 2120 0002 1807 2836

Sent by regular postal mail to:
Attorney of record Robert F. Huff, for Yahoo Inc, Ms. Mayers
ZWILLGEWN PPLC
300 N. LaSalle Street, Suite 4925
Chicago Ill, 60654

Attorney of record Wittliff /Cutter PLLC
1803 West Avenue
Austin Texas 78701

Sent by regular U.S. postal mail

TO: Yahoo INC,
701 First Ave Sunnyvale CA 94089 Yahoo (408) 731-3300

TO: Marissa Mayer CEO Yahoo Corporate Office & Headquarters,
701 First Ave Sunnyvale CA 94089 Yahoo (408) 731-3300

TO: AT&T INC,
208 South Akard Street Dallas, TX 75202, 210-283-1260

TO: Randall l. Stephenson
208 South Akard Street Dallas, TX 75202, 210-283-1260

Louis Rousset PRO-SE Counsel

Louis Rousset

[illegible]
1162 Hornsby ST
Austin TX
78753




U.S. POSTAGE
PAID
AUSTIN,TX
78758
MAR 04, 15
AMOUNT
**$8.24**
00101715-02

UNITED STATES POSTAL SERVICE.
1000
78701

ATT Clerks office
U.S. District Court
501 West Fifth Street
Suite 1100
Austin TX
78701

ERY
☐ Agent
☐ Addressee
ate of Delivery
Yes
No
e