IN THE UNTIED STTES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
APR 0 8 2015
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | | |
|---|---|---|
| LOUIS ROUSSET,<br><br>PLAINTIFF,<br><br>v.<br><br>AT&T INC,<br>AND<br>YAHOO INC,<br>Marissa Mayers<br>Randall L. Stephenson<br><br>DEFENDANTS | § § § § § § § § § § § | NO: A14CV0843LY<br>Jury<br>Hon. Lee Yeakel |

**MOTION**

**TO**

**REINSTATE YAHOO INC, AS A DEFENDANT**

**PERSUANT TO U.S.C. 28 §636(B)(1)(A) AND CV-5(b)(2)**

TO THE HONORABBLE UNITED STATES DISTIRCT JUDGE:

Now comes plaintiff Louis Rousset, and humbly asks this honorable court to reinstate Yahoo Inc, as a defendant to the above complaint. The lower Court in its order (Doc. #48) has stated on "November 12, 2014 Yahoo Inc, filed a motion to dismiss (Doc. #7) which constitutes "sufficient appearance". Plaintiff contends this is incorrect on the part of the Court and Yahoo INCs' own testimony. On December 12, 2014 Yahoo Inc, filed a "Motion to set aside default judgment" (Doc. # 30 and 30-1). Which states that "again based upon docket entry No.18, it appears that someone with the last name Perez accepted delivery" see docket 18 at 3. Yahoo further states that "After a diligent search neither defendant Mayer nor **Defendant Yahoo** has any record of receiving such a delivery". How can this Honorable Court in its order No. 48,

1

affirm "sufficient appearance" as stated in said document, quote: "motion to dismiss (doc. # 7), which constitutes sufficient appearance" be accepted when Yahoo categorically denies having plaintiffs delivery of his first initial complaint in (Doc. # 30). Plaintiff contends Yahoo and the lower court should not be allowed to have it both ways. Either Yahoo received plaintiff's complaint for Mayer and Yahoo, which Yahoo categorically denies receiving plaintiff's complaint or they are not being truthful.

Furthermore, Yahoo has submitted (Doc. #30-1) "Decl. R. Turner". Turner as legal director categorically denies any receipt of plaintiffs summons and initial complaint for Yahoo and Mayers (yet both parties responded to plaintiff, (Doc. # 7, 8)?

Therefore plaintiff contends this Court erred in its order #48 based on (Doc. #7) which does not "constitutes sufficient appearance" when Yahoo is claiming they have not received plaintiffs initial complaint and any response from Yahoo is not valid.

Both Yahoo and Ms. Mayers received said complaint or defendants are out right lying to this honorable court (see Doc. # 30, 30-1) and plaintiff would request sanction pursuant to rule 11(c)(2). The Court should not be allowed to accept Doc. #7 as an appearance by Yahoo when their own motion and declaration state otherwise. Yahoo clearly did not make a sufficient appearance based on their own testimony.

Yahoo has claimed that plaintiff did not respond to Yahoo INCs' motion to dismiss filed February 16, 2015. Plaintiff contends Yahoo INC, failed to serve plaintiff initially pursuant to rule CV-5(b)(2) proof of service. Plaintiff contends the lower Court order (Doc. # 48) erred in dismissing Yahoo Inc as a defendant based on plaintiffs "Fourth Amended Complaint" (doc. #43); 1). For the foregoing reasons Plaintiff did not include Yahoo INC, because he did not

2

receive yahoo motion to dismiss initially (Doc. #39) on February 16, 2015. Plaintiff can only assume that Yahoo filed Doc. # 39 through NEF (which plaintiff has no access to) and failed to send plaintiff certified mail on their motion Doc. #39 assuming plaintiff had access to NEF filings, plaintiff had to call attorney Huff in order to receive Doc. #39, and 2). Including Yahoo Inc on plaintiffs' "fourth amended complaint" would allow Yahoo extended time pursuant to rule12 (a)(A)(i), 3). Accordingly plaintiff contends pursuant to federal rule rule12 (a)(A)(i), if plaintiff included Yahoo inc, on plaintiffs' "fourth amended complaint" this action would have extended time frames for Yahoo by 21 days to respond.

Plaintiff contends the lower Court has denied plaintiff Due process of law and Procedural Due Process of law by failing to investigate plaintiffs claim of "defendant Yahoo Inc, own deceleration (Doc. #30, 30-1) by failing to serve plaintiff" through a finding of facts based on "certified mail"; where Yahoo INC, has claimed they serviced plaintiff. In order for Yahoo to claim this failure to respond defendants must provide proof of service based on CV-5(b)(2) and verifying a "Signature" of plaintiff on a U.S. postal Certified mail card that is "proof" of service on February 16, 2015? Only then should this Honorable Court have dismissed this cause of action against Yahoo INC (Doc. #48 Order).

These failures to provide a finding of fact proof of service based Doc. #48 frivolous data (Doc. #7) should not way against plaintiff and should be heavily weighed against Yahoo Inc, and the lower Court for not investigating plaintiffs claim.

**Response to Court Order Document No.48**

Whereas Yahoos' attorneys filed NEF #39, with the Court does not indicate plaintiff received said motion to dismiss pursuant to CV-5(b)(2). The court has a fiduciary duty to

3

confirm that plaintiff signed a certified mail card that would confirm Yahoos assertions. Failing to do otherwise is a denial of Due process and procedural Due Process of law against plaintiff.

Accordingly Plaintiff did respond to Yahoos motions to dismiss within the prescribed time frame. On 02/06/15 Plaintiff received Doc# 40, ("Defendants Yahoo Inc, Reply Brief in support of its motion to dismiss amended complaint") for plaintiff failing to respond in a timely manner.

Plaintiff filed response motion filed "2015, 18, AM: 29; indicating plaintiff never received Yahoo Ins, Motion to dismiss amended complaint on 01/16/15 (Doc. # 39). Plaintiff requested proof of service on his "Response motion" filed 2015, FEB 8, with no response from the Court.

Plaintiff called Yahoo attorney Huff and received a recorded message to informer Mr. Huff plaintiff did not receive alleged motion to dismiss on this date 01/16/15. Attorney Huff replied with a Federal Express delivery 02/20/15.

Plaintiff contends that the time frame to respond to Yahoos; motion would start from this date02/20/15 accordingly pursuant to rule 12(B) and rule12 CV-5 insufficient process to plaintiff.

Yahoo is allow to filed NEF No. 40, dismissal motion based on time limits, plaintiff contends that he should be afforded these same rights pursuant to 12(a)(B) and CV-5(b)(2).

Plaintiff was waiting for Yahoos to respond to the Court order December 23, 2014, which he did not receive in a timely manner pursuant to rule 12(a)(B), 21 days. Accordingly plaintiff filed a default judgment pursuant to rule 55(a), based on Yahoo failing to respond to plaintiff in a timely manner.

Plaintiff would respectfully request the Court to reinstate Yahoo Inc, to plaintiff's cause of action in accordance with federal statutes.

Plaintiff further contends he has not received any responses from defendants AT&T, Mr. Stephenson and Yahoo Inc, from plaintiffs "Fourth amended complaint" and plaintiffs

4

"supplement complaints to all defendants". Plaintiff's most recent documents from defendants were Yahoo Inc, (Doc. #39) and Court order Doc. # 53.

Plaintiff is worried that defendants are filing motions through NEF (which plaintiff is not allowed access) to the Court without providing plaintiff with said motions to plaintiff's fourth amended complaint and plaintiffs supplement complaint denying plaintiff due process of law by defendants. Plaintiff does not understand why defendants refuse to respond to plaintiffs phone calls to determine if defendants' have sent motions that plaintiff has not received?

Furthermore plaintiff contends that Yahoo terms and conditions "Yahoo section 2(g) ATOS "scanning and analyzing data" of plaintiff violates federal statues pursuant to ECPA and article VI, Section 2 of the constitution and stare decisis case law Hepting v. AT&T.

This issue should be of the utmost concerns to the Court, when a corporation uses contract law to circumvent plaintiff's Inalienable Constitutional Rights, federal rules and stare decisis.

Plaintiff would humbly like to resolve this cause of action through a jury trial based on plaintiff belief that he has provided concrete injury-in-fact and a case in controversy based on Hepting v. AT&T, AT&T terms and conditions and Yahoo INCs' terms and conditions violate U.S. Constitution, article VI, clause 2 and ECPA federal rules and federal case law.

Yahoo attorneys filing NEF #39 does not prove plaintiff received said copy because the Court has not allowed plaintiff NEF access.

Plaintiff further contends that an investigation by this Honorable Court is warranted based on Doc. #30, 30-1 and the courts use of Doc. #7 as "sufficient appearance" and possible sanctions are warranted against Yahoo Inc, pursuant to rule 11(c)(2).

For the forgoing reasons plaintiff contends that Yahoo INC, should be reinstated as a defendant to plaintiffs cause of action.

BY: _____

Dated: April 7, 2015  
Sent by U.S. postal mail

Louis Rousset  
Pro SE Counsel  
11802 Hornsby St

To: TO: AT&T INC,  
208 South Akard Street Dallas, TX 75202

512-833-936  
Austin Texas 78753

TO: Randall Stephenson  
208 South Akard Street Dallas, TX 75202

TO: Yahoo INC,  
701 First Ave Sunnyvale CA 94089

# CERTIFICATE OF SERVICE

I, Louis Rousset, hereby certify that on April 7, 2015 a true and correct copy of the foregoing Motion to reinstate Yahoo INC, to plaintiffs "fourth Amended Complaint" (Doc. #43) was served by U.S. Postal ~~certified~~ mail upon the attorney of record for defendants:

Attorney of record Robert F. Huff, for Yahoo Inc, Ms. Mayers
ZWILLGEWN PPLC
300 N. LaSalle Street, Suite 4925
Chicago Ill, 60654
Sent by U.S. postal mail

TO: Marissa Mayer CEO Yahoo Corporate Office & Headquarters,
701 First Ave Sunnyvale CA 94089 Yahoo (408) 731-3300

Attorney of record Wittliff /Cutter PLLC
1803 West Avenue
Austin Texas 78701


TO: AT&T INC,
208 South Akard Street Dallas, TX 75202, 210-283-1260

TO: Randall l. Stephenson
208 South Akard Street Dallas, TX 75202, 210-283-1260

TO: Yahoo INC,
701 First Ave Sunnyvale CA 94089 Yahoo (408) 731-3300



Louis Rousset PRO-SE Counsel

*/s/ Louis Rousset*

Louis Rousset



L. Rousset
1602 Hemsby St
Austin TX, 76753

U.S. District Clerks office
501 West Fifth Street
Suite 1100
Austin Texas 78701