IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LOUIS ROUSSET, § | |
| Plaintiff, § | |
| V. § | |
| § | |
| AT&T INC. AND RANDALL § | A-14-CV-0843-LY-ML |
| STEPHENSON, YAHOO, INC., AND § | |
| MARISSA MAYER § | |
| Defendants, § | |
| § | |
| § | |

**ORDER ON PENDING MOTIONS**

Before the court are Plaintiff's "Supplement to 'Amended Complaint' Plaintiff's Fourth Amendment Complaint" [#49] and "'Amended Complaint' Plaintiff's Fourth Amendment Complaint" [#50]. These substantively identical documents are apparently designed to reinstate defendants and causes that Plaintiff terminated from this action in his third amended complaint [#43]. Related motions before the court include Plaintiff's Motion to Reinstate Yahoo as a Defendant [#54] and Yahoo's Response thereto [#56], Plaintiff's Motion for Sanctions Against Yahoo [#55] and Yahoo's Response thereto [#57], and Plaintiff's "Motion for the Procedure to Obtain the Home Address of CEO Marissa Mayer or Any CEO Persuant [sic] to Federal Rule 4(e)" [#58].

All nondispositive motions in this case were referred by United States District Judge Lee Yeakel to the undersigned for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. After reviewing the pleadings, the relevant case law, as well as the entire case file, the undersigned issues the following Order.

## I. Procedural History

Plaintiff Louis Roussett ("Roussett") filed his original complaint, styled "Plaintiff's Fourth Amendment Complaint," on September 4, 2014 [#1], naming as Defendants AT&T Inc. and its C.E.O., Randall Stephenson (collectively, the "AT&T Defendants), and Yahoo, Inc., and its C.E.O., Marissa Mayer.  Plaintiff asserted various causes of action concerning "plaintiffs [sic] recent notification by the media, that the National Security Agency and or the Federal Bureau of Investigations through an NSL letter is demanding of the plaintiffs [sic] internet and phone company providers AT&T/Yahoo for personal e-mail data, without a probable cause hearing or a warrant from a Federal Judge."  Compl. [#4] at ¶ 5.  The AT&T Defendants and Yahoo filed motions to dismiss on November 12, 2014 [#3, #7].  Mayer did not join in Yahoo's filing.  On December 4, 2014, Plaintiff moved for entry of default against Mayer.  [#20].

On December 9, 2014, Plaintiff filed a document styled "Plaintiff's Supplement to Complaint," [#17].  The court ordered clarification and specifically advised Plaintiff regarding the difference between a "supplement" to a complaint and an "amended" complaint. Order of December 9, 2014 [#22].  In particular, Plaintiff was advised that a supplement is only appropriate to bring up new matters that have developed since the filing, while an amendment replaces all allegations in the original complaint. *Id.*  Plaintiff was granted leave to file either a supplement or an amendment, and was specifically warned "'[s]hould Plaintiff choose to submit an amended complaint, he is reminded the amended complaint would completely replace his original pleading and should therefore include all parties he is naming as defendants, all factual allegations he is asserting against the defendants and all legal claims for relief he is asserting against the defendants." *Id.*

On December 16, 2014, Plaintiff filed his second amended complaint (styled "Amended Complaint: Plaintiff's Fourth Amendment Complaint") [#25], with leave of court, *see* [#22], against the AT&T Defendants and Yahoo, Inc.  In this second amended complaint, Plaintiff clarified that he believes his standing to sue is based on a PBS documentary in which an AT&T employee, Mark Klein, "categorically state[d] that AT&T was providing e-mail data to the NSA and itself for monetary gain . . .." *Id.* at ¶ 14.  The Motions to Dismiss filed as to the original complaint were dismissed as moot, without prejudice to refiling.  Order of Dec. 17, 2014 [#26].

On December 22, 2012, Mayer moved through counsel to set aside the clerk's entry of default for lack of proper service.  [#30].  The court granted the motion and struck the entry of default on January 7, 2015 [#37].  To date, Mayer has not been served by Plaintiff.

On January 16, 2015, the AT&T Defendants and Yahoo filed Motions to Dismiss [#38, 39] as to Plaintiff's second amended complaint.  Plaintiff did not timely respond to either motion.  *See* AT&T Defendants' Reply [#41] and Yahoo's Reply [#40].

On February 11, 2015, Plaintiff filed an untimely response [#42] to the AT&T Defendants' Motion to Dismiss and also filed his third amended complaint, styled "Amended Complaint:  Plaintiff's Fourth Amendment Complaint" [#43], naming only the AT&T Defendants in the captions and as parties.  *See id.* at ¶¶ 1-5.  Plaintiff's factual allegations remained largely unchanged from prior pleadings, asserting various privacy violations by "AT&T/Yahoo." *Compare generally* Second Am. Compl. [#25] *with* Third Am. Compl. [#43].

On February 18, 2015, Plaintiff filed an untimely response [#46] to Yahoo's Motion to Dismiss and also filed a Motion for Entry of Default against Yahoo [#45]. The court, in denying the Motion for Entry of Default, acknowledged the third amended complaint [#43] as the live

pleading,[1] and noted that the amendment terminated Yahoo as a party in this case. Order of February 24, 2015 [#48].

Plaintiff responded by filing his Supplement to Fourth Amendment Complaint [#49], Fourth Amended Complaint [#50], Response to Yahoo's Motion to Dismiss [#51] and Motion to Reinstate Yahoo [#54], all in an attempt to resurrect his abandoned claims against Yahoo and its C.E.O.  Plaintiff has additionally requested sanctions against Yahoo [#55] and filed a Motion for the Procedure to Obtain the Home Address of CEO Marissa Mayer [#58], both motions arising out of his contention that he has attempted to serve Marissa Mayer in her individual capacity in this suit and been improperly blocked from doing so.  Yahoo has responded in opposition to the Motion to Reinstate [#56] and the Motion for Sanctions [#57].

## II. Analysis

### A. Amendment of Pleadings

Plaintiff terminated Defendants Yahoo, Inc. and Marissa Mayer from this case in his third amended complaint.  Prior to filing this third amended complaint, Plaintiff was specifically warned of the consequences of omitting parties and causes of action from an amended pleading in the undersigned's Order of December 9, 2014 [#22]: "Should Plaintiff choose to submit an amended complaint, he is reminded the amended complaint would completely replace his original pleading and should therefore include all parties he is naming as defendants, all factual allegations he is asserting against the defendants, and all legal claims for relief he is asserting against the defendants."  Though Plaintiff is afforded leniency because of his pro se status, his filing decision in the face of direct instruction from the court cannot be considered inadvertent or

---

[1] As this third amended complaint was filed more than 21 days after the original complaint and more than 21 days after the defendants' Rule 12 motions to dismiss, leave of court was required. FED. R. CIV. P. 15(a)(2).

unknowing.  *See Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.")  Therefore, Plaintiff's third amended complaint [#43] is properly viewed as effectively terminating Defendants Yahoo and Mayer from the action.  *See* Order of February 24, 2015 [#48].

Nevertheless, Plaintiff's termination of the Defendants did not operate as a dismissal with prejudice, and under Rule 15(a), courts freely grant leave to amend when justice so requires. *Merritt Hawkins & Assocs., LLC v. Gresham,* 300 F.R.D. 311, 313 (N.D. Tex. 2014) (citing FED. R. CIV. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)).

Plaintiff has attempted to amend his complaint by filing both a proposed Supplement [#49] and a proposed Amendment [#50].  Plaintiff's "Supplement to 'Amended Complaint' Plaintiff's Fourth Amendment Complaint" [#49] is, to the court's eye, substantively identical to Document [#50], "'Amended Complaint' Plaintiff's Fourth Amendment Complaint" [#50].  As Plaintiff has been instructed before, a supplement is appropriate to address new factual allegations that have occurred since the original complaint was filed.  FED. R. CIV. P. 15(d).  No new factual allegations are included in the proposed "Supplement," which is to all intents and purposes the same document as the proposed amended complaint filed as document [#50]. Therefore, the Court DENIES leave to supplement the complaint with Document [#49].

The proposed amended complaint, [#50], however, is not required to allege "new" material and is instead examined under the lenient pleading standard of Rule 15(a)(2) ("The court should freely give leave when justice so requires.").  Plaintiff's proposed amendment does not appear to have been brought in bad faith or for purposes of harassment.  Instead of resting solely on the allegations contained in a PBS *Frontline* special, the proposed fourth amended

complaint asserts that Yahoo and AT&T are violating various provisions of the Stored Communications Act and other federal statutes by storing and analyzing communications beyond any fair reading of the scope of the consent provisions of Plaintiff's service contracts with each Defendant. *See generally* [#50]. Plaintiff further alleges that Yahoo and AT&T's participation in government surveillance of internet and phone communications renders them quasi-state actors for purposes of Plaintiff's constitutional claims based on violations of the Fourth Amendment. *Id.* While still far from a model of clarity, the proposed fourth amended complaint appears to be a cogent attempt to marshal Plaintiff's generalized fears of surveillance into a plain statement of a specific dispute between Plaintiff and Defendants, concerning a particularized harm that is potentially redressable under federal law.

Therefore, the court will GRANT leave to file Plaintiff's fourth ***and final*** amended complaint. Document [#50], Styled "Plaintiff's Fourth Amendment Complaint," is now the operative pleading in this matter and all discovery and dispositive motions should be directed to the allegations therein. Document [#54], the Motion to Reinstate Yahoo as a Defendant, is dismissed as moot, as the amended pleading names both Yahoo and Mayer as Defendants and therefore joins them as parties in the case.

***PLAINTIFF IS SPECIFICALLY AND PERSONALLY WARNED THAT NO FURTHER AMENDMENTS WILL BE ALLOWED WITHOUT PRIOR LEAVE OF COURT UPON A SHOWING OF GOOD CAUSE.*** Plaintiff's pro se status does not entitle him to exhaust the resources of Defendants and the court through serial amendments that delay adjudication of the merits of this case. *Hulsey*, 929 F.2d at 171.

**B.  Service on Mayer**

Plaintiff's Motion for Sanctions against Yahoo [#55] and Motion for the Procedure to Obtain the Home Address of CEO Marissa Mayer [#58] stem from his contention that he has attempted to serve Mayer through her place of business, it is clear that Mayer has actual notice of the suit, and Plaintiff believes Mayer and Yahoo are using procedural gamesmanship to prevent service of process.

Pursuant to Federal Rule of Civil Procedure 4(d), a defendant has "a duty to avoid unnecessary expenses of serving the summons."  A plaintiff may request the waiver of service of the summons in writing through an "agent authorized by appointment" to receive service of process.  *Id.* at 4(d)(1)(A)(ii). It is not uncommon for a plaintiff to request that counsel of record for a prospective defendant obtain authorization to accept service under this rule, thus obviating the need for costly and difficult personal service.  The undersigned notes that Mayer has appeared through counsel, Robert Huff, in order to contest proper service and seek to vacate the clerk's entry of default in this case.  *See* [#30].

As there is no evidence in the record that Plaintiff has yet conferred with counsel, Huff, regarding a request for waiver of service of process pursuant to Rule 4(d), the motions for sanctions and for the home address of Mayer will be dismissed without prejudice to re-filing, if necessary, after reasonable attempts to negotiate under Rule 4(d) have taken place.

## II. Conclusion

Accordingly,

IT IS ORDERED that leave to file Plaintiff's "Supplement to 'Amended Complaint' Plaintiff's Fourth Amendment Complaint" [#49] is DENIED. The document need not be stricken from the record, but it shall have no legal effect as it merely duplicates the amended complaint for which leave to file is granted below.

IT IS FURTHER ORDERED that Plaintiff's "'Amended Complaint' Plaintiff's Fourth Amendment Complaint" [#50] shall be docketed as Plaintiff's Fourth Amended Complaint and shall be the operative pleading in this matter going forward.

IT IS FURTHER ORDERED that *Plaintiff shall file no more amendments, supplements, or other alterations or additions to his complaint without leave of court for good cause shown.*

IT IS FURTHER ORDERED that Document [#54], Plaintiff's Motion to Reinstate Yahoo as a Defendant, is DISMISSED AS MOOT.

IT IS FINALLY ORDERED that Plaintiff's Motion for Sanctions against Yahoo [#55] and Motion for the Procedure to Obtain the Home Address of CEO Marissa Mayer [#58] are DISMISSED WITHOUT PREJUDICE to re-filing after reasonable conference between Plaintiff and counsel for Mayer, Robert Huff, concerning waiver of service under Federal Rule of Civil Procedure 4(d).

SIGNED April 22, 2015

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE