IN THE UNTIED STTES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LOUIS ROUSSET,<br>    PLAINTIFF, | § § § § § § § § § § § § | |
| v. | | |
| AT&T INC,<br>AND<br>YAHOO INC,<br>Marissa Mayers<br>Randall L. Stephenson | | NO: A14CV0843LY<br>Jury<br>Hon. Lee Yeakel |
| ____DEFENDANTS____ | | |

FILED
APR 3 0 2015
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

## MOTION FOR PRETRIAL CONFRENCE PERSUANT TO RULE 16

TO THE HONORABBLE UNITED STATES DISTIRCT JUDGE:

Now comes plaintiff Louis Rousset, and humbly asks this honorable court for a pretrial conference for plaintiff's claims against AT&T Inc and Randall Stephenson, based on the Court order Doc. # 59.

Plaintiff believes contract law that circumvents privacy right or the rights to files suit based on an intangible lose (plaintiff e-mail data content) is illegal based on Article VI, which states: "Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding".

If plaintiff is interpreting this clause correctly plaintiff contends that "in RE Yahoo Inc, Stare Decisis case-law is in direct conflict with federal statues pursuant to ECPA and Stare Decisis case-law Hepting v. AT&T that protect plaintiff from "ALL" access to plaintiffs domestic e-mail data content.

1

Plaintiff further contends that rights to privacy in plaintiffs own home of his thought feelings and emotions written in an e-mail is an enumerable right based on the ninth amendment which states":

- o The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."

The defendants have violated plaintiffs ninth amendment right by circumventing plaintiffs right to privacy in his home by accessing plaintiffs e-mail data content through defendants terms and conditions contract.

Plaintiff is not seeking to amend or supplement his complaint and would let the final amended complaint stand and would hope and pray this Honorable Court would make a favorable ruling on plaintiff's claims for a jury trial against defendants.

## BACKGROUND:

Plaintiff contends his first initial complaints where lacking in specific injury-in-fact to plaintiff and a case in controversy requirement for a claim against defendants in this U.S. District Court, to establish a case in controversy against AT&T and Mr. Stephenson and Yahoo.

Plaintiff was/is initially very upset that Yahoo and AT&T are scanning and accessing plaintiffs e-mail data and plaintiff was powerless to do anything about their illegal actions and the Government is not enforcing federal law pursuant to ECPA, Hepting v. AT&T and Article VI.

Plaintiff has had a crash course in law the last 7 months and has made countless mistakes in his assertions and is thankful to the Court and the defendants understanding.

Plaintiff would first like to apologize to the defendants and this Honorable Court for plaintiff's lack of knowledge in submitting a proper legal argument injury-in-fact and the Courts leniency in regard to plaintiffs first, second, third filings etc.

Plaintiff first contended that the PBS documentary was his evidence for injury-in-fact and it took plaintiff countless hours of research to understand plaintiff was lacking in a specific injury-in-fact case in controversy requirement based on the PBS documentary.

Plaintiffs' original complaint was based on internet case law research that was not Sheppardized or current and plaintiff is sorry for wasting the courts valuable time.

When plaintiff accessed west-law plaintiff contends he was able to provide an injury-in-fact and case in controversy cause of action against AT&T and Yahoo Inc, based on defendant's terms and conditions contracts, where defendants inserted innocuous clauses that state; defendants are "scanning and analyzing" email data content and plaintiff could not claim "intangible loses" against AT&T and its affiliates.

The ramifications of these clauses is a denial of a right to privacy of all AT&Ts' customers e-mail data content and customers denial of legal actions against these corporations for violating their customers legal Constitutional rights to privacy under the Constitution, Federal statues pursuant to ECPA, Stare Decisis case-law, and article VI.

Essentially AT&T inserted the above clause to bar all customers from legal action against AT&T and its affiliates for violating their customers' 4TH amendment right to privacy of their e-mail data content by circumventing federal law.

Plaintiff's primary injury-in-fact is the clause in AT&T's terms and conditions which states plaintiff cannot seek "intangible loses" against AT&T and their affiliates can scan and analyze customer e-mail data content.

Plaintiff contends the "intangible loses" and "scanning and analyzing" clauses are "deliberate" and on their face innocuous, yet these clauses denies plaintiff legal action for AT&T and its affiliates who are violating plaintiffs 4TH amendment right to privacy of his e-mail data content based on ECPA and Article VI.

Plaintiff's secondary injury-in-fact against AT&T is provided by federal case law Hepting v. AT&T, where there is clear and compelling evidence AT&T is collecting nationwide domestic e-mail through their NSA sg3 secure rooms installed around the country as stated in Hepting v. AT&T, violating ECPA, Hepting v. AT&T and Article VI and the 9Th amendment.

Plaintiff's second injury-in-fact is/was against Yahoo Inc, for their terms and conditions where Yahoo is scanning and analyzing plaintiff's e-mail data content violating ECPA, Hepting v. AT&T and Article VI, which directly deny plaintiff his 4TH amendment right to privacy in his own home. Plaintiff contends his assertions are not general assertions.

Plaintiff's claims are specific and plaintiff is seeking and injunction against AT&T and Yahoos "terms and conditions "clauses that violate plaintiffs 4TH amendment right to privacy based on federal law pursuant to ECPA, Stare Decisis Hepting v. AT&T and Article VI.

Plaintiff is additionally seeking damages which are specific for said violations by both defendants for their blatant terms and conditions clauses.

The defendants have never given just-cause for their terms and conditions that circumvent federal case law Hepting v. AT&T and ECPA. The defendants have hinted that their complying with NSA requirements for accessing plaintiffs domestic e-mail data content.

Plaintiff's case is about two corporations AT&T/Yahoo monopolies on internet access for the plaintiff and the general public in plaintiff's area of domicile:

- A monopoly exists when a specific person or <u>enterprise</u> is the only supplier of a particular commodity. Clearly AT&T and Yahoo have a monopoly on internet access in plaintiffs domicile as plaintiff's research has proven.
- AT&T and Yahoo holding a dominant position or a monopoly of a market is often not illegal in itself, however certain categories of behavior can be considered abusive and therefore incur legal sanctions when business is dominant.

Plaintiff contends he has clearly shown these two corporations have a monopoly on plaintiff's access to internet service and plaintiff is bound by their contracts that plaintiff contends are illegal and unconstitutional.

## CONCLUSION

For the forgoing reasons plaintiff contends he has established a specific injury-in-fact and standing by both defendants based on both defendants terms and conditions contracts that circumvent federal statutes pursuant to ECPA, federal case law Hepting v. AT&T and Article VI.

Plaintiff believes a jury trial is required when a Constitutional 4TH amendment right to privacy claim is at issue and any arbitration or dismissal would not be in the interest of justice.

Dated: April 28, 2015                                           BY: _____

Sent by regular postal mail                                     Louis Rousset

U.S. District Clerk's Office                                    Pro-Se Counsel

501 West Fifth Street, Suite 1100                               11802 Hornsby St

Austin, Texas 78701                                             Austin Texas 78753

Sent by regular U.S. postal mail                                512-833-9360

TO: Yahoo INC, 701 First Ave Sunnyvale CA 94089,

TO: AT&T INC,

208 South Akard Street Dallas, TX 75202

TO: Randall L. Stephenson

208 South Akard Street Dallas, TX 75202

TO: Marissa Mayer CEO Yahoo Corporate Office & Headquarters,
701 First Ave Sunnyvale CA 94089 Yahoo (408) 731-3300

## CERTIFICATE OF SERVICE

I, Louis Rousset, hereby certify that on April 28, 2015 a true and correct copy of the foregoing motion for a pretrial hearing was served by U.S. Postal mail upon the attorney of record for defendants:

Sent by certified postal mail to:
U.S. District Clerk's Office
501 West Fifth Street, Suite 1100
Austin, Texas 78701
Article # 7014 2120 0002 1807 2836

Sent by regular postal mail to:
Attorney of record Robert F. Huff, for Yahoo Inc, Ms. Mayers
ZWILLGEWN PPLC
300 N. LaSalle Street, Suite 4925
Chicago Ill, 60654

Attorney of record Wittliff /Cutter PLLC
1803 West Avenue
Austin Texas 78701

Sent by regular U.S. postal mail

TO:  Yahoo INC,
701 First Ave Sunnyvale CA 94089 Yahoo (408) 731-3300

TO: Marissa Mayer CEO Yahoo Corporate Office & Headquarters,
701 First Ave Sunnyvale CA 94089 Yahoo (408) 731-3300

TO: AT&T INC,
208 South Akard Street Dallas, TX 75202, 210-283-1260

TO: Randall l. Stephenson
208 South Akard Street Dallas, TX 75202, 210-283-1260

Louis Rousset PRO-SE Counsel

Louis Rousset

7

