IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2016 FEB 29 AM 10: 38
CLERK
WESTERN DISTRICT OF TEXAS
BY_____

| | | |
|---|---|---|
| LOUIS ROUSSET, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CAUSE NO. A-14-CV-843-LY |
| | § | |
| AT&T INC.; YAHOO, INC.; | § | |
| RANDALL L. STEPHENSON; AND | § | |
| MARISSA MAYER, | § | |
|     DEFENDANTS. | § | |

## ORDER ON REPORT AND RECOMMENDATION

Before the court are Defendant Yahoo, Inc.'s Motion to Dismiss Amended Complaint filed May 22, 2015 (Doc. #65); Defendants AT&T, Inc. and Randall L. Stephenson's Motion to Dismiss for Lack of Subject Matter Jurisdiction or, Alternatively, to Dismiss in Favor of Mandatory Arbitration filed May 22, 2015 (Doc. #66); Plaintiff's "Response to AT&T and Yahoo Inc., Motion to Dismiss 05, 22, 2015: 'Motion to Dismiss for Lack of Subject-Matter Jurisdiction or, Alternatively, to Dismiss in Favor of Mandatory Arbitration'" filed June 18, 2015 (Doc. #70); Defendants AT&T, Inc. and Randall L. Stephenson's Reply in Support of Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction or, Alternatively, to Dismiss in Favor of Mandatory Arbitration filed July 13, 2015 (Doc. #71; and Defendant Yahoo's Reply in Support of Motion to Dismiss Amended Complaint filed July 13, 2015 (Doc. #72). The motions, responses, and replies were referred to the United States Magistrate Judge for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The magistrate judge filed his Report and Recommendation on December 28, 2015

(Doc. #73), recommending that this court grant the motions to dismiss and dismiss all of Plaintiff Louis Rousset's claims against Defendant AT&T Inc. without prejudice, dismiss Rousset's claims against Defendant Yahoo Inc. arising from Yahoo's purported sharing of Rousset's email contact and Internet history with government agencies without prejudice, dismiss Rousset's claims against Yahoo based on alleged commercial data monitoring with prejudice, and dismiss Rousset's claims against Defendants Randall Stephenson and Marissa Mayer without prejudice.

"Plaintiff's Reconsideration Motion Pursuant to Rule 52(b) on the Courts Final Recommendation of United States Magistrate Docket # 73, where this Honorable Court has Failed to Make a Prima Fascia [sic] Case that the AT&T and Yahoo Contractual Language this Court Has Relied Upon Does Not Even, on its Face, Amount to a Waiver of Plaintiff's Intangible Constitutional and Statutory Rights Pursuant to Federal Case-Law" was filed January 21, 2016 (Doc. #77). AT&T Defendants' Response to Plaintiff's Rule 72(b) Objection to Magistrate Judge Lane's Report and Recommendation was filed February 2, 2016 (Doc. #78). Defendant Yahoo Inc.'s Response to Plaintiff's Objections to Magistrate Court's Report and Recommendation was filed February 4, 2016 (Doc. #81).

On February 10, 2016, Rousset filed a "Motion for Extension of Time to Respond to all Court Recommendation, Order Etc, and to Respond to all AT&T and Yahoo Inc. Motions" (Doc. #82). Also on February 10, 2016, Rousset filed "Plaintiff's Response to: AT&T Claiming that Plaintiff Made a Rule 72(b) Objection to Magistrate Judge Lanes Report and Recommendation which Plaintiff Did Not Make" (Doc. #83). The court finds that Rousset's "Reconsideration Motion" (Doc. #77) and Response filed February 10, 2016 (Doc. #83) thoroughly address and raise objections to the magistrate judge's Report and Recommendation. Therefore, the court will construe

Rousset's "Reconsideration Motion" (Doc. #77) and Response (Doc. #83) as objections to the Report and Recommendation and will deny Rousset's motion for extension of time. Accordingly,

**IT IS ORDERED** that Plaintiff Louis Rousset's "Motion for Extension of Time to Respond to all Court Recommendation, Order Etc, and to Respond to all AT&T and Yahoo Inc. Motions" (Doc. #82) is **DENIED**.

In light of Rousset's objections the court has undertaken a *de novo* review of the entire case file and finds that the magistrate judge's Report and Recommendation should be approved and accepted by the court as modified below for substantially the reasons stated therein.

Rousset's objections raise the same arguments well and properly addressed by the magistrate judge in his Report and Recommendation. In addition, Rousset attempts to raise additional constitutional claims not before the court in Plaintiff's Fourth Amended Complaint (Doc. #50). The court will overrule Rousset's objections. The Report and Recommendation concludes that Rousset has made no factual allegations tying Defendant Stephenson to the claims asserted against Stephenson in the Plaintiff's Fourth Amended Complaint. Rousset's claims against Stephenson will be dismissed with prejudice for failure to state a claim. Therefore, the Report and Recommendation is modified to dismiss Rousset's claims against Stephenson with prejudice.

With regard to Defendant Marissa Mayer, the court is not confronted with a situation where Rousset has made no effort to serve process or has not exercised some degree of diligence. Indeed, the record in this case reveals that Rousset has made more than one attempt to serve Mayer, and that the magistrate court has admonished both Rousset and Mayer to confer regarding a possible waiver of service (Doc. #59). As of the date of this order, however, Mayer has not been served nor has she filed a waiver of service. Accordingly, given the circumstances, the court concludes that Rousset

should be afforded an additional period of time to complete service of process and to file appropriate proof thereof with the court. Rousset is advised that failure to properly complete service of process or to file the proof of service **on or before April 1, 2016**, will result in a dismissal of Mayer without prejudice and without further notice. Therefore, the Report and Recommendation is modified to order Rousset to file proof of service of Mayer by April 1, 2016, or face dismissal of his claims against Mayer without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff Louis Rousset's objections to the magistrate judge's Report and Recommendation set forth in "Plaintiff's Reconsideration Motion Pursuant to Rule 52(b) on the Courts Final Recommendation of United States Magistrate Docket # 73, where this Honorable Court has Failed to Make a Prima Fascia [sic] Case that the AT&T and Yahoo Contractual Language this Court Has Relied Upon Does Not Even, on its Face, Amount to a Waiver of Plaintiff's Intangible Constitutional and Statutory Rights Pursuant to Federal Case-Law" was (Doc. #77) and "Plaintiff's Response to: AT&T Claiming that Plaintiff Made a Rule 72(b) Objection to Magistrate Judge Lanes Report and Recommendation which Plaintiff Did Not Make" (Doc. #83), which the court construes a Plaintiff Louis Rousset's Objections to the magistrate judge's Report and Recommendation, are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the United States Magistrate Judge (Doc. #73) is **ACCEPTED AND ADOPTED AS MODIFIED HEREIN** by the court.

**IT IS FURTHER ORDERED** that Defendant Yahoo, Inc.'s Motion to Dismiss Amended Complaint filed May 22, 2015 (Doc. #65) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants AT&T, Inc. and Randall L. Stephenson's Motion to Dismiss for Lack of Subject Matter Jurisdiction or, Alternatively, to Dismiss in Favor of Mandatory Arbitration filed May 22, 2015 (Doc. #66) is **GRANTED**.

**IT IS FURTHER ORDERED** that all of Plaintiff Louis Rousset's claims against Defendant AT&T Inc. are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff Louis Rousset's claims against Defendant Yahoo Inc. based on Yahoo's purported sharing of Rousset's email content and internet history with government agencies is **DISMISSED WITHOUT PREJUDICE** and Rousset's claims against Yahoo based on alleged commercial data monitoring are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff Louis Rousset's claims against Defendant Randall Stephenson are **DISMISSED WITH PREJUDICE**.

**IT IS FINALLY ORDERED** that Plaintiff Louis Rousset shall properly complete service of process or to file the proof of service on Defendant Marissa Mayer **on or before April 1, 2016**. Failure to comply with the court's order will result in a dismissal of Mayer without prejudice and without further notice.

SIGNED this _26th_ day of February, 2016.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE