1

IN THE UNTIED STTES DISTRICT COURT FOR THE

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION



FILED

2016 MAR 16  AM II: 22

CLSE
WESTE
BY

| | | |
|---|---|---|
| LOUIS ROUSSET, | § | |
| PLAINTIFF, | § | |
| v. | § | |
| AT&T INC. | § | NO: A-14-CV-0843-LY |
| And | § | Jury |
| YAHOO INC. | § | |
| DEFENDANTS | § | |
| | § | |
| | § | |

### **VERIFIED COMPLAINT**

**FOR ULTRA VARES DECLARATORY AND INJUNCTIVE RELIEF, AGAINST HONORABLE JUDGE YEAKEL AND HONORABLE MAGISTRATE LANE'S DOCKET # 73 AND DOCKET # 84 ORDERS, INVADED PLAINTIFF'S RECOGNIZED CLAIMED PROPERTY RIGHTS, I.E. STATUTORY, CONSTITUIONAL AND CIVIL, RIGHTS**

This Honorable Court possesses federal question jurisdiction over the instant cause of action, pursuant to Title 28 U.S.C. § 1331, and this Honorable Court has federal jurisdiction questions for plaintiff's Mandamus claims for relief against the unconstitutional actions by this Honorable Court as the Court for original jurisdiction pursuant to 28 U.S.C. §1361.

Plaintiff contends this Honorable Courts invasion of plaintiff's recognized rights allow plaintiff suits for specific relief against officers of the sovereign; where Judge Yeakel and magistrate Lanes have acted beyond their general scope of statutory duties an in this process

have violated constitutional standards and ECPA and ECA statutory standards, and federal Stare Decisis standards committing ultra Vares by taking of plaintiff recognized right in a pretrial proceeding which are not suits against the sovereign. Where the officer's powers are limited by statute, his actions beyond those limits are considered individual and not sovereign actions.

Plaintiff does not want to file a suit against officers of the sovereign or file this complaint against officers of the sovereign, but this Honorable Courts rulings show a clear pattern of "economic Protectionism", in favor of AT&T/Yahoo at plaintiff's legally protected statutory and constitutional claimed rights and have left plaintiff no choice in the matter.

Plaintiff is only trying to assert his legal rights, and be provided with the process he is due to a fair and full legal proceeding, due to Doc. # 84 and Doc. # 73, have acted beyond their general scope of statutory duties an in this process have violated constitutional standards which has been impeded by this courts failing to follow constitutional, statutory and Stare Decisis standards in the application of the law.

Plaintiff's understandings of law has lead plaintiff to believe this Honorable Court has applied the Safe Harbor Act for Yahoo Inc. in an unconstitutional manner, and in a manner not allowed by Constitutional and federal statutory laws, where plaintiff's claims are based on contractual language that violates federal statutory law in the guise of the "safe Harbor Act", which are a question of law, specifically this court failed to explicitly provide evidence Yahoos contractual language meets the minimum requirements for an effective and willful waiver of plaintiff's constitutional and statutory rights.

Plaintiff's understandings of law has lead plaintiff to believe this Honorable Court has applied the FAA for AT&T, in an unconstitutional manner not allowed by the constitution and federal statutory law, where plaintiff's claims are based on contractual language that violates federal statutory law in the guise of FAA protections, which are a question of law not governed by the FAA; specifically this court failed to explicitly provide evidence AT&T's contractual language meets the minimum requirements for an effective and willful waiver of plaintiff's constitutional and statutory rights.

Plaintiff is demanding his legally recognized rights and legal arguments to be honored in a constitutional, Statutory and Stare Decisis manner by this Court, by providing legal

evidence that proves AT&T/Yahoo adhesion contract contractual language explicitly state, plaintiff willfully and knowingly waived his statutory and constitutional rights, which plaintiff's has stated the AT&T/Yahoo contractual language does not even on its face, amount to a waiver of plaintiffs constitutional and statutory rights, and this honorable court's dismissal of plaintiff's claims, without explicit evidence and explicit case-law rebuttal, and explicit "findings pursuant to Rule 41(b) have invaded and trespassed on plaintiff's recognized property rights.

## ARGUEMENT

Plaintiff further contends Judge Yeakel's Docket # 84, order has no legal bases for his actions and Magistrate Lanes Recommendations, Docket # 73, has no legal bases for his actions, by failing to provide "specific findings", AT&T/Yahoo contractual language that meets the minimum requirement for and effective waiver of plaintiff's said rights, as stated by plaintiff's Supreme Courts, appellate court and district court case-law evidence.

The fifth Circuits actions by Honorable Judge Yeakel Order, Docket # 84 and the Recommendation by Magistrate Lane, Docket # 73, thus implicate and invaded plaintiff Louis Rousset Constitutional, and statutory property rights, which are protected by the Due Process Clause of the Fifth Amendment.

Plaintiff (Louis Rousset) hereby states his complaint for declaratory and injunctive relief against the unconstitutional abuse of government power and Ultra Vires actions by Honorable Judge Lee Yeakel and Honorable Magistrate Mark Lane.

Plaintiff contends in Judge Yeakel Doc. # 84, and Magistrate Lane Doc. # 73 actions have acted beyond their general scope of statutory duties in their rulings as stated in Yates v. Village of Hoffman Estates, Illinois, 209. F. Supp. 757. (N.D.Ill.1962);, held that "no every action by a judge is in the exercise of his judicial function....it is not a judicial function for a judge to commit an intentional tort even though the tort occurs in the court house. When a judge acts as a trespasser of the law, when a judge does not follow the law, the judge loses subject-matter jurisdiction and the judges' orders are void, of no legal force or effect.

Plaintiff prays this court will not fall under the spell of a recognized judicial psychological bias, i.e. hindsight bias. (See Heuristics and Biases in the Courts: Ignorance or Adaptation, 79 Or. L. Rev. 61, 2000, Jeffrey J. Rachlinski,; Inside the Judicial Mind, Cornell Law Review, Vol. 86, No. 4, May 2001 Chris Guthrie , Jeffrey J. Rachlinski and Andrew J. Wistrich.)

A judicial decision making flaw can stem from the hindsight bias that legal arguments raised by pro se litigants are not of the caliber of experienced attorneys, the novelty of the legal argument that a statutory rights claims pursuant to ECPA and ECA statute violates constitutional rights, that the legal argument is one of first impression here and therefore must lack merit when raised by pro se litigant. All of these heuristics preconditions in the decision maker to short circuit otherwise in depth analysis of the law offered for the argument by plaintiff.

Furthermore, Judge Yeakel and Magistrate Lane have failed to remedy wrongs after learning about it through plaintiffs' claims both defendants contractual language does not even on its face, amount to a waiver of plaintiff's statutory and constitutional intangible claimed rights, by Judge Yeakel Doc. # 84 and Magistrate Lanes Doc. # 73, have unconstitutionally deprived plaintiff the process he is due through direct participation, and have created their own policy or custom under which constitutional practices occur or gross negligence in managing subordinates who cause violations. (Gallegos v. Haggerty, Northern District of New York, 689 F. Supp. 93).

Plaintiff contends when federal officials Judge Yeakel Doc. # 84 and Magistrate Lanes Doc. #73, actions have perpetrated constitutional torts against plaintiff, and have done so ultra vires these Judicial officers  lose the shield of sovereign immunity; Williamson v. U.S. Department of Agriculture, 815 F.2d. 369, ACLU Foundation v. Barr, 952 F.2d. 457, 293 U.S. App. DC 101, (CA DC 1991).

Plaintiff further contends the words of Justice Louis Brandeis, should be considered in plaintiff's claims against the Honorable Court:

"Decency, security and liberty alike demand that government officials shall be subjected to the rules of conduct that are commands to the citizen. In a government of laws, existence of the government will be imperiled if it fails to observe the law scrupulously. Our government is

the potent, omnipresent teacher. For good or for ill, it teaches the whole people by its example. Crime is contagious. If the government becomes a lawbreaker, it breeds contempt for the law; it invites every man to come a law unto himself. It invites anarchy. (United States v. Olmstead, 277 U.S. 438. (1928).

Judge Yeakel and Magistrate have acted beyond their general scope of statutory duties by exceeding their legal authority as stated in; Lane Cannon v. Commission on Judicial Qualifications,(1975) 14. Cal. 3d. 678. 694. When a judge is acting in excess of judicial authority this action constitutes misconduct, particularly where a judge deliberately disregards the requirements of fairness and due process.

Under federal Law Judge Yeakel Doc. # 84 and Magistrate Lanes Doc. # 73 Rulings have acting beyond their general scope of statutory duties through public misuse of the safe harbor act for Yahoo and public misuse of the FAA for AT&T are void by failing to uphold plaintiff's legally claimed rights as stated by, the U.S. Supreme Court that "if a court is without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void, and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification and all persons concerned in executing such judgments or sentences are considered, in law, as trespassers; Elliot v. Piersol, 1 Pet. 328,340, 26 U.S. 328, 340 (1828).

Furthermore, Judge Yeakel's and Magistrate Lanes ruling have acted beyond their general scope of statutory duties violating plaintiff's civil rights, and pursuant to Federal tort law: judges cannot invoke judicial immunity for acts that violate litigants civil-rights; Robert Craig Waters. Tort & Insurance Law Journal, Spr. 198. 621n3, p 509-516.

Thomas v. Collins, supra, 323. U. S. 516. 531. Hence, the act of filing suit against a governmental entity represents an exercise of the right of petition and thus invokes constitutional protection. City of Long Beach v. Bozek, 31 Cal.3d. 527, at 533-534(1982).

## EXHAUSTION OF ALL ADMINISTRATIVE REMEDIES

This Honorable Court possesses federal question jurisdiction over the instant cause of action, pursuant to Title 28 U.S.C. § 1331, where pursuant to these officers of the sovereign have

acted beyond their general scope of statutory duties unconstitutionally in Doc. # 73 and # 84, where plaintiff has exhausted all administrative relief. Judge Yeakel and Magistrate lane have unconstitutionally rejected plaintiff's legal argument based on sound Supreme courts Stare Decisis case-law, appellate court case-law, and district court case-law, without providing specific findings through case-law evidence and without providing evidence from AT&T/Yahoos adhesion contract terms that explicitly state plaintiff's is knowingly and willfully waived his statutory and constitutional rights.

Plaintiff contends the Larson/Dugan exception rule applies for an officer of the sovereign, who have unconstitutionally denied plaintiff his due process and procedural due process rights as stated by Mr. Justice Hughes in Philadelphia Co. v. Stimson, 1912, 223 U.S. 605, 620, 32 S. Ct. 340, 344, 56 L. Ed. 570, where he said: "in case of an injury threatened by his illegal action, the officer cannot claim immunity from injunction process. The principle has frequently been applied with respect to state officers seeking to enforce unconstitutional enactments. And it is equally applicable to a Federal officer acting in excess of his authority or under an authority not validly conferred". Apply the Safe harbor act to Yahoo and the FAA to AT&T without proving minimum requirements for said statutory waivers shows a clear pattern of federal officer acting in access of his authority.

Plaintiff contends this Honorable Court's ruling Doc. # 84, rule is final, and the consequence of the ultra vires Possession is justiciable, and if no discretion is ahead and the rule of law is settled, then the possession/plaintiff, objectively is ultra vires and actionable. In addition, other courts, including a panel of the Fifth Circuit Court of Appeals, albeit in an unpublished opinion, have implicitly recognized the continuing vitality of the ultra vires exception by analyzing its application to claims against federal officials in recent opinions. See, Taylor v. United States, 292 Fed. Appx. 383 (5th Cir.2008); United Tribe of Shawnee Indians v. United States. 253. F. 3d. 543. (10th Cir.2001); Doe v. Wooten, No. 09–13707, 376. Fed. Appx. 883. 2010. (11th Cir. April 26, 2010).

Furthermore, Judge Yeakel has invaded plaintiffs past legal rights and threatened Plaintiff future legal rights, with no legal bases for his actions, by failing in his legal duty to be impartial adjudicator of plaintiff's statutory and constitutional rights by relying on Magistrate Lanes unsubstantiated claims in doc. # 73 that failed to explicitly prove Yahoo/AT&T

contractual language explicitly states plaintiff is willfully and knowingly waiving his statutory and constitutional rights in their adhesion contract.

## I.   INVASION OF PLAINTIFF'S RECOGNIZED SAFE HARBOR ACT RIGHTS PURSUANT  TO ELECTRONIC COMMUNICATIONS ACT

Magistrate Lane and Judge Yeakel have taken/invaded plaintiff's legal rights pursuant to the application of the safe Harbor Act stating Yahoo is protected, without explicitly providing Yahoo contractual language that is clear and explicit stating plaintiff is waiving his ECPA and ECA statutory rights where Doc. # 73 and Doc. # 84,  are based on unsubstantiated Stare Decisis case-law and unsubstantiated proof by Yahoo/AT&T's contractual languages that does not meet the minimum requirements for plaintiff knowingly waiving his statutory and constitutional rights, have taken plaintiffs Due Process and Procedural Due process rights to a fair and full judicial review in a pre-trail phase of a civil action.

## II.   INVASION OF PLAINTIFF'S RECOGNIZED SAFE HARBOR ACT RIGHTS BY PUBLIC MISUSE OF ECPA SAFE HARBOR ACT STATUTE

This Honorable courts failure to provide explicit case-law and "reasoning" for their decisions in Doc. # 73 and 84,  have publicly misused the Federal safe Harbor Act statute, which can only be applied when this Court has explicitly proven through the AT&/Yahoo contractual language has explicitly stated plaintiff is knowingly and willfully waiving said rights, which this Honorable Court has failed to prove; and Judge Yeakel and Magistrate lane  failed to comply with constitutional requirements, statutes, and other court rules and decisional law, and in the context of all relevant circumstances have committed Ultra Vares by invading and taking plaintiff's recognized rights.

## III.   INVASION OF PLAINTIFF'S RECOGNIZED FEDERAL STATUTORY ARBITRATION ACT RIGHTS

Magistrate Lane and Judge Yeakel have taken/invaded plaintiff's legal rights pursuant to the application of the FAA, when plaintiff's cause of action against AT&T is not against the "Whole" contract, plaintiff is claiming AT&T privately misused the FAA, in their adhesion contract by failing to provide explicit contractual language plaintiff is knowingly waiving his statutory and constitutional rights and plaintiff's claims based on violations of his statutory rights are a question of law not for an arbiter, which plaintiff has proven through federal case-law; where Judge Yeakel and Magistrate lane failed to comply with constitutional requirements, statutes, and other court rules and decisional law, and in the context of all relevant circumstances, committing Ultra Vares by invading and taking plaintiff's FAA and case-law rights.

## IV.   INVASION OF PLAINTIFF'S RECOGNIZED CONSTITUTIONAL DUE PROCESS AND PROCEDURAL DUE PROCESS RIGHTS, THROUGH TRESSPASS BY FEDEAL JUDGE YEAKEL AND MAGISTRATE LANE ORDERS

Plaintiff contends Judge Yeakel and Magistrate lane have acted beyond their general scope of statutory duties in violation of constitutional standards by failing to accept plaintiff's legal argument that AT&T/Yahoo's contractual language meets the minimum requirements as stated by the Supreme Court for an effective waiver of plaintiff's statutory and constitutional rights.

Judge Yeakel and Magistrate lane doc. # 73 and #84, have no legal bases for these actions by acting beyond their general scope of statutory duties in violation of constitutional standards by not providing "opposing specific findings case-law or otherwise" that AT&T/Yahoo contractual language specifically prove plaintiff's claims have not merit, for this reason Judge Yeakel and magistrate Lane have unconstitutionally violated plaintiff's constitutional rights to Due process of law and plaintiff's Procedural due process of law claimed rights in a case-in-controversy pre-trail issue for violations of plaintiff's federal statutory ECPA and ECA rights that clearly violate constitutional standards.

These unconstitutional actions by these Court Judiciaries have trespassed on plaintiff's due process and procedural due process rights, that have further created a fundamental due process denial of 35 statutes, further denying plaintiff the process he is due, theses action in Doc. # 73

and Doc. # 84  have trespassed, invaded plaintiff's recognized legal right  pursuant to his Due

process and procedural Due Process rights by further trespassing, and  invading plaintiff's

recognized legal pursuant to;

1. 18 U.S. C.  U.S. §2701; and
2. 18 U.S. C. §2701(a); and
3. 18 U.S. C. §2701(c)(1);
4. 18 U.S. C. §2707(a); and
5. § 2707 (b)(1);and
6. §2707 (b)(2) ; and
7. §2707 (b)(3); and
8. 18 U.S. C.  §2707(c); and
9. § 2707 (d); and
10. 18 U.S. § 2511; and
11. 18 U.S. § 2511(2)(a)(i); and
12. 5TH amendment right to equal protection of the law; and
13. Quantum Meruit; and
14. Ultra Vares; and
15. Mandamus; and
16. Plaintiff's civil rights1964, and
17. 42 U.S.C. §12132; and
18. 28 U.S. C. § 332; and
19. 28 U.S. C. § 332(d)(1); and
20. Rule 26; and
21. Rule 26(a); and
22. Stare Decisis case-law; and
23. RULE 12(b)(1); and
24. 28 U.S.C. §1331; and
25. 455(A; and
26. Rule 12(3); and
27. Federal arbitration act; and
28. Safe Harbor act; and
29. Judicial Canons 1; and
30. Judicial Canons 2; and
31. Judicial Canons 3(A)(4); and
32. RULE 3. APPEAL AS OF RIGHT, denied to plaintiff; and
33. §5.02, relief against these federal officers; and
34. Discretionary remand §1367.34, and
35. Procedures P 6; 28 U.S.C. s 332(d)) by providing a means for dealing with systematic inability or unwillingness to perform the duties of the judicial office.

V.   **INVASION OF PLAINTIFF'S RECOGNIZED CONSTITUIONAL RIGHTS, CIVIL RIGHTS, ECPA RIGHTS, ECA RIGHTS, FEDERAL RULES OF CIVIL PROCEDURE RIGHTS, JUDICAL CANONS RIGHTS BY HONORABLE JUDGE YEAKEL AND MAGISTRATE LANES "ECONOMIC PROTECTIONISM", IN THEIR DOC. # 73 AND DOC. # 84, WHERE SOVEREIGN IMMUNITY, IS WAIVED**

Plaintiff contends any argument by this Honorable Court that Larson Exceptions rule does not apply would be contrary to the Supreme Court's subsequent decision in Dugan, which noted "recognized exceptions" to the general rule of federal sovereign immunity, for suits alleging that: "(1) action[s] by officers [are] beyond their statutory powers and (2) even though within the scope of their authority, the powers themselves or the manner in which they are exercised are constitutionally void." 372 U.S. at 621-22. And it is likewise contrary to this Circuit's reading of the Larson-Dugan exception. See Swan v. Clinton, 100. F. 3d 973, 981. (D.C. Cir. 1996) (explaining that the exception "holds that sovereign immunity does not apply as a bar to suits alleging that an officer's actions were unconstitutional or beyond statutory authority"; Clark v. Library of Cong., 750 F.2d 89, 102 (D.C. Cir.1984).

For the forgoing reasons plaintiff contends Judge Yeakel and Magistrate Lane have no legal bases for their actions and have invaded plaintiffs statutory and constitutional rights and Judge Yeakel and Magistrate Lane have committed Ultra Vares by unconstitutionally failing to provide explicit case-law and explicit contractual language in both defendants adhesion contracts that fails to meet the legal requirement for a legal waiver of plaintiff's rights pursuant to Supreme Court Stare Decisis case-law, and further dismissing both plaintiff's claims against AT&T/Yahoo without proving "finding" that their adhesion contracts are in compliance with the legal minimum requirements for plaintiff to waive these rights. Pollack v. U.S. United States Court of Appeals, Federal Circuit. September 06, 2012. 498. Fed. Appx. 19.

Plaintiff is seeking specific relief Declaratory and Injunctive relief against the officer of this Honorable Court Judge Yeakel and magistrate Lane unsubstantiated claims in Doc. # 73 and Doc. # 84, who are officers of the sovereign, and have acted beyond their statutory authority and unconstitutionally, denied plaintiff a fair and full hearing on the merits of his legal arguments and Under the Larson/Dugan exception, Judge Yeakel and Magistrate Lane are not barred by sovereign immunity; Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 689, 693 (1949); Dugan v. Rank, 372 U.S. 609, 621-22 (1963). The exception is based on the principle that such ultra vires action by a federal officer "is beyond the officer's powers and is, therefore, not the conduct of the sovereign;" Larson, 337. U.S. at 690.

## VI.    INVASION OF PLAINTIFF'S RECOGNIZED FIFTH AMENDMENT EQUAL PROTECTION RIGHTS

1. Plaintiff contends Magistrates Lanes Recommendation Doc. # 73, actions are beyond his statutory powers and invaded and taken plaintiff's recognized claimed legal rights pursuant to his 5TH amendment rights to equal protection of the law, specifically, Magistrate Lane applying The Safe Harbor act U.S. § 2701(c)(1), to Yahoo Inc.'s, adhesion contract rights without determining that the yahoo contractual language meets the minimum requirements for a legal waiver by plaintiff knowing waiving his constitutional and statutory rights, had invaded and taken plaintiff's equal protection rights; and

2. Plaintiff contends Magistrates Lanes Recommendation Doc. # 73, actions are beyond his statutory powers and has invaded and taken plaintiff's recognized claimed legal rights pursuant to his 5TH amendment rights to equal protection of the law, specifically, Magistrate Lane applying, the Federal Arbitration Act, to AT&T's adhesion contract rights, without providing a "finding of facts and conclusions of law", requirements by Rule 41. Dismissal of Actions (b), when plaintiff's claims are against AT&T violating plaintiff's legally recognized federal statutory rights, specifically,(( AT&T's failing to provide the minimum requirements in their contractual language  for a legal waiver of plaintiff's recognized  rights pursuant to ECPA18 U.S. § 2701  and ECA 18 U.S. § 2511 18 U.S. § 2511(2)(a)(i)), which federal case-law "mandates", exception allows courts to invalidate arbitration agreements that prevent effective vindication of a federal statutory right, Magistrate Lane  failed  to apply plaintiff's federal case-law recognized rights claims to AT&T's "deficient" contractual language and has denied plaintiff his recognized legal rights by taking his 5TH amendment equal protection rights in a pretrial proceeding; and

3. Plaintiff contends Judge Yeakel's ruling Doc. # 84, actions are beyond his statutory powers and has invaded and taken plaintiff's recognized claimed legal rights pursuant to his 5TH amendment rights to equal protection of the law, specifically, Judge Yeakel applying the Safe Harbor act U.S. § 2701(c)(1), to Yahoo Inc.'s, adhesion contract rights without determining that the Yahoo contractual language meets the minimum requirements for a legal waiver by plaintiff knowing waiving his constitutional and statutory rights, had invaded and taken plaintiff's 5TH amendment equal protection rights in a pretrial proceeding; and

4.  Plaintiff contends Judge Yeakel's Doc. # 84, actions are beyond his statutory powers and has invaded and taken plaintiff's recognized claimed legal rights pursuant to his 5TH amendment rights to equal protection of the law, specifically, Judge Yeakel applying, the Federal Arbitration Act, to AT&T's adhesion contract rights, without providing a "finding of facts and conclusions of law", requirements by Rule 41. Dismissal of Actions (b), when plaintiff's claims are against AT&T violating plaintiff's legally recognized federal statutory law rights, specifically,(( AT&T violating ECPA18 U.S. § 2701 and ECA 18 U.S. § 2511 18 U.S. § 2511(2)(a)(i) through deficient contractual language), which federal case-law "mandates", exception allows courts to invalidate arbitration agreements that prevent effective vindication of a federal statutory right, Magistrate Lane failing to apply plaintiff's claims to AT&T has denied and allowed Judge Yeakel to deny plaintiff his recognized legal rights by taking his 5TH amendment equal protection rights, in a pretrial proceeding; and

5.  Plaintiff contends Judge Yeakel's Doc. # 84, actions are beyond his statutory powers and has invaded and taken plaintiff's recognized claimed legal rights pursuant to his 5TH amendment rights to equal protection of the law, specifically, Judge Yeakel applying the safe harbor act to AT&T/Yahoo deficient adhesion contract, contractual language has without a finding of fact or explicit contractual language proof, taken and invaded plaintiff recognized rights pursuant to ECPA 18 U.S. §2701; and

6.  Plaintiff contends Judge Yeakel's Doc. # 84, actions are beyond his statutory powers and has invaded and taken plaintiff's recognized claimed legal rights pursuant to his 5TH amendment rights to equal protection of the law, specifically, Judge Yeakel applying the safe harbor act to AT&T/Yahoo deficient adhesion contract, contractual language has without a finding of fact or explicit contractual language proof in his opinion, has taken and invaded plaintiff recognized rights pursuant to specifically 18 U.S. § 2511, where this court failed in its duties to question AT&T and Yahoo's deficient contractual language; and

7.  Plaintiff contends Judge Yeakel's Doc. # 84, actions are beyond his statutory powers and has invaded and taken plaintiff's recognized claimed legal rights pursuant to his 5TH

amendment rights to equal protection of the law, specifically, Judge Yeakel  Has failed in his legal duty to plaintiff in a pretrial proceeding by invading and taking of plaintiff's recognized claimed rights pursuant to  28 U.S.C.A. § 332 and subsection 28 U.S.C.A. § 332(d)(1), where Judge Yeakel allowing the AT&T /Yahoo deficient contractual language, that fails to meet the minimum requirements for plaintiff to legally waive his statutory and constitutional rights has failed to " make all necessary and appropriate legal orders for the effective and expeditious administration of justice within its circuit" and

8.  Plaintiff contends Judge Yeakel's  Doc. # 84, actions are  beyond his statutory powers and has invaded and taken plaintiff's recognized claimed legal rights pursuant to his 5TH amendment rights to equal protection of the law, specifically, Judge Yeakel's and Magistrate Lanes  rulings Doc. # 73 and # 84, have repeatedly and  Judicially supported both AT&T/Yahoo deficient contractual language throughout these proceedings, by allowing Yahoo protection under the safe Harbor Act and allowing AT&T protection under the FAA, when plaintiff clearly provided this honorable Court  with "Unequivocal case-law that circumvents the Safe Harbor Act and circumvents the FAA, based on  both defendants deficient contractual language, and have failed to provide legal finding of fact and equivocal case-law pursuant to pursuant to rule 42(b), have Judicially discriminated against plaintiff by taking and invading his legally claimed rights pursuant to 42 U.S.C. §12132, where the Courts rulings have excluded plaintiff from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity, in a legal proceeding; furthermore Judge Yeakel has taken plaintiffs 5TH amendment equal protections rights by failing to mandate AT&T/Yahoo to disclose explicit contractual language  pursuant to Rule 26 in this legal proceeding that shows plaintiff knowingly and willfully waived his statutory and constitutional rights; and

9.  Plaintiff contends Judge Yeakel's  Doc. # 84, actions are  beyond his statutory powers and has invaded and taken plaintiff's recognized claimed legal rights pursuant to his 5TH amendment rights to equal protection of the law, specifically, Judge Yeakel's and Magistrate Lanes  rulings Doc. # 73 and # 84, have repeatedly and  Judicially supported both AT&T/Yahoo deficient contractual language through these proceedings, where Judge Yeakel

failed to mandate  AT&T and Yahoo to abide by rule 26 duty to disclose, specifically contractual language that clearly shows plaintiff knowingly waived his leally claimed rights in both defendants adhesion contracts to knowingly waive his statutory and constitutional rights,( Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions); and

10. Plaintiff contends Judge Yeakel Doc. # 84, order/ruling actions are  beyond his statutory powers and have invaded plaintiff's recognized claimed legal rights pursuant to his 5TH amendment rights to equal protections of the law, with no legal bases for his actions, where Judge Yeakel dismiss plaintiff's claims against Yahoo with prejudice in Doc. # 84, and Judge Yeakel acted beyond his statutory authority pursuant to rule 12(b)(1), where Judge Yeakel's lack of his delegated power, when Judge Yeakel dismissed Yahoo in this cause of action pursuant to Docket # 48; and

11. Plaintiff contends Judge Yeakel's  Doc. # 84, ruling and actions are  beyond his statutory powers and has invaded and taken plaintiff's recognized claimed legal rights pursuant to his 5TH  amendment rights to equal protection of the law, specifically, Judge Yeakel's and Magistrate Lanes  rulings Doc. # 73 and # 84, has taken plaintiff recognized claimed Stare Decisis case-law rights, where plaintiff's provident Stare Decisis case-law that proves Yahoo contract language does not meet the minimum requirements for plaintiff to waive his statutory and constitutional recognized rights, Yahoo cannot claim safe Harbor act protection and AT&T cannot claim FAA protection where does not FAA supersede plaintiff's claims, unless AT&T contractual language  meets the minimum requirements for plaintiff to knowingly waive his constitutional and statutory rights; and

12. Plaintiff contends Judge Yeakel and magistrate Lanes doc. # 73 and # 84, order actions are beyond his statutory powers and have invaded plaintiff's recognized claimed legal rights under his 5TH amendment rights to equal protection of the law, with no legal bases for his actions and has no legal authority to dismiss the case against Yahoo with prejudice pursuant to rule 12(3), when Yeakel dismissed Yahoo in this cause of action pursuant to Docket # 48; any action by Judge Yeakel after his Doc. # 48, Judge Yeakel does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1331; and

13. Plaintiff contends Judge Yeakel and magistrate Lanes doc. # 73 and # 84, order  actions are beyond his statutory powers and have invaded plaintiff's recognized claimed legal rights under his 5TH amendment rights to equal protection of the law taken plaintiff's recognized claimed legal rights pursuant the safe harbor act clause, by publicly misusing this federal statute, by failing to show the Yahoo contractual language, adhesion contract meets the minimum requirements for plaintiff to knowingly waive his federal statutory and constitutional claimed rights; and

14.  Plaintiff contends Yahoo Inc., actions are beyond their statutory powers and have invaded and taken plaintiff's 5TH amendment right to equal protections of the law, by private misused of the safe harbor act clause U.S.  § 2701(c)(1), by failing to provide explicit contractual language in their adhesion contract that clearly shows plaintiff willfully and knowingly waived his statutory and constitutional claimed rights, and this honorable court has been complacent and willful in supporting Yahoo illegal misuse of this federal statue; and

15. Plaintiff contends Judge Yeakel and magistrate Lanes doc. # 73 and # 84, order, actions are beyond his statutory powers and  have invaded plaintiff's recognized claimed legal rights under his 5TH  amendment rights to equal protection of the law, with no legal bases for his actions, by public misuse of federal FAA statue , by failing to provide or mandate AT&T to provide explicit contractual  language that shows plaintiff willfully and knowingly waived his statutory and constitutional rights, Judge Yeakel failing to provide this explicit evidence is publicly misusing FAA statue, denying plaintiff due process of law.

16. Plaintiff contends AT&T actions are  beyond their statutory powers and have taken and invaded plaintiff 5TH amendment rights to equal protections of the law, where plaintiff has a recognized FAA claimed rights, where AT&T has failed to provide explicit contractual language in their adhesion contract that clearly shows plaintiff willfully and knowingly waived his statutory and constitutional claimed rights, and this honorable court has been complacent and willful in supporting AT&T illegal misuse of this federal statue, through economic protectionism.

## VII.   INVASION OF PLAINTIFF'S RECOGNIZED ECPA E-MAIL DATA CONTENT PRIVACY RIGHTS

Plaintiff contends Judge Yeakel doc. # 84; order, actions are  beyond his statutory powers and have invaded plaintiffs recognized claimed legal rights, specifically ECPA 18 U.S. §2701, where this court failed in its duties to question AT&T and Yahoo's deficient contractual language, that must be ruled out before this court can claim the Safe Harbor Act for AT&T/Yahoo, where this Court has failed to prove through "findings" Rule 41(b), against plaintiff's claims that the Yahoo/AT&T's contractual languages does not meet the minimum requirements for plaintiff knowingly waiving his statutory and constitutional rights, and Judge Yeakel has taken plaintiff's ECPA statutory claimed rights and plaintiff's recognized claimed privacy rights of plaintiff's e-mail data content.

## VIII.   INVASION OF PLAINTIFF'S RECOGNIZED FEDERAL ECA  STATUTORY RIGHTS TO HIS E-MAIL DATA CONTENT PRIVACY RIGHTS

Plaintiff contends Judge Yeakel doc. # 84, order actions are  beyond his statutory powers and have invaded and taken plaintiff's recognized claimed legal rights pursuant to specifically 18 U.S. Code § 2511, where this court failed in its duties to question AT&T and Yahoo's deficient contractual language, (( violated plaintiff claimed rights pursuant to 18 U.S. § 2511 18 U.S. § 2511(2)(a)(i)), that must be ruled out before this court can claim the Safe Harbor Act and FAA for AT&T/Yahoo, where this Court has failed to prove through "findings" Rule 41(b), against plaintiff's claims that the Yahoo/AT&T's contractual languages does meet the minimum requirements for plaintiff knowingly waiving his statutory and constitutional rights, and Judge Yeakel has taken plaintiff's ECA statutory claimed rights and plaintiff's recognized claimed privacy rights of plaintiff's e-mail data content, with no legal bases for his actions based on unsubstantiated Stare Decisis case-law.

## IX.    INVASION OF PLAINTIFF'S RECOGNIZED FEDERAL RIGHTS 28 U.S. C. § 332

Plaintiff contends pursuant to subsection 28 U.S.C.A. § 332(d)(1), Judge Yeakel and Magistrate lane have invade plaintiff's rights, by failing to comply with this statue by failing to make all necessary and appropriate legal orders for the effective and expeditious administration of justice within its circuit; where  Judge Yeakel Doc. # 84, order/ruling has no legal bases for his actions  based on unsubstantiated Stare Decisis case-law and unsubstantiated proof by Yahoo/AT&T's contractual languages that does not meet the requirements for plaintiff knowingly waiving his statutory and constitutional rights, and Judge Yeakel has taken plaintiff's claimed rights pursuant to 28 U.S. C.§ 332, and pursuant to§ 332, allows for  action taken to remedy judicial misconduct, which is within the Judicial Council's authority. See In re Mc Bryde, 117 F.3d 208, 227 (5th Cir.1997) (stating, "it is not unreasonable to view § 332 as empowering a council to remedy judicial misconduct.").

Furthermore, the Ninth Circuit Judicial Council invoked its power under § 332(d)(1) and adopted the Procedures for Processing Complaints of Judicial Misconduct. See In re Charge of Judicial Misconduct, 593. F. 2d 879. (9th Cir.1979). The Ninth Circuit observed that these rules were "designed to provide an administrative remedy for misconduct of a judge for which no judicial remedy was available.

Plaintiff is submitting this complaint in the hopes and prayers that this Honorable Court would provide plaintiff the process he is due, before plaintiff would seek a claim to the Administrative counsel that requires that the Courts be given a chance to discover and correct its own errors.

## X.    INVASION OF PLAINTIFF'S RECOGNIZED FEDERAL STATUTORY RIGHT PURSUANT TO 42 U.S.C. §12132

Plaintiff contends he is a recognized disabled plaintiff, where Judge Yeakel doc. # 84, order/ruling has invaded plaintiff's recognized claimed legal rights with no legal bases for his actions and have shown Judicial Discrimination based on unsubstantiated Stare Decisis case-law and unsubstantiated proof by Yahoo/AT&T's deficient contractual language that does not meet the requirements for plaintiff knowingly waiving his statutory and constitutional rights, where Judge Yeakel's  actions have excluded plaintiff from participation in or be denied the benefits of

the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity, in a legal proceeding by invading plaintiff's legal rights pursuant to 42 U.S.C. §12132.

Judge Yeakel Doc. # 84, ruling/order has taken plaintiff's 5TH Amendment due process rights through economic protectionism, due process incorporates the principles of equal justice under the law, applicable to the federal government, and prohibits the Federal Government from engaging in discrimination that is "so unjustifiable as to be violative of due process;" Bolling v. Sharpe, 347 U.S. 497, 499, 74 S. Ct. 693, 98 L. Ed. 884 (1954); Lyng v. Castillo, 477 U.S. 635, 636 n. 2, 106 S. Ct. 2727, 91 L. Ed. 2d 527 (1986).

## XI.   INVASION OF PLAINTIFF'S RECOGNIZED FEDERAL RIGHTS PURSUANT TO RULE 26. DUTY TO DISCLOSE; GENERAL PROVISIONS GOVERNING DISCOVERY

Plaintiff's contends Honorable Judge Yeakel and AT&T and Yahoo have a legal duty to disclose pursuant to Rule 26 in the contractual language in their adhesion contract that explicitly states plaintiff is knowingly and willfully waiving his statutory and constitutional rights, before this Honorable court can dismiss plaintiff's claims, which it has done, Doc. # 84.

Honorable Judge Yeakel powers are limited by rule 26 statute and civil rules of federal procedures and his actions beyond those limitations are considered individual and not sovereign actions. Judge Yeakel Doc. # 84 and Magistrate Lanes Doc. # 73 have no legal bases for their actions and are not doing the business which the sovereign has empowered them to do or they are doing it in a way which the sovereign has forbidden, by not apply the minimum standards for an effective waiver of plaintiff's statutory and constitutional right based on rule 26; where Judge Yeakel's actions are ultra vires of his authority and therefore plaintiff may be the object of specific relief", Taylor v. U.S: United States Court of Appeals, Fifth Circuit .September 16, 2008. 292. Fed. Appx. 383.

Plaintiff is seeking of this court to compel Judge Yeakel to act in a fair and full due process hearing and court orders, or to provide a ruling base on either federal statutory law or federal case-law that is in direct opposition to plaintiff's Supreme Courts case-law and other court case-laws that provides minimum requirements for an effective waiver of a statutory and

constitutional right.  Larson v. Domestic & Foreign Corp., supra, 337 U.S. at 704, 69 S. Ct. at 1468, 93 L. Ed. 1628; Ex parte New York, 256 U.S. 490, 502, 41 S. Ct. 588, 591, 65 L. Ed. 1057 (1921)".

Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.

## XII.   INVASION OF PLAINTIFF'S RECOGNIZED VINDICATION OF A FEDERAL STATUTORY RIGHT  AND STARE DECISIS RIGHTS PURSUANT TO SUPREME COURT CASE LAW

Plaintiff contends Judge Yeakel doc. # 84, order/ruling actions are  beyond his statutory powers and  have invaded plaintiff's recognized claimed legal rights with no legal bases for his actions based on plaintiff's claims for questions of ECPA and ECA statutory rights violations plaintiff has proven the AT&T arbitration contract does not overrule plaintiff's claims that AT&T has privately misused the FAA, by failing to provide plaintiff with contractual language showing plaintiff willfully and knowingly waived his statutory and constitutional rights.

Judge Yeakel's and Magistrates Lanes Doc. # 73 and Doc. # 84, claims of no jurisdiction over AT&T, when plaintiff has proven statutory violations by AT&T, and proven exception allows courts to invalidate arbitration agreements that prevent effective vindication of a federal statutory right, finds its origin in the desire to prevent prospective waiver of a party's right to pursue statutory remedies, the courts have denied plaintiff his legal right to peruse statutory remedies, And these Judge Yeakel and Magistrate Lane may be said to act ultra vires by failing to abide by Supreme Court rules that would have provided plaintiff his statutory relief, when Judge Yeakel and magistrate Lane  acted without any authority whatever." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101 n. 11, 104 S. Ct. 900. 79. L. Ed. 2d. 67. American Exp. Co. v. Italian Colors Restaurant Eyeglasses: Supreme Court of the United States. June 20, 2013. 133. S. Ct. 2304. 186. L. Ed. 2d. 417.

Judge Yeakel unconstitutionally dismissed plaintiff's claims against Yahoo with prejudice and dismissing plaintiff's claims against AT&T based on arbitration agreement without considering plaintiff's statutory claims that are a question of law not for an arbiter and the actions of  judge Yeakel in Doc # 84 and magistrate Lanes Doc. # 73 , should be considered Ultra Vares and constitutionally void, by unconstitutionally invading and taking plaintiff's

Supreme Court Stare Decisis case-law property rights and their actions should be considered constitutionally void;  (be it holding, taking or otherwise legally affecting the plaintiff's property) can be regarded as so 'illegal' as to permit a suit for a specific relief against the officer as an individual only if it is not within the officer's statutory powers or, if within those powers, only if the powers, or their exercise in the particular case, are constitutionally void.' Id, at 701-702, 69 S. Ct. at 1467, 93 L. Ed. 1628. Dugan v. Rank, Supreme Court of the United States. April 15, 1963. 372. U.S. 609. 83. S. Ct. 999. 10.  L .Ed. 2d 15.

## XIII.    INVASION OF PLAINTIFF'S RECOGNIZED FEDERAL RIGHTS PURSUANT TO RULE 12(b)(1) LACK OF SUBJECT MATTER JURISDICTION

Plaintiff contends Judge Yeakel doc. # 84, order/ruling actions are beyond his statutory powers and have invaded plaintiff's recognized claimed legal rights with no legal bases for his actions, where Judge Yeakel dismiss plaintiff's claims against Yahoo with prejudice in Doc. # 84, and Judge Yeakel acted beyond his statutory authority pursuant to rule 12(b)(1), where Judge Yeakel's  lack of his delegated power, by dismissing Yahoo in this cause of action pursuant to Docket # 48, which stated due to plaintiff's clerical error Yahoo was terminated from this case; a clear invasion and taking of plaintiff's Due process and Procedural due process rights and judge Yeakel dismissing Yahoo as a defendant and then later making a federal court ruling to dismiss the case against Yahoo with prejudice  have further invaded plaintiffs recognized legal rights pursuant to his  5TH amendment rights to equal protections of federal law.

Plaintiff believes this is not "plain error, and is a clear pattern of economic protectionism where Judge Yeakel may be said to act ultra vires when he acts without any authority whatever, because he had no legal authority pursuant to rule 12 (b)(1), by dismissing Yahoo, which removed Judge Yeakel's jurisdiction pursuant to 28 U.S.C. § 1331;" Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101 n. 11, 104 S. Ct. 900, 79 L.Ed.2d 67.

Judge Yeakel has gone beyond his constitutional authority; where Judge Yeakel dismissed Yahoo INC, as a party in Doc. # 48, and based on this action by Judge Yeakel he has no jurisdiction; there can be no discretion, for discretion is incident to jurisdiction, "Piper v. Pearson, 2 Gray 120, cited in Bradley v. Fisher, 13. Wall. 335. 20. L. Ed. 646. (1872).

## XIV.   INVASION OF PLAINTIFF'S RECOGNIZED FEDERAL SUPREME COURT, APPELLATE COURT AND DISTRICT COURT CASE-LAW RIGHTS

Plaintiff contends Judge Yeakel doc. # 84, order/actions are  beyond his statutory powers and have invaded plaintiff's recognized claimed legal rights with no legal bases for his actions based on unsubstantiated Stare Decisis case-law and unsubstantiated proof by Yahoo/AT&T's contractual languages that does not meet the requirements for plaintiff knowingly waiving his statutory and constitutional rights, and Judge Yeakel has taken plaintiff's claimed rights pursuant to Stare Decisis federal case-law, Appellate court case-law and district court case-law in plaintiff's reconsideration motion in Doc. # 77, where judge Yeakel's ruling Doc. # 84, failed to provide satisfactory findings which are a requirement, before making a dismissal pursuant to Rule  41. Dismissal of Actions Subdivision (b); Young v. United States (C.C.A.9th, 1940) 111 F.(2d) 823; Gary Theatre Co. v. Columbia Pictures Corporation (C.C.A.7th, 1941) 120 F.(2d) 891; Bach v. Friden Calculating Machine Co., Inc. (C.C.A.6th, 1945) 148 F.(2d) 407. Cf. Mateas v. Fred Harvey, a Corporation (C.C.A.9th, 1945) 146 F.(2d) 989. Judge Yeakel's actions are ultra vires of his authority and therefore plaintiff may be the object of specific relief", Taylor v. U.S: United States Court of Appeals, Fifth Circuit .September 16, 2008. 292.  Fed. Appx. 383.

## XV.   INVASION OF PLAINTIFF'S RECOGNIZED FEDERAL  STATUTORY RIGHTS PURSUANT TO  28 U.S.C. § 1331 AND  455(A), AND RULE 12(3) LACK OF SUBJECT-MATTER JURISDICTION

Plaintiff's contends Judge Yeakel and Magistrate Lane ruling in Doc. # 73 and 84, have shown their conduct to impartial to plaintiff recognized legal rights, and, whenever a judge's partiality might reasonably be questioned, recusal is required under § 455(a), irrespective whether the circumstance is covered by § 455(b). Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860 n. 8, 108 S. Ct. 2194, 100 L.Ed.2d 855 (1988).

Plaintiff contends Judge Yeakel and magistrate Lanes doc. # 73 and # 84, order/ actions are  beyond his statutory powers and have invaded plaintiff's recognized claimed legal rights with no legal bases for his actions and has no legal authority to dismiss the case against Yahoo with prejudice pursuant to rule 12(3), when Yeakel dismissed Yahoo in this cause of action

pursuant to Docket # 48; any action by Judge Yeakel after his Doc. # 48, Judge Yeakel does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

Plaintiff believes judge Yeakel has gone beyond his abuses his discretion when he has no legal authority pursuant to 28 U.S.C. § 1331, when Judge Yeakel dismiss plaintiff's cause of action based on Doc. # 48, and plaintiff harbors legitimate doubts about judge Yeakel's impartiality." United States v. Bremers, 195 F.3d 221, 226 (5th Cir.1999). Requests for recusal raised for the first time on appeal are generally rejected as untimely. United States v. Sanford, 157 F.3d 987, 988–89 (5th Cir.1998).

Plaintiff would humbly submit to this honorable court he does not want to seek recusal action or any negative action against Judge Yeakel or Magistrate Lane, plaintiff is only seeking his legally recognized statutory and constitutional rights to a trial by jury to determine the Yahoo/AT&T adhesion contract meets the minimum standard of an effective waiver of plaintiff's constitutional and statutory rights recognized claimed rights.

## XVI.   INVASION OF PLAINTIFF'S RECOGNIZED FEDERAL STATUTORY RIGHTS PURSUANT TO RULE 41. DISMISSAL OF ACTIONS SUBDIVISION (B), WHERE THIS COURT FAILED TO  QUESTION THE  CREDIBILITY OF YAHOO INC. WHOSE  OWN STATEMENTS IN DOCKET # 30 WHERE OUTRIGHT LIES AND PRESENT QUESTIONS OF YAHOO CREDIBILITY THE COURT FAILED TO QUESTION OR CONSIDER

Plaintiff further contends Judge Yeakel doc. # 84; order/ actions are  beyond his statutory powers and  have invaded plaintiffs recognized claimed legal rights with no legal bases for his actions when Yeakel dismissed Yahoo in this cause of action pursuant to Docket # 48, where Judge Yeakel failed in his legal duty at the beginning of this cause of action by failing to view any legal argument by Yahoo with reservation   and misgivings based on Doc. # 30, where Yahoo, explicitly stated in reference to Doc. # 18 " Again based on a diligent search upon doc. # 18, it appears that someone with the last name Perez accepted delivery , Doc. # 18 at 3, after a diligent search neither Defendant Mayer's nor defendant Yahoo have any recoding of having such a delivery"; this is an outright "lie" by Yahoo and this honorable Court should have viewed any legal argument and Yahoo claims in their adhesion contract must be viewed a suspect,

because Yahoo responded to plaintiff's cause of action and could not have responded if Yahoo did not receive said summons, Yet Judge Yeakel has sided with Yahoo throughout these legal proceeding and plaintiff harbors legitimate doubts about that judge Yeakel's impartiality." United States v. Bremers, 195 F.3d 221, 226 (5th Cir.1999). Requests for recusal raised for the first time on appeal are generally rejected as untimely. United States v. Sanford, 157 F.3d 987, 988–89 (5th Cir.1998).

**XVII.   INVASION OF PLAINTIFF'S RECOGNIZED FEDERAL SAFE HARBOR ACT RIGHT, BY PUBLIC MISUSE OF FEDERAL SAFE HARBOR ACT STATUTE BY JUDGE YEAKEL AND MAGISTRATE LANE**

Plaintiff contends Judge Yeakel's Doc. # 84 and Magistrate Lanes Doc. # 73 actions are beyond his statutory powers and  has invaded and taken plaintiff's recognized claimed legal rights pursuant the safe harbor act clause, by publicly misusing this federal statute, in support of Yahoo, when thee judicial officials have failed to provide explicit contractual language in the Yahoo adhesion contract that shows plaintiff's has willfully and knowingly waived his statutory and constitutional rights.

**XVIII.   INVASION OF PLAINTIFF'S RECOGNIZED FEDERAL SAFE HARBOR ACT RIGHTS, BY PRIAVTE MISUSE OF THE SAFE HARBOR ACT BY YAHOO INC.**

Plaintiff contends Yahoo Inc., actions are beyond their statutory powers and have taken and invaded plaintiff's recognized and claimed safe harbor act  rights, by privately misusing the Safe Harbor act U.S.  § 2701(c)(1), by failing to provide explicit contractual language in their adhesion contract that clearly shows plaintiff willfully and knowingly waived his statutory and constitutional claimed rights, and this honorable court has been complacent and willful in supporting Yahoo illegal misuse of this federal statue.

**XIX.   INVASION OF PLAINTIFF'S RECOGNIZED FEDERAL FAA RECOGNIZED RIGHTS, BY PUBLIC MISUSE OF THE FEDERAL FAA STATUTE BY JUDGE YEAKEL AND MAGISTRATE LANE**

Plaintiff contends Judge Yeakel's doc. # 83 and magistrate Lanes Doc. # 73, actions are beyond his statutory powers and have taken and invaded plaintiff's recognized FAA claimed rights, by failing to mandate AT&T to provide explicit contractual language in their adhesion contract that clearly shows plaintiff willfully and knowingly waived his statutory and constitutional claimed rights, and this honorable court has publicly misused the FAA in illegal support of AT&T's rights over plaintiff's claimed FAA rights.

## XX.     INVASION OF PLAINTIFF'S RECOGNIZED FEDERAL FAA RIGHTS BY PRIVATE MISUSE OF THE FAA BY AT&T

Plaintiff contends AT&T actions are beyond their statutory powers and have taken and invaded plaintiff's recognized FAA claimed rights, by failing to provide explicit contractual language in their adhesion contract that clearly shows plaintiff willfully and knowingly waived his statutory and constitutional claimed rights, and this honorable court has been complacent and willful in supporting AT&T illegal misuse of this federal statue.

## XXI.    INVASION OF PLAINTIFF'S RECOGNIZED FEDERAL  CIVIL RIGHTS ACT 1964, THROUGH JUDICIAL DISCRIMINATION IN A CIVIL ACTION PURSUANT TO TITLE III RULE 7

Plaintiff contends Judge Yeakel doc. # 84; order/ actions are beyond his statutory powers and have invaded plaintiffs recognized claimed legal rights with no legal bases for his actions, and has taken plaintiff's statutory rights pursuant to federal rules of civil procedures and invade/taken plaintiff's statutory rights pursuant to ECPA and ECA, where the courts have stated, passage of federal statute providing that every person who, under color of any state statute, ordinance, custom, etc., deprives any citizen of the United States of his constitutional rights is liable to party injured was to afford a federal right in federal courts where, because of passion, prejudice, neglect, intolerance or otherwise, state laws might not be enforced and claim of citizen to enjoyment of rights, privileges, and immunity guaranteed by Fifth amendment equal protection clause and Fourteenth Amendment might be denied by state agencies Monroe v. Pape Eyeglasses: Supreme Court of the United States. February 20, 1961. 365. U.S. 167. 81. S. Ct. 473. 5. L.Ed.2d 492.

Judge Yeakel actions are beyond his statutory powers and have violated plaintiff's civil rights in this cause of action through judicial discrimination by not providing a findings of evidence to prove AT&T/Yahoo's contractual language meets the minimum requirements for plaintiff to knowingly waive his constitutional and statutory rights, where Judge Yeakel's actions are ultra vires of his authority and therefore plaintiff may be the object of specific relief", Taylor v. U.S: United States Court of Appeals, Fifth Circuit .September 16, 2008. 292. Fed. Appx. 383. Young v. United States (C.C.A.9th, 1940) 111 F.(2d) 823; Gary Theatre Co. v. Columbia Pictures Corporation (C.C.A.7th, 1941) 120 F.(2d) 891; Bach v. Friden Calculating Machine Co., Inc. (C.C.A.6th, 1945) 148 F.(2d) 407. Cf. Mateas v. Fred Harvey, a Corporation (C.C.A.9th, 1945) 146 F.(2d) 989.

## XXII.   INVASION OF PLAINTIFF'S RECOGNIZED FEDERAL RIGHTS PURSUANT TO JUDICIAL CANONS 1 AND 2 AND CANON 3(A)(4)

Plaintiff contends Judge Yeakel doc. # 84; order/ actions are beyond his statutory powers and have invaded plaintiffs recognized claimed legal rights with no legal bases for his actions, and has invade and taken plaintiff's right pursuant to Canon 1; where Judge Yeakel failed to apply federal statutory and constitutional law to plaintiff recognized rights in this cause of action by not being consistent with constitutional requirements, statutes, and other court rules and decisional law, and in the context of all relevant circumstances.

Plaintiff contends Judge Yeakel doc. # 84; order/ actions are beyond his statutory powers and have invaded plaintiffs recognized claimed legal rights with no legal bases for his actions, and has invade and taken plaintiff's right pursuant to Canon 2: Where Judge Yeakel failed to Avoid Impropriety and the Appearance of Impropriety his rulings. Furthermore Judge Yeakel ruling has invaded plaintiffs recognized claimed legal rights with no legal bases for his actions, and invaded plaintiff legally recognized rights pursuant to Canon 2(A), by failing to Respect the Law. A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

Plaintiff contends Judge Yeakel doc. # 84; order/ actions are beyond his statutory powers and have invaded plaintiffs recognized claimed legal rights with no legal bases for his actions, and has invade and taken plaintiff's right pursuant to Canon 3(A)(4); where judge Yeakel's

ruling Doc. # 84, has failed to  accord to plaintiff  who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to law.

## XXIII.    INVASION OF PLAINTIFF'S RECOGNIZED FEDERAL RIGHTS PURSUANT TO RULE 3. APPEAL AS OF RIGHT

Plaintiff contends Judge Yeakel doc. # 84 and Magistrate Lanes Doc. # 73 rulings, actions are  beyond his statutory powers and have invade plaintiff's legal right to appeal this cause of action pursuant to rule 3, by invading plaintiff Due process and Procedural Due Process rights through their unconstitutional ruling; specifically, when plaintiff received this ruling, he immediately  called the lawyer referral service of central Texas512-472-8303, to hire an attorney on 3-9-2016, and was told by their agent they no attorney who would take case against a federal judge for his illegal rulings.

The lawyer referral service plaintiff to call the state bar lawyer referral service, 512-427-1463, which plaintiff did on 3-9-2016, and was told the same thing they had no lawyer who would take a case against federal judge's unconstitutional rulings.

Plaintiff has tried to assert his recognized constitutional rights, to an appeal and due these denials of recognized legal lawyer referral services agencies which are plaintiff's only options, he has been denied the benefits of services and judge Yeakel's is judicially discriminating against plaintiff when plaintiff's cause of action had merit.

Furthermore, Plaintiff has tried to assert his recognized constitutional rights to an appeal against Yahoo; But Judge Yeakel has illegally dismissed his cause of action against yahoo with prejudice, with no legal case-law or finding as to the prejudice plaintiff has caused Yahoo, and further invading plaintiff's recognized rights to full and fair due process proceedings, by not complying with his judiciary duties pursuant to  Rule 41: Dismissal of Actions Subdivision (b), where clear finding is required for a dismal of this cause of action.

## ECONOMIC PROTECTIONISM BY JUDGE YEAKEL DOC. # 84 AND MAGISTRATE LANES DOC. # 73 RULINGS VIOLATIONS OF COMMERCE CLAUSE

Plaintiff contends judge Yeakel Magistrate lane have discriminated against plaintiff's federal rights civil rights by claiming the safe harbor act for Yahoo and the FAA for AT&T in order to claim no jurisdiction over the defendants, without providing explicit evidence, that both defendants contractual language clearly states plaintiff's is willfully and knowingly waving his federal statutory and constitutional claimed rights; this court failing to provide "explicit findings" and then dismissing plaintiff's claims without explicit case-law, and failing to provide "findings, in their rulings are committing economic protections, by illegally applying the Safe harbor clause and the FAA when plaintiff's claims are statutory claims that are a question of law. These actions are clearly discriminatory towards plaintiff's statutory and constitutional claimed rights.

Judge Yeakel application of the safe harbor clause for yahoo and the FAA for AT&T is public misuse of federal statues through economic protectionism, where his rulings are empirical proof of this statute's discriminatory purpose or discriminatory effect which have lead a court to find that the statute constitutes economic protectionism in violation of the commerce clause. Minnesota v. Clover Leaf Creamery Co., 449 U.S. 456, 471 n. 15, 101 S. Ct. 715, 66 L.Ed.2d 659 (1981); Bacchus Imports, Ltd. v. Dias, 468 U.S. 263, 270, 104 S. Ct. 3049, 82 L.Ed.2d 200 (1984)"; see, [E]conomic protectionism for its own sake, regardless of its relation to the common good, cannot be said to be in furtherance of a legitimate governmental interest." St. Joseph Abbey v. Castille: United States Court of Appeals, Fifth Circuit. March 20, 2013. 712. F. 3d. 21.

Judge Yeakel and Magistrate Lane have discriminated against plaintiff's federal civil rights by claiming the safe harbor act for Yahoo and the FAA for AT&T, and failing to apply plaintiff's case-law rebuttals without any contrary "findings "or any findings to support the judges dismissals, have abused their discretion when their Doc. # 83 and Doc. # 73 have based their decision on an erroneous view of the law and their rulings are clearly erroneous assessment of the evidence." Kennedy v. Texas Utils., 179 F.3d 258, 265 (5th Cir.1999)". Hesling v. CSX Transp., Inc. United States Court of Appeals, Fifth Circuit. January 5, 2005. 396. F.3d 632. 60. Fed. R. Serv. 3d. 67.

Furthermore Judge Yeakel Doc. # 84 and Magistrate Lanes Doc. # 73, have made their decisions in a way that departs from plaintiff's case-law claims and the rules of law, by failing in their legal duties pursuant to plaintiff's Stare Decisis case-law, where Stare Decisis is the

doctrine according to which a judge in a current case treats decisions in past similar cases as authoritative precedents, and refuses to make the decision in a way that departs from such precedents, regarding all of them as correctly decided.

Plaintiff is seeking discretionary remands pursuant to § 1367.34, for erroneous dismissal of plaintiff's claims for AT&T and Yahoo, SEE; Kennedy v. Texas Utils, 179. F. 3d. 258. 265. (5th Cir.1999).

## FIRST CLAIM FOR CLAIMS FOR RELIEF

Plaintiff is demanding relief sought for Mandamus, because there is no other adequate remedies available to plaintiff and Mandamus be sought at the court of original jurisdiction pursuant to 28 U.S.C. §1361, to compel this Honorable Court to perform their duties to provide plaintiff with explicit legal finding and evidence, that the AT&T and Yahoo contractual language meets the minimum requirements for a legal waiver of plaintiff's constitutional and statutory rights.

## SECOND CLAIM SEEKING RELIEF SOUGHT

Plaintiff is seeking relief sought for declaratory relief, "specifically", for an impartial Judge to making rulings in the form of opinions (finding of facts and conclusions of law) establishes the constitutionality or lack of constitutionality of each and every claim (#17), plaintiff has made against Honorable Judge Yeakel and Honorable Magistrate Lane ruling in Doc. # 73 and # 84.

## THIRD CLAIM SEEKING RELIEF SOUGHT

Plaintiff is seeking relief sought for Injunctive relief, specifically", to command this Honorable Court to apply federal law, federal case-law, to plaintiff's legal arguments in a just and equitable manner; and to provide "explicit" finding for or against plaintiff based on plaintiff's claims that the defendants contractual language fails to meet the minimum requirements for plaintiff to legally waive plaintiffs statutory and constitutional rights.

## FOURTH CLAIM SEEKING RELIEF SOUGHT

Plaintiff is seeking relief sought for plaintiff's recognized legally protected Due process rights that where denied to plaintiff in Doc. # 73 and # 84, ruling failed to meet the "findings requirement", for a dismissal in accordance with Rule 41(b), pretrial dismiss where Judge Yeakel in deciding such a motion in a non-jury case has maliciously  pass on conflicts of evidence and credibility, and he has not  performs his function of evaluating the testimony based on plaintiff's federal case-law, and unconstitutionally  grants AT&T and Yahoo's  motions to dismiss, not based on the merits of this case and failing to apply  plaintiff's legal argument Supreme Court, Appellate Court and District Court case-law, by failing to provide any "legal case-law findings to counter plaintiff's claims", where findings are a mandatory requirement, SEE; Young v. United States (C.C.A.9th, 1940) 111 F.(2d) 823; Gary Theatre Co. v. Columbia Pictures Corporation (C.C.A.7th, 1941) 120 F.(2d) 891; Bach v. Friden Calculating Machine Co., Inc. (C.C.A.6th, 1945) 148 F.(2d) 407. Cf. Mateas v. Fred Harvey, a Corporation (C.C.A.9th, 1945) 146 F.(2d) 989.

## FIFTH CLAIM SEEKING RELIEF SOUGHT

Plaintiff is seeking relief sought for plaintiff's recognized legally protected Procedural Due process rights that where denied plaintiff in Doc. # 73 and #84, for this Honorable Court to provide plaintiff due process that  minimally requires a fair trial in a fair tribunal and "this applies to administrative agencies which adjudicate as well as to the  courts. Withrow v. Larkin, 421 U.S. 35, 46-47 (1975).

## SIXTH CLAIM SEEKING RELIEF SOUGHT

Plaintiff is seeking relief sought from this Honorable Courts unconstitutional actions in Doc. # 73 and # 84, where plaintiff believes this Honorable Court rulings has predetermined this matter, by denying plaintiff  his legally recognized constitutional rights to a fair and level review, and including a fair hearing on its Motion to Dismiss before an impartial Federal judge.

## SEVENTH CLAIM SEEKING RELIEF SOUGHT

Plaintiff is seeking relief sought from this Honorable Court to provide plaintiff the process he is due, that minimally requires a fair trial in a fair tribunal and fair interpretation of

federal case-law be granted to plaintiff and "this applies to administrative agencies which adjudicate as well as to the courts. Withrow v. Larkin, 421 U.S. 35, 46-47 (1975).

## EIGHTH CLAIM SEEKING RELIEF SOUGHT

Plaintiff is seeking discretionary remands pursuant to § 1367.34, for erroneous dismissal of plaintiff's claims against AT&T and Yahoo INC, SEE; Kennedy v. Texas Utils, 179. F. 3d. 258. 265. (5th Cir.1999).

## DEMAND FOR RELIEF SOUGHT

WHEREFORE Louis Rousset requests the following relief:

A. That the Court enters a declaratory judgment that;

 (1) Judge Yeakel's Doc. # 84, lacks statutory authority to dismiss plaintiff's claims by not providing legal case-law findings to support his actions for dismissals against AT&T and Yahoo; and

(2) Judge Yeakel's and Magistrates Lanes efforts to dismiss plaintiff's claims against AT&T and Yahoo are ultra vires and their dismissal of plaintiff's claims against AT&T/Yahoo are void based on plaintiff seeking court adjunction for questions of federal statutory laws that circumvent the FAA and Safe Harbor Act; and

(3) Judge Yeakel and Magistrate Lane violated plaintiff's due process rights by failing to provide constitutionally adequate  case-law and constitutionally adequate  discovery that explicitly shows AT&T/Yahoo contractual language, meets the minimum requirement for a legal waiver of plaintiff statutory and constitutional rights; and

(4). Judge Yeakel and Magistrate Lane committed Ultra Vares by unconstitutionally ruling in favor of AT&T and Yahoo  and exceeded their legal authority against plaintiff legal claimed rights to engage in constitutionally protected ECPA and ECA claimed rights, and

(5). that the Court enters preliminary and permanent injunctive relief to void federal court case-law In RE; Yahoo Inc. case-law and any other Yahoo case law that does not meet the minimum

requirements for Yahoo customers/plaintiff to knowingly waive his statutory and constitutional claimed rights in an adhesion contract; and

(6). Mandamus relief Rule 65 against the court actions in doc. # 73 and doc, # 84; Because Judge Yeakel has unlawfully neglects the performance of an act which the law specifically enjoins as a duty, and there is no other plain, speedy and adequate remedy in the ordinary course of law; and

(7). Quantum Meruit; against AT&T and Yahoo for being unjustly enriched by profiting through their illegal access to plaintiff's e-mail data content; and

(8). That the Court award Louis Rousset his litigation costs for Westlaw next, certified mail, paper ink, under the Equal Access to Justice Act and/or such other applicable law; and

(9). That the court make a finding of fact and conclusion of law based on section IV, where judge Yeakel and magistrate lane violated plaintiffs due process and procedural due process claims in section IV, specifically the 35, claims where the court's dismissal in doc. # 84 denied plaintiff the process he was due for each and every claim; and

(10). A finding of fact and conclusion of law Judge Yeakel Doc. # 83 has acted in violates of constitutional standards and Magistrate Lane Doc. # 73 has acted in violation of constitutional standards, as stated by plaintiff; and

(11). to provide plaintiff relief pursuant to §5.03 THE ADMINISTRATIVE PROCEDURE ACT; and

(11). Judge Yeakel's Doc. # 84, lacks statutory authority to dismiss plaintiff's claims committed Ultra Vares by not providing legal case-law findings to support his actions for dismissals against AT&T and Yahoo; and

(12). such other and further relief as this Court deems just and proper.

## PRAYER

Wherefore for the above reasons plaintiff's contends Judge Yeakel's' granting both the Defendant's Motion to Dismiss must be denied because this Honorable court has failed to comply with ECPA and ECA federal statutory requirements, federal Stare Decisis case-law and this Court has failed to provide plaintiff "finding", through concrete contractual language that explicitly provides plaintiff willfully and knowingly waived his statutory and constitutional claimed rights. All claims are adequately pled.


March 16, 2016                                        BY: _Louis Rousset_

                                                     Louis Rousset

                                                     Pro SE Counsel

                                                     11802 Hornsby St

                                                     Austin Texas 78753,

                                                     512-833-9360


TO:  District Court 501 W. Fifth ST. Suite 118 Austin Texas; Hand delivered to U.S. District Court 501 W. Fifth ST. Suite 118 Austin Texas 78701, on above date.

## CERTIFICATE OF SERVICE

I, Louis Rousset, hereby certify that on March 16, 2016 a true and correct copy of the foregoing "verified complaint", against the U.S. District Court Austin Division was served upon the U.S. District Court:


To:

U.S. District Court 501 W. Fifth ST. Suite 118 Austin Texas 78701

Hand delivered to U.S. District Court 501 W. Fifth ST. Suite 118 Austin Texas 78701

Louis Rousset PRO-SE Counsel


Plaintiff has not sent copies of this complaint to AT&T and Yahoo due to Judge Yeakel's dismissal against the defendants.